UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 23-cv-05607-BLF<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY**<br><br>[Re: ECF No. 36] |

Before the Court is Defendant American Airlines, Inc.'s motion to stay discovery pending the resolution of its motion to dismiss. ECF No. 36 ("Mot."). Plaintiffs Ana Maria Marcela Tavantzis and Jesus Plasencia oppose the motion. ECF No. 39 ("Opp."). American Airlines filed a reply in support of its motion. ECF No. 42 ("Reply"). The Court finds this motion suitable for disposition without oral argument and VACATES the hearing set for May 9, 2024. Civ. L.R. 7-1(b).

For the reasons stated below, the Court DENIES American Airlines' motion.

**I. LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of

"good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 352. Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602. Although not one of the two factors, courts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential "waste of resources." *Fields v. Roberts*, 2013 WL 5239934, at *1 (E.D. Cal. Sept. 16, 2013).

## II.   DISCUSSION

### A.   Potentially Dispositive of the Case

American Airlines argues that its pending motion to dismiss is case dispositive because it

seeks to dismiss the entire case on the grounds that Court does not have general personal jurisdiction or specific personal jurisdiction over American Airlines. Mot. at 4; *see also* ECF No. 31-1 ("MTD") at 5–12. American Airlines also argues that its motion is issue dispositive because it seeks to dismiss Count III of the first amended complaint, which alleges breach of contract claims under Texas law, for failure to state a claim. Mot. at 4. Plaintiffs argue that American Airlines has not met its burden to show that its motion to dismiss is potentially dispositive because the motion to dismiss is meritless. Opp. at 4–5. In reply, American Airlines argues that it its motion to dismiss need only be dispositive *if granted*. Reply at 2.

To the extent that American Airlines seems to imply that an assessment of whether a motion is "potentially dispositive" does not require looking into the merits of the motion, *see* Reply at 2, this implication is incorrect. Although the Court need not decide whether American Airlines will ultimately prevail on the motion, it must still take a "preliminary peek" at the merits to assess whether a stay is warranted. *See Tradebay*, 278 F.R.D. at 602. The Court has taken its "preliminary peek" and finds that American Airlines has not met its heavy burden of making a strong showing that a stay is warranted. The Court finds contested issues that prevent it from ruling at this time, before the motion is heard, that it is potentially dispositive of the entire case.

### B. Necessity of Discovery

American Airlines argues that the motion to dismiss can be decided without discovery. First, American Airlines argues that the Court can decide general personal jurisdiction by looking only to the first amended complaint, which concedes that American Airlines is a Delaware corporation with a principal place of business in Texas. Mot. at 5 (citing ECF No. 24 ¶ 14). Second, American Airlines argues that the Court's specific personal jurisdiction can be decided by looking to the first amended complaint and the exhibits attached to the complaint. *Id.* at 5–6. Third, American Airlines argues that the disposition of its argument for dismissal of Count III does not require discovery because it challenges the sufficiency of the allegations of the first amended complaint. *Id.* at 6. Plaintiffs respond that American Airlines' challenge to specific personal jurisdiction and Count III rely on a declaration and exhibits attached to American Airlines' motion to dismiss. Opp. at 5. Plaintiffs argue that this fact demonstrates that discovery

1  is necessary, and Plaintiffs have sought the deposition of the declarant.  *Id.* at 6.  In reply,
2  American Airlines argues that Plaintiffs have not disputed any of its evidence in support of its
3  motion to dismiss and have not identified any factual dispute about which discovery might be
4  sought.  Reply at 3–4.
5        Contrary to American Airlines' argument, its motion to dismiss relies on evidence outside
6  of the first amended complaint.  *See, e.g.*, ECF No. 31-1 at 22–31 (evidence attached to American
7  Airlines' motion to dismiss).  Although the Court agrees that it is appropriate to consider such
8  evidence in determination of jurisdictional issues, *Meirer v. Scandinavian Airlines Sys.*, No. 20-
9  CV-05762-JSW, 2021 WL 148240, at *1 (N.D. Cal. Jan. 15, 2021), American Airlines' reliance
10 on this evidence undermines its argument that the motion to dismiss can be decided without
11 discovery.  Moreover, American Airlines relies on distinguishable case law to support its
12 argument that additional discovery is unnecessary.  For example, it cites cases in which courts
13 found that motions to dismiss could be decided without discovery because the motions to dismiss
14 turned on the plausibility of the claims, rather than jurisdictional evidence.  *See, e.g.*, *Pereda v.*
15 *Gen. Motors LLC*, No. 21-CV-06338-JST, 2022 WL 19692037, at *2 (N.D. Cal. Mar. 15, 2022);
16 *Onuoha v. Facebook, Inc.*, No. 5:16-CV-06440-EJD, 2017 WL 11681325, at *1 (N.D. Cal. Apr. 7,
17 2017).  Similarly, although the court in *Orchid Biosciences* found a stay appropriate where the
18 motion to dismiss challenged the court's personal jurisdiction, that case considered a stay of non-
19 jurisdictional discovery.  *See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672
20 (S.D. Cal. 2001).  In this case, American Airlines' request for a stay is not so limited.
21       In light of these issues, the Court finds that American Airlines has not met its heavy burden
22 to make a strong showing that the motion to dismiss can be decided without discovery.
23     **C.**    **Other Considerations**
24       American Airlines also argues that a stay of discovery would conserve resources and
25 promote efficiency.  Mot. at 6–7.  American argues that, due to the nature of this case, discovery
26 would be costly and burdensome for all parties involved.  *Id.* at 7.  Plaintiffs respond that a stay of
27 discovery would prejudice them because a delay in discovery would hinder their ability to build
28 their case before witness recollections fade and to participate meaningfully in mediation.  Opp. at

6–7. Plaintiffs also argue that American Airlines overstates the amount of discovery necessary to litigate this case, which Plaintiffs characterize as a "straightforward personal injury action." *Id.* at 7. Finally, Plaintiffs argue that American Airlines has deliberately noticed its motion to dismiss for a hearing on a later date and "[s]low rolling the hearing . . . is not a legitimate basis to file a motion to stay." *Id.* at 8.

The Court observes that the discovery at issue in this case is far less burdensome than the discovery at issue in other cases in which courts have granted a stay. *See*, *e.g.*, *Pereda*, 2022 WL 19692037, at *2 (finding a stay would promote efficiency and conserve resources in a case with 72 plaintiffs from 34 different states representing millions of class members nationwide and a complaint that spanned 280 pages with multiple-state specific causes of action); *Kincheloe v. Am. Airlines, Inc.*, No. 21-CV-00515-BLF, 2021 WL 5847884, at *3 (N.D. Cal. Dec. 9, 2021) (finding that a stay would promote efficiency and conserve resources where potential discovery included "review of nearly 50,000 search hits and families—which American contends would take over 1,000 attorney hours to review"). This case is a personal injury action with two plaintiffs, concerning one event, and bringing three causes of action. Thus, the Court does not find that considerations of promoting efficiency and conserving resources are sufficient to justify a stay of discovery, especially where American Airlines has failed to meet its burden to establish both prongs of the test to determine whether a stay is appropriate.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant American Airlines, Inc.'s motion to stay discovery (ECF No. 36) is DENIED.

Dated: February 23, 2024

_____
BETH LABSON FREEMAN
United States District Judge