UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 23-cv-05607-BLF   (SVK)<br><br>**ORDER RE JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 46 |

Before the Court is the Parties' joint discovery submission ("Joint Submission") in which Plaintiffs seek to compel (1) Defendant to issue its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and (2) non-party Debra Shaffer, an employee of Defendant, to sit for a deposition. *See* Dkt. 46 (the "Joint Submission"). Defendant opposes providing this discovery on the terms requested by Plaintiffs and seeks to impose its own limitations on such discovery. The Court has determined that the dispute is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Joint Submission, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' requests.

**I.   DISCOVERY IN THIS ACTION IS NOT LIMITED TO THE ISSUES RAISED IN DEFENDANT'S PENDING MOTION TO DISMISS**

On January 16, 2024, Defendant filed a motion to dismiss. *See* Dkt. 31 (the "Motion to Dismiss"). The Motion to Dismiss is fully briefed and set for a June 2024 hearing before the Honorable Beth Labson Freeman. After filing the Motion to Dismiss, Defendant moved to stay discovery pending resolution of the Motion to Dismiss. *See* Dkt. 36 (the "Motion to Stay"). Judge Freeman denied the Motion to Stay without limiting discovery to only those issues raised in the Motion to Dismiss. *See* Dkt. 44. To the contrary, she explained

> that the discovery at issue in this case is far less burdensome than the discovery at issue in other cases in which courts have granted a stay. This case is a personal injury action with two plaintiffs, concerning one event, and bringing three causes of action. Thus, the Court does not find that considerations of promoting efficiency and conserving resources are sufficient to justify a stay of discovery . . . .

*Id*. at 5 (citations omitted).

Yet, in the Joint Submission, Defendant seems to suggest that discovery <u>is</u> limited. *See* Joint Submission at 5 ("[Defendant] will serve its initial disclosures . . . subject to its pending Motion to Dismiss."), 7 ("[Defendant] will serve its initial disclosures . . . and present Mrs. Shaffer for deposition . . . subject to [Defendant's] pending Motion to Dismiss."). As explained above, Judge Freeman has already determined otherwise. Thus, the Court admonishes Defendant that it shall <u>not limit</u> its initial disclosures or the deposition of Ms. Shaffer to only those issues raised in the Motion to Dismiss.

## II. TIMING AND LOCATION OF REQUESTED DISCOVERY

**Initial Disclosures.** In the Joint Submission, Defendant commits to serving its initial disclosures by March 22, 2024. *See* Joint Submission at 5. The Court adopts this deadline. Defendant shall serve its initial disclosures upon Plaintiffs by **March 22, 2024**.

**Shaffer Deposition.** In the Joint Submission, the Parties acknowledge that they have engaged in a great deal of back and forth in attempting to set the scope and location of Ms. Shaffer's deposition. Both sides offer to conduct the deposition in Fort Worth, Texas. *See id.* at 4, 7. But they disagree about whether Ms. Shaffer should testify in her individual capacity or as a Rule 30(b)(6) corporate representative. In light of the Parties' representations in the Joint Submission and the declaration submitted by Ms. Shaffer in connection with the Motion to Dismiss (Dkt. 31-1, Ex. A), the Court **ORDERS** as follows:

- Ms. Shaffer shall sit for a deposition in Fort Worth, Texas, and testify in her individual capacity (and not as a Rule 30(b)(6) corporate representative).
- Plaintiffs need not serve a subpoena or tender fees in connection with the deposition as contemplated by Rule 45; the Court finds that Defendant has agreed to produce Ms.

2

Shaffer for a deposition without imposing such requirements. *See* Joint Submission at 7 (Defendant offering to present Ms. Shaffer for a deposition as a compromise proposal).

- The Parties shall meet and confer regarding the date of the deposition, which must occur by **May 15, 2024**. The Parties may mutually agree to an extension of this deadline without leave of court.
- Plaintiffs' request that the Court "retain exclusive jurisdiction over the deposition" (*see id.* at 4) is premature and, as such, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: March 15, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge