UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.  23-cv-05607-BLF   (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 78 |

The Parties present the Court with a relatively workaday discovery dispute—a request to compel further discovery from Defendant American Airlines, Inc. ("AA")—with an added twist: the Transportation Security Administration (the "TSA"). *See* Dkt. 78 (the "Joint Letter"). Specifically, Plaintiffs seek to compel AA to provide further responses and documents in connection with three discovery requests:

- **Interrogatory 3.** A request for AA to "[i]dentify and describe" its internal policies and procedures for handling passengers' medical complications that arise while on one of AA's aircraft. *See id.* at 1.

- **Request For Production ("RFP") 19.** A request for AA to produce its policies and procedures concerning passengers' medical complications that arise "at any time before, during, or after a flight," including those documents identified in response to Interrogatory 3. *See id.*

- **RFP 27.** A broad request for "[a]ny document" used by AA in responding to Plaintiffs' first five interrogatories. *See id.*

In response to these requests, AA disclosed that it possesses two responsive documents but insists that it cannot produce them without approval from the TSA. It points to federal regulations

restricting the disclosure of "Sensitive Security Information" ("SSI"), arguing that until the TSA determines in the first instance whether the responsive documents consistute SSI, AA's hands remain tied, lest it disclose potential SSI to Plaintiffs in violation of the regulations.  *See* 49 C.F.R. § 1520.1 *et seq.*

The regulations broadly define SSI as "information obtained or developed in the conduct of security activities, . . . the disclosure of which TSA has determined would" violate privacy, reveal trade secrets or other confidential information or "[b]e detrimental to the security of transportation."  *See id.* § 1520.5(a).  They go on to enumerate 15 categories of particularly described SSI (*see id.* §§ 1520.5(b)(1)-(15)) and one catch-all category for any other information "that TSA determines is SSI" under 49 U.S.C. Section 114(r) (*see id.* § 1520.5(b)(16)).[1]  Relying on this catch-all category, AA reached out to the TSA for a determination of whether the documents in question constitue SSI.[2]  That process remains pending, and until it concludes, AA refuses to produce the documents.

AA cannot resist discovery on this basis.  While the Court respects the SSI regime and the disclosure restrictions it imposes on AA, the regulations do not create an impenetrable privilege that AA may unilaterally invoke with <u>zero evidentiary support</u> for its potential application.  AA provides barely any description of the documents in question and offers no explanation as to why it believes those documents may contain SSI.  Were such bare efforts sufficient, AA and all other entities subject to the SSI restrictions could invoke the catch-all category—and the plodding bureaucracy that comes with it—to grind civil litigation to a halt.  AA offers no legal authority

---

[1] The catch-all category actually refers to 49 U.S.C. Section 114(*s*) and not Section 114(*r*).  That appears to be error.  Congress amended the statute in 2007, resulting in recodification of former Section 114(s) at Section 114(r).  *See* Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 1844, 2092 (2007).  The TSA promulgated the catch-all category prior to that amendment, and its language currently remains the same as it did at the time of promulgation, including its reference to Section 114(s).  *Compare* Protection of Sensitive Security Information, 69 Fed. Reg. 28066, 28084 (May 18, 2004), *with* 49 C.F.R. § 1520.5(b)(16).  The language of the statute confirms the error; Section 114(r) empowers the TSA to prescribe regulations concerning the disclosure of SSI, while Section 114(s) concerns entirely different subject matter.

[2] AA implicitly concedes that none of the other enumerated categories of SSI applies.  *See* Joint Letter at 5.

United States District Court
Northern District of California

(beyond its interpretation of the regulations) to support that result, and the Court will not sanction it. Indeed, Congress foreclosed application of the SSI regime to information not properly within its scope:

> Nothing in this subsection, or any other provision of law, shall be construed to authorize the designation of information as sensitive security information (as defined in section 1520.5 of title 49, Code of Federal Regulations) . . . <u>to prevent or delay the release of information that does not require protection in the interest of transportation security</u> . . . .

49 U.S.C. § 114(r)(4) (emphasis added).

In light of such limited applicability, the Court will require AA to provide evidentiary support for its position that the documents in question potentially contain SSI. *See, e.g.*, *UPS Co. v. DNJ Logistic Grp., Inc.*, No. 16-cv-00609, 2018 WL 3199475, at *16 (W.D. Ky. Apr. 16, 2018) ("To the extent that the TSA-related documents may partially contain SSI, or sensitive security information, under 49 C.F.R. §§ 15 and 1520, an appropriate privilege log along with the careful redaction of such putative SSI from the documents produced by DNJ will more than adequately address any concerns . . . ."); *Slaven v. Spirit Airlines*, No. 08-cv-10705-ADT, 2009 WL 10713213, at *2-4 (E.D. Mich. July 7, 2009) (court conducted *in camera* review of documents before agreeing that they contained SSI and accordingly directed defendants to initiate administrative process with TSA concerning disclosure of documents).

The foregoing discussion of the SSI regime implicates primarily Interrogatory 3 and RFP 19. RFP 27 bears further discussion. Plaintiffs seek the production of AA's communications with the TSA concerning this action through that broad RFP. But they do not explain the relevance of those communications to the claims or defenses in this action. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). Further, "[d]iscovery into another party's discovery process is disfavored." *Ashcraft v. Experian Info. Sols., Inc.*, No. 16-cv-02978-JAD, 2018 WL 6171772, at *2 n.2 (D. Nev. Nov. 26, 2018) (citations omitted); *see also Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-02121-LAK,

3

2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("[R]equests for such 'meta-discovery' should be closely scrutinized . . . ." (citation omitted)).

Accordingly, the Court **ORDERS** as follows:

- By **August 12, 2024**, AA shall submit a supplemental brief, not to exceed **three pages** in length and with supporting evidence, that: (1) provides legal authority, if any, for AA's interpretation of the SSI regulations; (2) describes in detail the documents in question; (3) explains why AA believes those documents contain SSI; and (4) explains why AA cannot avoid violation of the SSI regulations by producing redacted versions of the documents, particularly as the disputed requests are limited to documents and information concerning passengers' medical complications. The Court will permit a <u>modest</u> extension of this deadline pursuant only to stipulation of the Parties.
- Plaintiffs' request to compel AA's communications with the TSA under RFP 27 is **DENIED**.

**SO ORDERED.**

Dated: August 1, 2024

SUSAN VAN KEULEN
United States Magistrate Judge