UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 23-cv-05607-BLF  (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFF DEPOSITION**<br><br>Re: Dkt. No. 79 |

This action arises out of Plaintiff Jesus Plasencia—Plaintiff Ana Maria Marcela Tavantzis' husband—suffering a medical emergency on one of Defendant's flights. *See* Dkt. 24 ¶¶ 2-8. Ms. Tavantzis was travelling with her husband at the time. *See id*. Mr. Plasencia is now incapacitated, and Ms. Tavantzis, accordingly, is both an individual plaintiff in this action on her own behalf and the legal guardian for Mr. Plasencia. *See id.* ¶¶ 1, 13.

In light of this dual status, Defendant wishes to depose Ms. Tavantzis over two full days, one day in her individual capacity and a second day in her capacity as Mr. Plasencia's representative; however, Ms. Tavantzis is unwilling to sit for two full days of deposition. *See* Dkt. 79 at 1. She argues that her testimony in her representative capacity would be duplicative of her testimony in her individual capacity, and, therefore, she can be deposed in both capacities at the same time. *See id.* at 7. Defendant seeks an order guaranteeing that it can depose Ms. Tavantzis for two full days—whether it needs them or not. *See id.* at 1-4. The Court has determined that this dispute can be resolved without oral argument. *See* Civil Local Rule 7-1(b).

In support of their respective positions, the Parties cite cases and rules which are obviously inapposite to the case at hand, and the Court cautions both sides not to engage in that approach again before this Court. In contrast to the authorities referenced by the Parties, Federal

Rule of Civil Procedure 1 is instructive:

> [The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

With Rule 1 in mind, the Court observes that, while Defendant is correct that the Rules support conducting two depositions where a plaintiff is representing two distinct parties, the circumstances of this case (*e.g.*, Ms. Tavantzis travelling with Mr. Plasencia at the time of the incident; the temporal and spatial confinement of the incident; Mr. Plasencia's incapacitation) make it highly likely that Ms. Tavantzis' testimony in her different capacities would be duplicative. Defendant points only to its "right" to depose Ms. Tavantzis in each of her separate capacities but offers no facts in support of its need for a second deposition. These circumstances also give the Court concern that a second day of deposition presents either the risk or the opportunity for inconsistent statements. On the other hand, although not proffered by Defendant, it is possible that there would be a new area of testimony not covered in Ms. Tavantzis' individual deposition that would be properly addressed in a representative deposition.

Accordingly, to ensure that Defendant has an opportunity to elicit non-duplicative testimony from Ms. Tavantzis in both her individual and representative capacities, and, mindful of the dictates of Rule 1, the Court will allow a second deposition of Ms. Tavantzis in her representative capacity under the following circumstances:

- The deposition of Ms. Tavantzis in her representative capacity will follow her individual-capacity deposition on a different day.

///
///
///
///
///
///

- Counsel for Defendant will not ask the same questions of Ms. Tavantzis in her representative-capacity deposition as were asked in Ms. Tavantzis' individual-capacity deposition.
- Ms. Tavantzis' representative-capacity deposition shall not exceed 2.50 hours.

**SO ORDERED.**

Dated: August 12, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge