UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Case No. 23-cv-05607-EKL (SVK) <br><br> **ORDER RESOLVING DISCOVERY DISPUTE** <br><br> Re: Dkt. No. 101 |

Defendant American Airlines, Inc. ("AA"), requests that the Court compel Plaintiff Ana Maria Marcela Tavantzis to sit for two mental examinations—the "MMPI-2" and "MCMI-III" tests—in connection with her claim of loss of consortium and request for damages stemming from emotional distress. *See* Dkt. 101 (the "Joint Submission"). Under Federal Rule of Civil Procedure 35, a court may order a physical or mental examination of a party. Rule 35 imposes two requirements: (1) the party's physical or mental condition must be in controversy; and (2) there is good cause for ordering the party to sit for an examination. *See* Fed. R. Civ. P. 35(a); *Lester v. Mineta*, No. 04-cv-03074-SI, 2006 WL 3741949, at *1 (N.D. Cal. Dec. 19, 2006). The Parties do not dispute that Plaintiff's mental condition is in controversy. Thus, the Court need determine only whether there is good cause for ordering Plaintiff to sit for the two examinations requested by AA.

"'Good cause' for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the [movant's] case." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) (citation omitted). Courts typically consider four, non-exhaustive factors in evaluating good cause: "[1] the possibility of obtaining desired information by other means; [2] whether plaintiff plans to prove his claim

through testimony of expert witnesses; [3] whether the desired materials are relevant; and [4] whether plaintiff claims ongoing emotional distress." *See Ioane v. Noll*, No. 07-cv-00620-AWI, 2022 WL 1056081, at *1 (E.D. Cal. Apr. 8, 2022) (citation omitted).  With respect to the first factor concerning a movant's ability to obtain the desired information via other means, a movant must show that there is "no other method to discover relevant information; there is simply no less intrusive means." *See Ragge*, 165 F.R.D. at 609 (citation omitted).

"The language of Rule 35 'does not limit the number of examinations.'" *See Terrell v. Harder Mech. Contractors Inc*, No. 10-cv-01080-CW, 2011 WL 1483548, at *2 (N.D. Cal. Apr. 19, 2011) (citation omitted).  Even so, a movant must demonstrate "that good cause exists for ordering <u>each particular examination</u>." *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (emphasis added).  In that vein, "[t]he number of examinations ordered should be held to the minimum necessary considering the party's right to privacy and the need for the court to have accurate information." *Terrell*, 2011 WL 1483548, at *2 (citation omitted).  Ultimately, "[t]he decision whether to allow a proposed examination rests within the broad discretion of the court." *Perez v. Health*, No. 15-cv-01792-HSG, 2016 WL 1156497, at *2 (N.D. Cal. Mar. 24, 2016) (citation omitted).

Having reviewed the Joint Submission, the supplemental declaration submitted by AA at the Court's request (*see* Dkt. 103 (the "Kim Declaration")), the record in this action and the relevant law, the Court finds that there is good cause for ordering Plaintiff to sit for the MMPI-2 and MCMI-III tests as requested by AA.[1]

***First***, it is not clear how AA could adequately evaluate Plaintiff's mental and emotional condition without conducting its own examination.  Plaintiff points to her medical and therapy records, her deposition testimony and results from an "MMPI-3" test already administered <u>by her expert</u> as sufficient evidence from which AA can evaluate Plaintiff's condition.  *See* Joint Submission at 10; Kim Declaration at 4.  But the Court questions whether records and Plaintiff's

---

[1] The Court has determined that this dispute is suitable for resolution without oral argument.  *See* Civil Local Rule 7-1(b).

own testimony can provide the same level of detail as would the examinations requested by AA; indeed, if they did, then Plaintiff likely would not have subjected herself to sit for the MMPI-3 test as she already did. Further, in the Kim Declaration, AA's expert opines that the results of the MMPI-3 test conducted by Plaintiff's expert "provide[] an incomplete picture" of Plaintiff's condition. *See* Kim Declaration at 4. In any event, given the facts of this case, the Court is not going to prohibit AA from conducting its own, independent examination of Plaintiff on the basis that Plaintiff has already done the work for it. *See also Ioane*, 2022 WL 1056081, at *1 ("A purpose of Rule 35 is to 'level the playing field' and 'preserve the equal footing of the parties to evaluate the plaintiff's mental state.'" (citation omitted)).

**Second**, both examinations requested by AA are relevant. As AA's expert explains,

> [t]he MCMI-III and MMPI-2 are objective psychological tests that are, as an industry practice, routinely administered together in the forensic context to reach a comprehensive picture of an individual's emotional, intellectual and personality functioning, thereby ensuring an accurate psychological diagnosis and, ultimately, a more accurate forensic psychological opinion. . . . [T]he distinct construction and standardization of these tests renders them meant to be administered in tandem.

Kim Declaration at 2-3. The Court, therefore, rejects Plaintiff's argument that there is no good cause for conducting both (as opposed to just one) of the examinations requested by AA. *See* Joint Submission at 9-10.

**Third**, Plaintiff would experience minimal burden in sitting for the two examinations. AA offers to conduct the examinations virtually, and its expert explains that the examinations "should take no more than 3 hours of testing to conclude (inclusive of time as needed for instructions, breaks, etc.)." *See* Joint Submission at 2 n.1; Kim Declaration at 4-5.

///
///
///
///
///

1     Accordingly, for good cause shown, in an exercise of its discretion and in consideration of
2  the issues in this action, the Court **ORDERS** Plaintiff to sit for the two examinations as requested
3  by AA.  The Parties shall meet and confer to choose a date for the examinations, which shall be
4  administered by **November 1, 2024**.

5     **SO ORDERED.**

6  Dated: October 16, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge