1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                   NORTHERN DISTRICT OF CALIFORNIA

10

11   ANA MARIA MARCELA TAVANTZIS, as an )   Case No. 5:23-cv-05607-NW-SVK
     individual, and as Legal Guardian of JESUS )
12   PLASENCIA, an incapacitated person,     )   **ORDER ON DEFENDANT AMERICAN**
                                             )   **AIRLINES, INC.'S OMNIBUS**
13                    Plaintiff,             )   **MOTIONS IN LIMINE**
                                             )
14          vs                               )
                                             )
15   AMERICAN AIRLINES, INC.,                )
                                             )
16                    Defendants.            )
                                             )
17                                           )
                                             )
18   _____       )

19          Having considered the Omnibus Motions in Limine of defendant American Airlines, Inc.

20   ("American Airlines"), the Court rules as follows:

21          **I.      Motion** *in Limine* **No. 1 - Golden Rule Arguments**

22          Denied, without prejudice.

23

24          **II.     Motion** *in Limine* **No. 2 - Reptile Theory**

25          Denied, without prejudice.

26

27          **III.    Motion** *in Limine* **No. 3 - Liability Insurance**

28          Denied, without prejudice.

### IV.    Motion *in Limine* No. 4 - Subsequent Remedial Measures

Granted, without prejudice to Plaintiffs' ability to renew the motion should American Airlines open the door to the introduction of this evidence.  If Plaintiffs believe the door was opened by American Airlines, Plaintiffs must seek permission from the Court prior to mentioning, referencing, or seeking to introduce evidence of any post-incident changes to American Airlines' policies, procedures, or training, including but not limited to Plaintiffs' Proposed Exhibit 12, the CQ 2022 to 2023 Emergency Medical Training Procedure, or its contents.

### V.    Motion *in Limine* No. 5 - Evidence or Inference of Policy Violation After Determination of an Onboard Medical Emergency

Granted, without prejudice to Plaintiffs' ability to renew the motion should American Airlines open the door to the introduction of this evidence.  If Plaintiffs believe the door was opened by American Airlines, Plaintiffs must seek permission from the Court prior to mentioning, referencing, or seeking to introduce evidence of any alleged violation of American Airlines policies or procedures or industry standards that may have occurred after the second "accident" alleged by Plaintiffs to have occurred approximately 1.5 hour into American Airlines Flight 68.

### VI.    Motion *in Limine* No. 6 - Exclude Testimony from Dr. Jack Schim Regarding Causation

Denied in part, granted in part.  This Order permits Dr. Jack Schim to testify that early treatment is preferable for victims of ischemic strokes.  This Order also permits Dr. Schim to testify generally regarding the various treatment options for victims of ischemic strokes including Tissue Plasminogen Activator ("TPA"), thrombolysis, or any other stroke treatment.  This Order further permits Dr. Schim to testify regarding general recovery rates for victims of ischemic stroke.

Experts are precluded from testifying or offering any expert opinions at trial regarding or

related to what medical treatment plaintiff Jesus Plasencia ("Plasencia") would have received, when and where he would have received that treatment, who would have provided that treatment, and whether that treatment increased his chances of an improved outcome or recovery.  Experts may testify about hypothetical patient scenarios.

**IT IS SO ORDERED.**

DATED: <u>September 5, 2025</u>

_____

Honorable Noël Wise
United States District Court Judge