UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 23-cv-05607-NW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: ECF No. 180 |

Since September 8, 2025, the Court has been presiding over the jury trial of the above referenced action. On September 10, 2025, Plaintiffs Tavantzis and Plasencia ("Plaintiffs") rested, and American Airlines filed this motion for judgment as a matter of law. Mot. for J. as a Matter of Law ("JMOL"), ECF No. 180. The allegations and legal questions at issue in this matter are well known to the court and the parties, so the court does not recite them now.

Before a case is submitted to the jury, a party may move for judgment as a matter of law if the parties that there is no legally sufficient evidence to support the opposing party's claim or defense. Fed. R. Civ. P. 50(a). "When the jury is the trier of fact, judgment as a matter of law is appropriate only if no reasonable jury could find in favor of the non-moving party." *Smith v. Cty. of Riverside*, 2019 WL 2902504, at *4 (C.D. Cal. May 28, 2019). "[T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (quotation and citation omitted). "[T]he court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and

unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves*, 530 U.S. at 151 (quotation and citation omitted).

American Airlines' motion contends that Plaintiffs failed to demonstrate that American Airlines acted in violation of its manual during the course of Flight 68. According to American Airlines, "a failure to provide adequate medical assistance to a passenger, without more, such as a substantial deviation from the airline's policies and procedures or industry standard, is not an 'accident' under Article 17 of the Montreal Convention." JMOL at 16. Even assuming American Airlines is right—and the dearth of law on the Montreal Convention makes that impossible to confirm—the Court is not convinced that Plaintiffs failed to provide evidence that American Airlines acted outside the scope of its policies and procedures. As has been discussed frequently during the trial, American Airlines' in-flight manual included various stroke symptoms that flight attendants were expected to know. Conflicting testimony was presented to the jury regarding whether Flight Attendant Eccles failed to properly act on that knowledge, either at the beginning of the flight or an hour and a half in. That testimony could lead a reasonable jury to find that American Airlines violated its policies and procedures. The Court will not take the decision out of the jury's hands on those grounds.

Defendants' Rule 50(a) motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 15, 2025

Noël Wise
United States District Judge