1    Ivy L. Nowinski (State Bar No.: 268564)
     Email: inowinski@condonlaw.com
2    CONDON & FORSYTH LLP
     1901 Avenue of the Stars, Suite 1050
3    Los Angeles, California 90067-6036
     Telephone: (310) 557-2030
4    Facsimile:  (310) 557-1299

5        - and -

6    David J. Harrington (*Pro Hac Vice*)
     Email: dharrington@condonlaw.com
7    William de Wolff (*Pro Hac Vice*)
     Email: wdewolff@condonlaw.com
8    CONDON & FORSYTH LLP
     7 Times Square, 18th Floor
9    New York, New York 10036
     Telephone: (212) 490-9100
10   Facsimile: (212) 370-4453

11   Attorneys for Defendant
     AMERICAN AIRLINES, INC.

12

13                   UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16   ANA MARIA MARCELA TAVANTZIS, as an )    Case No. 5:23-cv-05607-NW-SVK
     individual, and as Legal Guardian of JESUS )
17   PLASENCIA, an incapacitated person,      )   **OPPOSITION OF DEFENDANT**
                                               )   **AMERICAN AIRLINES, INC. TO**
18               Plaintiff,                     )   **PLAINTIFFS' MOTION FOR ENTRY**
                                               )   **OF JUDGMENT**
19          vs                                 )
                                               )
20   AMERICAN AIRLINES, INC.,                  )
                                               )
21               Defendant.                    )
                                               )
22                                             )
                                               )
23   _____  )

24          Defendant AMERICAN AIRLINES, INC., ("American Airlines"), by and through its

25   counsel of record, Condon & Forsyth LLP, hereby submits its Opposition to Plaintiffs' Motion

26   for Entry of Final Judgment.

27

28

_____

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................ii-iv

INTRODUCTION .............................................................................................................1

RELEVANT FACTS ........................................................................................................3

ARGUMENT ....................................................................................................................6

I.  IN A MATTER OF FIRST IMPRESSION WITHIN THE NINTH CIRCUIT, THIS COURT SHOULD HOLD THAT THE MONTREAL CONVENTION PROHIBITS THE RECOVERY OF PREJUDGMENT INTEREST....................6

II.  ASSUMING, *ARGUENDO*, THAT THE MONTREAL CONVENTION PERMITS RECOVERY OF PREJUDGMENT INTEREST, CALIFORNIA LAW APPLIES TO PLAINTIFFS' DAMAGES CLAIMS AND BARS PREJUDGMENT INTEREST HERE ..............................................................13

   A.  Under California Law, Plaintiffs' Prejudgment Interest Claim Was Waived when Not Submitted to the Trier of Fact....................................15

   B.  Under California Law, The Jury's Determination of Plaintiffs' Comparative Negligence Is a Bar to the Recovery of Prejudgment Interest .............................................................................17

   C.  Under California Law, Plaintiff is Entitled Only to Prejudgment Interest on Past Economic Losses at a Rate of Seven Percent...............................18

III.  ASSUMING, ARGUENDO, THAT FEDERAL LAW APPLIES TO THE ISSUE OF RECOVERABLE DAMAGES, THIS COURT SHOULD NOT EXERCISE ITS DISCRETION TO AWARD PREJUDGMENT INTEREST .......................19

CONCLUSION.................................................................................................................21

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

# TABLE OF AUTHORITIES

<strong>Page(s)</strong>

**Cases**

*25 W. Air Charter, Inc. v. Schembari*,
   2019 WL 6998789 (C.D. Cal. Mar. 7, 2019)...........................................................16

*In re Air Crash at Lexington, Ky.*,
   Aug. 27, 2006, No. CIVA 506-CV-316-KSF, 2008 WL 1909007
   (E.D. Ky. Apr. 25, 2008) .........................................................................................12

*In re Aircrash in Bali, Indonesia on April 22, 1974*,
   684 F.2d 1301 (9th Cir.1982) ..................................................................................14

*Barnard v. Theobald*,
   721 F.3d 1069 (9th Cir. 2013) ................................................................................20

*Barry v. Raskov*,
   232 Cal. App. 3d 447 (1991) ...................................................................................16

*Bytska v. Swiss Int'l Air Line, Ltd.*,
   No. 15-CV-483, 2016 WL 6948375 (N.D. Ill. Nov. 28, 2016) ...............................13

*Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*,
   855 F.2d 385 (7th Cir.1988) ...........................................................................8, 9, 10

*Dochak v. Polskie Linie Lotnicze LOT S.A.*,
   No. 15 C 4344, 2017 WL 2362570 (N.D. Ill. May 30, 2017) .................................13

*Domangue v. Eastern Airlines, Inc.*,
   722 F.2d 256 (5th Cir. 1984) ....................................................................................8

*Douglas v. Westfall*,
   113 Cal. App. 2d 107 (1952) ...................................................................................18

*Ehrlich v. Am. Airlines*,
   360 F.3d 366 (2d Cir. 2004).......................................................................................7

*El Al Israel Airlines, Ltd. v. Tseng*,
   525 U.S. 155 (1999)............................................................................................7, 14

*Fireman's Fund Insurance Co. v. Allstate Ins. Co.*,
   234 Cal. App. 3d 1154 (1991) .................................................................................17

*Forouzan v. BMW of N. Am., LLC*,
   No. CV173875DMGGJSX, 2019 WL 856395 (C.D. Cal. Jan. 11, 2019)...............20

*Greater Westchester Homeowners Assn v. L.A.*,
   26 Cal. 3d 86 (1979) ...............................................................................................18

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

*Harris v. Polskie Linie Lotnicze,*
    820 F.2d 1000 (9th Cir.1987) ................................................................14

*Hosaka v. United Airlines, Inc.,*
    305 F.3d 989 (9th Cir. 2002) ....................................................................7

*Ins. Co. of N. Am. v. Fed. Express Corp.,*
    189 F.3d 914 (9th Cir.1999) ....................................................................15

*King v. S. Pac. Co.,*
    109 Cal. 96 (1895) ....................................................................................16

*Maddox v. Am. Airlines, Inc.,*
    298 F.3d 694 (8th Cir. 2002) ....................................................14, 15, 21

*Mertens v. Flying Tiger Line, Inc.,*
    341 F.2d 851 (2d Cir. 1965) ....................................................................14

*Motorola, Inc. v. Fed. Express Corp.,*
    308 F.3d 995 (9th Cir. 2002) ........................................................8, 11, 12

*National Union Fire Ins. v. Showa Shipping Co.,*
    47 F.3d 316 (9th Cir.1995) ......................................................................17

*O'Rourke v. E. Air Lines, Inc.,*
    730 F.2d 842 (2d Cir. 1984) ......................................................7, 8, 9, 10

*Osterneck v. Ernst & Whinney,*
    489 U.S. 169 (1989) ..................................................................................20

*Phifer v. Icelandair,*
    652 F.3d 1222 (9th Cir. 2011) ..................................................................7

*Reed v. Wiser,*
    555 F.2d 1079 (2d Cir. 1977) ....................................................................9

*Schneider v. Cnty. of San Diego,*
    285 F.3d 784 (9th Cir.2002) ....................................................................20

*Schopp v. Am. Airlines, Inc.,*
    No. 16-23630-CIV, 2018 WL 11352594 (S.D. Fla. Apr. 26, 2018) .......14

*In re Slatkin,*
    525 F.3d 805 (9th Cir. 2008) ....................................................................16

*Softketeers, Inc. v. Regal W. Corp.,*
    No. 8:19-CV-00519-JWH, 2023 WL 2024701 (C.D. Cal. Feb. 7, 2023) ...........16

*Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.,*
    522 F.3d 776 (7th Cir. 2008) ........................................................6, 7, 8, 10

*Swiss Bank Corp. v. Brink's–MAT Ltd.*,
   2 Lloyd's Rep. 79 (Eng. C.A.) (1986) ...................................................................9

*Wisper Corp. v. California Com. Bank*,
   49 Cal. App. 4th 948 (1996) ...............................................................................17

*Zicherman v. Korean Air Lines Co.*,
   516 U.S. 217 (1996) ............................................................................................14

**Treaties and Statutes**

The Convention for the Unification of Certain Rules for International Carriage by Air, done at
   Montreal on May 28, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty
   Doc. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention") ............................ *passim*

The Convention for the Unification of Certain Rules Relating to International Transportation
   by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934),
   *reprinted in note following* 49 U.S.C. § 40105 (1997) ("Warsaw Convention") ........... *passim*

28 U.S.C. 1961 ................................................................................................................15

FED. R. CIV. P. 26(a)(1)(A) (West 2025) ...................................................................4, 19

FED. R. CIV. P. 26(a)(2) (West 2025) .................................................................................4

FED. R. CIV. P. 37 (West 2025) .........................................................................................2

FED. R. CIV. P. 37(c)(1) (West 2025) ..............................................................................19

California Constitution, Article XV, Section 1 ...........................................................18

CAL. CIV. CODE § 3288 (West 2025) .......................................................................1, 15, 16

**Other Authorities**

Minutes of the Montreal Convention,
   https://news.ncac.mn/uploads/bookSubject/2022-11/63859a6e8ecb5.pdf (last accessed
   October 3, 2025) ...........................................................................................9, 10

U.S. Department of State, *Treaties in Force: A List of Treaties and Other International
   Agreements of the United States in Force on January 1, 2025* (2025),
   https://www.state.gov/wp-content/uploads/2025/08/Treaties-in-Force-2025-FINAL.pdf (last
   visited on October 3, 2025) ...............................................................................7

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

### INTRODUCTION

Plaintiffs' Motion for Entry of Final Judgment is not a simple proposed judgment reflecting the jury verdict. Instead, it is a sweeping attempt to assert, for the very first time, a claim for prejudgment interest on unliquidated damages awarded by the jury on Plaintiffs' Montreal Convention claim, including interest on both economic and non-economic damages, past and future. Plaintiffs have never asserted a claim for prejudgment interest in connection with any tort claim in any of the three complaints they have filed in this action, including the currently operative Second Amended Complaint. Prior to trial, Plaintiffs never provided a computation of their past economic damages. This new claim for prejudgment interest, which is an element of damages required to be determined by the jury under California law, was never asserted in the Final Pretrial Conference Statement or submitted to the jury at trial as required by CAL. CIV. CODE § 3288. By any standard, Plaintiffs are not entitled to recover prejudgment interest in this action.

By way of background and to provide further context for these issues, the parties do not dispute that Plaintiffs' claims are exclusively governed by the Montreal Convention. The parties also do not dispute that, where not prohibited by the Montreal Convention, California law governs the type of damages available to Plaintiffs. It is for this reason, for example, that plaintiff Marcela Tavantzis was able to recover damages for her loss of consortium claim under California law. Prejudgment interest is an item of compensatory damages which, if it is permitted by the Montreal Convention at all (which is an issue of first impression within the Ninth Circuit), is governed by California state substantive law.

Plaintiffs first argue that the Montreal Convention permits the recovery of prejudgment interest, but fail to advise the Court that this is an issue of first impression within the Ninth Circuit and that there is a circuit split as to whether the Montreal Convention's predecessor, the Warsaw Convention, permits the recovery of prejudgment interest. The text of the Montreal Convention does not mention prejudgment interest and permitting the award of prejudgment interest is not consistent with the goals of the Montreal Convention, which include balancing the interests of both the air carrier and passengers, as well as ensuring uniformity in the remedies

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1    available to members of the traveling public as between the different States Party to the

2    Convention.  Here, Plaintiffs here have already recovered far in excess of the caps of liability

3    envisioned by the drafters of both the Warsaw[1] and the Montreal Convention.[2]  The goals of the

4    Montreal Convention drafters would be frustrated  by permitting Plaintiffs a windfall through the

5    imposition of prejudgment interest in a case in which damages were previously unknown,

6    unliquidated, hotly contested, and subject to a final determination of comparative fault by the

7    jury.  This Court should not permit an award of prejudgment interest under the Montreal

8    Convention in this personal injury case.

9        However, even assuming, *arguendo*, that the Montreal Convention allows the recovery of

10   prejudgment interest, under binding Supreme Court precedent, California substantive law

11   controls what type of damages Plaintiffs may recover.  Even if Plaintiffs had properly asserted

12   such a claim in their pleadings or discovery, which they did not, under California law, Plaintiffs

13   were required to submit their claim for prejudgment interest to the discretion of the jury.

14   Moreover, under California law, the jury's finding of 27.5% comparative negligence on the part

15   of Plaintiffs bars their claim for prejudgment interest.  Accordingly, Plaintiffs are not entitled to

16   recover prejudgment interest on the jury verdict under California law.

17       Even if federal law applied to the issue of prejudgment interest, as Plaintiffs claim, under

18   FED. R. CIV. P. 37, this Court should not permit Plaintiffs to belatedly assert a claim for

19   prejudgment interest based upon their failure to assert either such a claim or provide any

20   computation of economic damages in their initial disclosures or any pleading or discovery

21   response.  Even if the Court were to consider whether prejudgment interest should be awarded,

22   such an award would not be appropriate in this case, involving a bona fide dispute as to both

23   liability and comparative negligence, in which the jury apportioned 27.5% of fault to Plaintiffs.

24   American Airlines simply had no way of determining its liability to Plaintiffs prior to trial.  If the

25

26   ---

27   [1] At the time the Montreal Convention was drafted in 1999, the limitation of liability for bodily injury in a Warsaw Convention case was $75,000.

28   [2] At the time of drafting, the Montreal Convention provided that an air carrier can limit its liability to 100,000 Special Drawing Rights, or approximately $144,000, by establishing that it was not negligent.

Court is inclined to award prejudgment interest, under Ninth Circuit authority, Plaintiffs are entitled only to prejudgment interest on their economic damages incurred prior to the jury verdict in this action (i.e., past economic loss damages), reduced by Plaintiffs' comparative negligence. This Court should not award prejudgment interest on Plaintiffs' past non-economic loss, which is truly unliquidated and incapable of determination, except by a jury. Further, Ninth Circuit caselaw is clear that prejudgment interest on Plaintiffs' future economic and non-economic loss is prohibited.

### RELEVANT FACTS

On October 31, 2023, Plaintiffs filed their original Complaint in this action. ECF No. 1. Plaintiffs' original Complaint does not contain any statement quantifying Plaintiffs' damages, either economic or non-economic, past or future. *Id.* Plaintiffs' original Complaint also does not reference prejudgment interest. *Id.*

On December 19, 2023, Plaintiffs filed their First Amended Complaint in this action. ECF No. 24. Plaintiffs' First Amended Complaint does not contain any statement quantifying Plaintiffs' damages, either economic or non-economic, past or future. *Id.* Plaintiffs' First Amended Complaint also does not reference prejudgment interest. *Id.*

On August 19, 2024, Plaintiffs filed their Second Amended Complaint and Demand for Jury Trial, which is currently the operative pleading. ECF No. 85. Plaintiffs' Second Amended Complaint also does not contain any statement quantifying Plaintiffs' damages, either economic or non-economic, past or future. Plaintiffs' Second Amended Complaint <u>does</u> reference prejudgment interest. *Id.* at ¶ 146. Plaintiffs' Second Amended Complaint seeks prejudgment interest under a Texas statute <u>in connection only with Plaintiff's cause of action for breach of contract</u>. *Id.* ("Plaintiffs seek and demand is hereby made for prejudgment interest for Defendant's breach of the AA Contract pursuant to Chapter 304 of the Texas Finance Code."). Plaintiffs did not seek prejudgment interest in connection with any other claim, including their cause of action arising under the Montreal Convention, which was ultimately the sole claim tried in this action.

Plaintiffs' claim for breach of contract was dismissed by this Court prior to trial on May

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

7, 2025, and was not tried to jury verdict.  ECF No. 132.

Plaintiffs were required to set forth a detailed computation of damages in their initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A)(iii).  Plaintiffs served their initial disclosures pursuant to Rule 26(a)(1)(A) on January 22, 2024, and did not provide any computation of damages in this document.  Instead, Plaintiffs stated as follows:

> As set forth in the First Amended Complaint, Plaintiffs seek an award for all permissible damages under the governing law, including damages under the Montreal Convention for past and future lost earnings, past and future lost accumulations, past and future medical expenses, mental anguish and suffering, and loss of consortium. Plaintiffs also seek breach of contract damages in the form of financial hardship, lost interest, increased costs and expenses, and attorney's fees. Plaintiffs hereby reserve the right to supplement this initial disclosure upon completion of their ongoing evaluation of damages to Plaintiffs. Any expert analysis concerning Plaintiffs' economic damages will be supplied in connection with any deadlines established by Rule 26(a)(2), the Court, or as otherwise appropriate.

Declaration of Ivy L. Nowinski ("Nowinski Decl."), ¶ 15-16, Exhibit A (Plaintiff's Initial Disclosures Served January 22, 2024).

Plaintiffs have never served an amended or supplemental initial disclosure pursuant to Rule 26(a)(1)(A).  Nowinski Decl., ¶ 17.

On April 17, 2024, American Airlines served its first set of special interrogatories on Plaintiffs.  Nowinski Decl., ¶ 18, Exhibit B.  Interrogatory No. 6 requested the following information:

> Please itemize and state each item of damages, including economic, compensatory, legal fees, expert fees, etc., you claim are directly or indirectly attributable to and/or caused by the incident made the basis of this lawsuit and any act or omission of Defendant. Include in your answer the factual basis for each item of damages, and an explanation (i.e., formula, method of calculation, underlying hypotheses and assumptions, etc.) of how you computed each item of damages, including any mathematical formula used.

Nowinski Decl., ¶ 19, Exhibit B (American Airlines' First Set of Interrogatories to Plaintiffs).

On May 17, 2024, Plaintiffs served their response to Interrogatory No. 6, which stated as follows:

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

Plaintiffs object to this Interrogatory to the extent it requires a calculation of damages **that are not amenable to calculation because they are committed to the discretion of the trier of fact**. Plaintiffs seek the damages as alleged in the complaint, including pain, suffering, mental anguish, and all other damages available in law. Plaintiffs further object to this Interrogatory as premature and subject to expert discovery, which is ongoing.

Pursuant to Fed. R. Civ. Pr. 33(a)(2) contention interrogatories are not ordinarily answered until discovery is complete. In accordance with the Court's May 1, 2024, Case Management Order, Plaintiffs advise that they will provide expert reports on or before October 2, 2024, which will delineate and itemize the calculable damages Plaintiffs seek including the factual basis and any method of calculation. Plaintiffs further advise that they will produce any documents on which their experts rely to perform these calculations. Without waiver of the foregoing, Plaintiffs contend they are entitled to damages (i) under the Montreal Convention for the bodily injury sustained by Mr. Plasencia on AA Flight 68; (ii) for loss of consortium and other non-pecuniary damages; (iii) for the full value of Plaintiffs' $226,200 in special drawing rights; and (iv) for continuing and ongoing damages incurred as a result of Defendant's breach of contract and repudiation of contract, including attorney's fees. Each and every one of these damages figures are too premature for any reasonable or accurate calculation, and attorney's fees are ongoing.

Nowinski Decl., ¶ 20, Exhibit C (Plaintiffs' Responses to American Airlines First Set of Interrogatories, served May 17, 2024) (*emphasis added*).

Accordingly, Plaintiffs have admitted by way of judicially binding discovery responses that their damages asserted herein are unliquidated and "**not amenable to calculation because they are committed to the discretion of the trier of fact**." *Id.* at 21.

On July 24, 2024, Plaintiffs served amended responses to American Airlines' First Set of Interrogatories. *Id.* at ¶ 22. The response to Interrogatory No. 6 was not changed in any way that is material to this Motion. *Id.*

Plaintiffs served their expert disclosures in this matter on October 2, 2024. *Id.* at ¶ 23. Included in Plaintiffs' expert disclosures was a report from retained economist Charles Mahla, Ph.D., who provided opinions that the total cost of Mr. Plasencia's future care has a present value of $6,592,289. *Id.* at ¶ 23. Plaintiffs' expert disclosures and reports did not provide any computation of Plaintiffs' past economic damages. *Id.*

American Airlines did not receive any type of calculation or computation of Mr. Plasencia's economic damages incurred prior to trial until the time of drafting of the Final Pretrial Conference Statement in August 2025. *Id.* at ¶ 24. In the Final Pretrial Conference Statement, Plaintiffs provided their first computation of Mr. Plasencia's past economic damages, which they calculated to be $699,832. *Id.* at ¶ 25. The Final Pretrial Conference Statement was filed on August 13, 2025, less than one month prior to jury trial. ECF No. 146, p. 3, ll. 11-12.

The Final Pretrial Conference Statement makes no reference to prejudgment interest or otherwise include this as an item of damages sought by Plaintiffs. ECF No. 146. Plaintiffs also did not include a jury instruction on this issue among their submissions to the Court. American Airlines was apprised for the first time that Plaintiffs were seeking prejudgment interest on their unliquidated personal injury damage award, both economic and non-economic, past and future, when this motion was filed on September 19, 2025. *Id.* at ¶ 29.

## I

## IN A MATTER OF FIRST IMPRESSION WITHIN THE NINTH CIRCUIT, THIS COURT SHOULD HOLD THAT THE MONTREAL CONVENTION PROHIBITS THE RECOVERY OF PREJUDGMENT INTEREST

The parties do not dispute that the Plaintiffs' claims are exclusively governed by the Montreal Convention,[3] a treaty of the United States. By way of background, the Montreal Convention, adopted at a diplomatic conference held in 1999, was the product of an effort by the International Civil Aviation Organization ("ICAO"), a specialized agency of the United Nations, to update and "harmonize the hodgepodge of supplementary amendments and intercarrier agreements" of which its predecessor, the Warsaw Convention[4] system of liability, consisted of. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 780 (7th Cir. 2008),

---

[3] The Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (entered into force on November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention").

[4] The Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in note following* 49 U.S.C. § 40105 (1997), commonly and hereinafter referred to as the "Warsaw Convention."

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1    *citing Ehrlich v. Am. Airlines*, 360 F.3d 366, 371 n.4 (2d Cir. 2004).

2    The 1929 Warsaw Convention was a treaty that exclusively governed the rights and

3    liabilities of passengers and carriers in "international" transportation by air.  *See El Al Israel*

4    *Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999).

5    The Montreal Convention is the successor treaty to the Warsaw Convention, (*Hosaka v.*

6    *United Airlines, Inc.*, 305 F.3d 989, 996 (9th Cir. 2002)), and unifies and replaces the system of

7    liability that derives from the Warsaw Convention.  *Ehrlich*, 360 F.3d at 371.  The Montreal

8    Convention completely replaces the Warsaw Convention system of liability, but retains many of

9    the same provisions and terms as the original Warsaw Convention.  *See* Montreal Convention,

10   Art. 55.

11   On September 5, 2003, the United States deposited its instrument of ratification of the

12   Montreal Convention with the ICAO and the Convention entered into force 60 days thereafter, *i.e.*,

13   November 4, 2003.  *See* U.S. Department of State, *Treaties in Force: A List of Treaties and Other*

14   *International Agreements of the United States in Force on January 1, 2025* (2025),

15   https://www.state.gov/wp-content/uploads/2025/08/Treaties-in-Force-2025-FINAL.pdf    (last

16   visited on October 3, 2025).

17   Since the Montreal Convention entered into force in the United States on November 4,

18   2003, U.S. courts have continued to rely on cases interpreting a provision of the earlier Warsaw

19   Convention where the equivalent provision in the Montreal Convention is substantively the

20   same.  *See Phifer v. Icelandair*, 652 F.3d 1222, f.n. 1 (9th Cir. 2011).  Here, neither the Warsaw

21   nor the Montreal Convention reference the term "prejudgment interest" or any similar concept.

22   Courts have struggled with determining whether the imposition of prejudgment interest is

23   permitted by the Warsaw Convention for decades and a circuit split exists on the issue of

24   whether the Warsaw Convention permits the recovery of prejudgment interest.  *Cf. Sompo Japan*

25   *Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 790 (7th Cir. 2008) (prejudgment interest

26   not recoverable under the Warsaw Convention because goal of uniformity inherently

27   incompatible with awarding prejudgment interest under local law); *O'Rourke v. E. Air Lines,*

28   *Inc.*, 730 F.2d 842, 853 (2d Cir. 1984), *abrogated on other grounds by Salve Regina Coll. v.*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1    *Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991) ("in the absence of any

2    contrary intent on the part of the framers, we may not read into that document a provision that

3    allows the payment of prejudgment interest"); *with Motorola, Inc. v. Fed. Express Corp.*, 308

4    F.3d 995 (9th Cir. 2002) (permitting prejudgment interest on liquidated damage claims for lost,

5    delayed, or damaged goods on the grounds that award assures that the limited damages available

6    to the successful claimant will not be eroded by the defendant's actions in delaying a prompt

7    resolution of the claim); *Domangue v. Eastern Airlines, Inc.*, 722 F.2d 256 (5th Cir. 1984)

8    (holding that prejudgment interest is permissible under Warsaw Convention within discretion of

9    the Court).

10          The Seventh Circuit has twice held that prejudgment interest is not available in suits

11   governed by the Warsaw Convention.  *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*,

12   855 F.2d 385 (7th Cir.1988); *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d

13   776, 789 (7th Cir. 2008).  In *Deere,* the Seventh Circuit held that the Warsaw Convention's goal

14   of fixing uniform limits on damages for airlines was "inherently incompatible with full

15   compensation to all customers." *Id.* at 392.  Thus, making aggrieved airline customers whole

16   "was not a primary purpose of the Convention." *Id.*  By contrast, "[t]he preeminent purpose of

17   the Convention was to fix definite and uniform limits on the cost to airlines," and allowing

18   additional prejudgment interest would contradict this goal. *Id.* at 391.  As recently as 2008,

19   nearly a decade after the Montreal Convention was drafted, the Seventh Circuit again held that

20   the overarching goal of the Warsaw Convention, to fix an airline's potential damages at a

21   predictable level, would not be served by allowing discretionary prejudgment interest.  *Sompo*

22   *Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d 776, 790 (7th Cir. 2008).

23          The Second Circuit has reached the same conclusion.  In *O'Rourke v. E. Air Lines, Inc.*,

24   730 F.2d 842, 853 (2d Cir. 1984), *abrogated on other grounds by Salve Regina Coll. v. Russell*,

25   499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991), the Second Circuit held that

26   prejudgment interest was not permitted under the Warsaw Convention in a wrongful death case.

27   The Court reiterated its prior holding that "the fundamental purpose of the signatories to the

28   Warsaw Convention, which is entitled to great weight in interpreting that pact, was their desire to

establish a uniform body of world-wide liability rules to govern international aviation, which would supersede with respect to international flights the scores of differing domestic laws, leaving the latter applicable only to the internal flights of each of the countries involved." *Id.* at 852, *citing Reed v. Wiser*, 555 F.2d 1079 (2d Cir. 1977), *cert. denied*, 434 U.S. 922 (1977). The Court invoked Article 24, the exclusivity provision of the Warsaw Convention, which remains largely unchanged in the Montreal Convention, and held that "[i]n light of the damage limitation principle established in Article 22 of the Convention, [] it would appear that, if the signatories to the Agreement had intended to create any exclusions to the damage limitation figures, they would have included a specific provision in the agreement similar to the one concerning the separate award of legal fees and costs." *Id.*

The English Court of Appeal has also held that prejudgment interest is not permitted under the Warsaw Convention. In *Swiss Bank Corp. v. Brink's–MAT Ltd.*, 2 Lloyd's Rep. 79,101 (Eng. C.A.) (1986), that court looked to the 1955 Hague Protocol, which amended the Warsaw Convention. Observing that Article 22 of the Hague Protocol had made explicit that attorney's fees and costs may be awarded in excess of the liability caps, the court reasoned that the absence of similar language permitting prejudgment interest indicated that the award of such interest was not permissible. *Id.*

On May 10, 1999, the drafters of the Montreal Convention convened to draft a new treaty. The Minutes of the Montreal Convention are accessible at https://news.ncac.mn/uploads/bookSubject/2022-11/63859a6e8ecb5.pdf (last accessed September 30, 2025). The minutes do not reflect any discussion, whatsoever, regarding amending or changing the text of the Warsaw Convention regarding the recovery of prejudgment interest. The minutes also do not reflect any intent to alter the existing body of jurisprudence governing the recoverability of prejudgment interest that had developed in the United States and elsewhere. To the contrary, it is clear from the minutes of the Montreal Convention that the drafters, including specifically the delegate from the United States, expressed a strong desire to **not** disturb existing jurisprudence from within the United States interpreting the Warsaw

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

Convention, including the *Deere* and *O'Rourke* decisions.  *Id.* at 112, 140, 159, 162, 201, 218[5], 220.

Moreover, the Minutes of the Montreal Convention indicate a reluctance to deviate from the liability caps set forth in the Warsaw Convention – the drafters ultimately decided to do so, but formulated a tiered system of liability in order to protect <u>both</u> the interests of both air carriers and the traveling public.  The document is replete with concerns of the drafters regarding balancing the interests of the passengers and those of the carrier.  *See, e.g., id. at* 43, 70, 80, 201-202.  It is clear from review of the Minutes that the goal of achieving uniformity in the application of the Convention was also a primary goal of the drafters.  *Id.* at 41 – 51, 83, 90, 95.  The drafters addressed the issue of fully compensating injured passengers by removing the caps on liability.  Permitting passengers fortunate enough to reside in jurisdictions where prejudgment interest is permitted would not further the Convention's goal of uniformity in its application, and this Court should not read the Montreal Convention to permit an award of prejudgment interest.  To do so would defeat the drafters' goal of uniformity and fail to give any deference at all towards the drafters' goals of ensuring that the airline's interests are balanced with those of the passenger.

The drafting history of the Montreal Convention is silent on the issue of the recoverability of interest at all, much less prejudgment interest on unliquidated damages in personal injury lawsuits.  The natural conclusion to draw from this silence is that the drafters had no intention to change the law on this issue, as it had developed at the time of the drafting of the Montreal Convention in 1999.  As of 1999, the clear trend within the United States Circuit Courts on this issue was that prejudgment interest was not permitted in Warsaw Convention cases.  This Court should adopt the holding of the Seventh and Second Circuits in *Deere*, *Sompo* and *O'Rourke*, as these holdings are consistent with the intention of the drafters of the Montreal

---

[5] In which the Delegate of the United States specifically proposed an addition to the Preamble of the Montreal Convention stating that the objective of the drafters was to preserve jurisprudence interpreting the Warsaw Convention.  Many other delegates expressed a concern that such a finding would subject other nations to the jurisprudence that had developed in the United States.  Ultimately, the drafters agree that the preamble conveyed this concept without the need for the additional language proposed by the Delegate of the United States.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1   Convention and specifically, the Delegate from the United States, in not disturbing the settled

2   state of the law on this issue as of the time the Montreal Convention was drafted in 1999, as well

3   as the goals of uniformity and balancing the rights of the passenger with the need to protect the

4   airline industry.

5           Against this backdrop, three years <u>after</u> the Montreal Convention was drafted in 1999, the

6   Ninth Circuit issued an opinion that is at odds with the holdings of the Seventh and Second

7   Circuits in *Motorola, Inc. v. Fed. Exp. Corp.*, 308 F.3d 995, 1004–05 (9th Cir. 2002).   In

8   *Motorola*, a cargo claim in which damages were liquidated, the Ninth Circuit held that "neither

9   the text nor the drafting history of the Warsaw Convention itself addresses prejudgment interest,

10  [so] we must look to other indicators of the Convention's meaning, including its purpose and the

11  postratification understanding of the contracting parties." *Id.*  The Court noted that the Warsaw

12  Convention was intended to balance the interests of shippers seeking recovery for lost, delayed

13  or damaged goods, and the interests of air carriers seeking to limit potential liability. *Id.*  The

14  Court held that the  award of prejudgment interest "simply assures that the limited damages

15  available to the successful claimant will not be eroded by the defendant's actions in delaying a

16  prompt resolution of the claim" and that  such interest does not convert a damage award into

17  "full compensation" to the plaintiff, because the carrier's damage liability remains fixed and

18  limited by the Convention's weight-based formula. The Court concluded that "prejudgment

19  interest is a mechanism by which the court, **in an appropriate case**, may assure that the plaintiff

20  receives the full value of his limited damages. *Id.* (*emphasis added*).  Key to the Ninth Circuit's

21  holding was the fact that "[b]ecause the limitation on liability still provides a cap on potential

22  damages regardless of the true value of the cargo lost or destroyed, carriers continue to have a

23  predictable gauge of liability." *Id.*

24          The Ninth Circuit's holding in *Motorola* is in direct conflict with the Second and Seventh

25  Circuit decisions interpreting the Warsaw Convention.  Moreover, its reasoning does not apply

26  with respect to the Montreal Convention.  The purpose of the Montreal Convention was to ensure

27  uniformity between jurisdictions and to balance the interests of <u>both</u> the passenger and the air

28  carriers.  To accomplish this goal, the drafters established a "tiered" liability system by which the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

air carrier could limit its liability to a set amount by establishing that it was not negligent. Liability above this cap is unlimited if the airline cannot establish that it was not negligent. The removal of the liability cap accomplishes the goal of ensuring that passengers are adequately protected. Imposing prejudgment interest in addition to permitting unlimited liability is contrary to the drafters' goals of uniformity and protection of the airline industry, and this Court should hold that prejudgment interest is not permitted under the Montreal Convention framework, particularly under the facts of this case. This is a personal injury action in which Plaintiffs have failed to compute their past economic damages, and affirmatively alleged that all their damages are impossnble to quantify, except by and through the trier of fact. Prejudgment interest is not required to make Plaintiffs whole here – Plaintiffs have already recovered an amount far in excess of their economic damages and far in excess of the liability limits envisioned by the drafters of the Montreal Convention. There are no applicable liability limits in this case, as there were in *Motorola* and in other cases following its reasoning, and there can be no claim that American Airlines unduly delayed in failing to settle this lawsuit where liability, comparative negligence and damages were unknown until the time of trial.

Plaintiffs' Motion summarily states that Article 22(6) of the Montreal Convention supports their claim for prejudgment interest on the entire amount of the jury verdict in this matter, including economic and non-economic damages, past and future. Plaintiffs cite a single case to support this proposition, *In re Air Crash at Lexington, Ky.*, Aug. 27, 2006, No. CIVA 506-CV-316-KSF, 2008 WL 1909007, at *3 (E.D. Ky. Apr. 25, 2008). The Eastern District of Kentucky's decision is an outlier, and this approach has not been adopted by any other court. The decision relies solely on the language of Article 22(6) of the Montreal Convention. Even a cursory examination of Article 22 reveals that this argument is without support. Article 22 is entitled "Article 22 — Limits of Liability in Relation to Delay, Baggage and Cargo." Montreal Convention, Art. 22 (*emphasis added*). This Article of the Convention, by its very title, does not pertain to personal injury claims such as those asserted by Plaintiffs in this action.

Turning to the language of Article 22(6), it provides: "The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

addition, <u>the whole or part of the court costs and of the other expenses of the litigation</u> incurred by the plaintiff, <u>including interest</u>." Montreal Convention, Art. 22(6), (*emphasis added*). Article 22(6), therefore, permits a plaintiff to recover "court costs" and "other expenses of the litigation", "including interest <u>on those amounts</u> in accordance with the local law of the jurisdiction. It does not permit the recovery of prejudgment interest on the entirety of the jury verdict in this action as argued by Plaintiffs here. Court costs and expenses of litigation are procedural considerations that are substantially different from prejudgment interest, which is an element of damages governed by state substantive law, to the extent not preempted by the Convention itself.

Courts have routinely resisted efforts by plaintiffs to utilize the language contained in Article 22(6) to expand the relief authorized by the Convention. For example, although counsel for American Airlines could not locate any other case where a plaintiff asserted a right to prejudgment interest under Article 22(6), courts have routinely declined to permit plaintiffs to seek attorney's fees under this provision. *Bytska v. Swiss Int'l Air Line, Ltd.*, No. 15-CV-483, 2016 WL 6948375, at *3 (N.D. Ill. Nov. 28, 2016) ("The text of the first sentence of Article 22(6) does no more than authorize a court to apply its domestic law as the rule of decision when a party requests costs and fees."); *Dochak v. Polskie Linie Lotnicze LOT S.A.*, No. 15 C 4344, 2017 WL 2362570, at *2 (N.D. Ill. May 30, 2017) ("Article 22(6) does nothing more than authorize courts to apply their own domestic law regarding the availability of fees when a party requests costs and fees.").

For all the foregoing reasons, this Court should hold, as a matter of first impression in the Ninth Circuit, that the Montreal Convention does not permit the recovery of prejudgment interest.

## II

**ASSUMING, *ARGUENDO*, THAT THE MONTREAL CONVENTION PERMITS RECOVERY OF PREJUDGMENT INTEREST, CALIFORNIA LAW APPLIES TO PLAINTIFFS' DAMAGES CLAIMS AND BARS PREJUDGMENT INTEREST HERE**

The Montreal Convention does not permit the recovery of prejudgment interest.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1    However, if we assume that it does, then California law applies to the issue of whether Plaintiffs

2    may recover prejudgment interest.  The Supreme Court has unequivocally held, in interpreting

3    the Warsaw Convention, that the "drafters intended to resolve whether there is liability, but <u>to</u>

4    <u>leave to domestic law (the local law identified by the forum under its choice-of-law rules or</u>

5    <u>approaches) determination of the compensatory damages available to the suitor</u>."  *El Al Israel*

6    *Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 170 (1999) (emphasis added).  The issue of the

7    computation of damages generally is governed by local law, except, of course, where such law

8    conflicts with either Convention. *Harris v. Polskie Linie Lotnicze*, 820 F.2d 1000, 1002 (9th

9    Cir.1987) (permitting damages under Polish law, rather than California law, in suit governed by

10   Warsaw Convention); *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1315

11   (9th Cir.1982), later appeal, 871 F.2d 812 (9th Cir.1989); *Mertens v. Flying Tiger Line, Inc.*, 341

12   F.2d 851, 858 (2d Cir. 1965), *cert. denied*, 382 U.S. 816, 86 S. Ct. 38, 15 L. Ed. 2d 64 (1965);

13   *Schopp v. Am. Airlines, Inc.*, No. 16-23630-CIV, 2018 WL 11352594, at *5 (S.D. Fla. Apr. 26,

14   2018) (applying state law to issue of recovery of prejudgment interest).

15        The only Circuit Court opinion American Airlines could locate on the precise issue

16   presented by this case is *Maddox v. Am. Airlines, Inc., 298 F.3d 694, 695 (8th Cir. 2002).  In

17   *Maddox*, a case governed by the Warsaw Convention, following a jury verdict, the plaintiff

18   appealed the district court's decision denying an award of prejudgment interest under Arkansas

19   law.[6]

20        The *Maddox* Court noted that the Supreme Court has indicated that Article 17 of "the

21   Warsaw Convention permit[s] compensation only for legally cognizable harm, but leave[s] the

22   specification of what harm is legally cognizable to the domestic law applicable under the forum's

23   choice of law rules." *Id.*, *citing Zicherman v. Korean Air Lines Co.*, 516 U.S. 217, 231, (1996).

24   "Thus, Article 17 is a 'pass-through' provision which, absent special federal legislation

25   applicable to Warsaw Convention cases, provides nothing more than an authorization to apply

26

27

28   ──────────────
[6] The *Maddox* decision does not consider the threshold issue of whether prejudgment interest is
recoverable under the Warsaw Convention, instead applying Arkansas law to bar recovery of
prejudgment interest.

whatever law would govern in the absence of the Warsaw Convention. *Id.*, *citing Ins. Co. of N. Am. v. Fed. Express Corp.,* 189 F.3d 914, 920 (9th Cir.1999) (declining to apply federal common law and instead applying California law, as opposed to Canadian law, to determine whether airline had engaged in "wilful misconduct").

The *Maddox* Court looked to the law of the passenger's domicile, Arkansas, to determine whether the passenger could recover prejudgment interest, and denied the passenger's request. The Eighth Circuit affirmed, also affirming the district court's decision permitting postjudgment interest at the federal rate, as the imposition of postjudgment interest is a matter of federal procedure governed by 28 U.S.C. 1961.  Following *Maddox*, this Court should apply California law to the issue of prejudgment interest, as it is undisputed that Plaintiffs are domiciled in California and there is no other jurisdiction with any relation to Plaintiffs' damage claims.

### A. Under California Law, Plaintiffs' Prejudgment Interest Claim Was Waived when Not Submitted to the Trier of Fact.

In California, the recovery of prejudgment interest on tort claims is governed by California Civil Code § 3288, which provides: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."  CAL. CIV. CODE § 3288 (West 2025).

Here, Plaintiffs did not submit their claim for prejudgment interest to the jury.  Moreover, Plaintiffs did not allege a claim for prejudgment interest in connection with their tort claims in any of their pleadings, including the operative Second Amended Complaint.  Instead, in the Second Amended Complaint, Plaintiffs alleged that they were entitled to the recovery of prejudgment interest under Texas law in connection with their breach of contract claim, only, which was dismissed by this Court and not tried to the jury.  ECF No. 85, ¶ 146.  Plaintiffs also failed to make any claim for prejudgment interest in the Final Pretrial Conference Statement or proposed jury instructions.  Now, in an apparent attempt to try to obtain prejudgment interest after the amount of damages has already been determined by the trier of fact, Plaintiffs have filed this "Motion for Entry of Judgment," seeking to recover prejudgment interest for the first time. This is improper.  Under California law, the Court does not have discretion to enter prejudgment

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1  interest following a jury verdict in a tort case – this discretion lies exclusively with the jury or the

2  trier of fact in a bench trial.

3  For example, the California Court of Appeal in *Barry v. Raskov*, 232 Cal. App. 3d 447

4  (1991), held that the trial court improperly granted prejudgment interest after the jury had

5  already awarded damages, noting that "[t]he trial court had no authority to usurp the discretion

6  conferred on the jury." *Id.* at 457; *see also In re Slatkin*, 525 F.3d 805, 820 (9th Cir. 2008)

7  (endorsing the holding in *Barry*). In *King v. S. Pac. Co.*, 109 Cal. 96, 99 (1895), the Supreme

8  Court of California held that a trial court's jury instruction was "clearly erroneous" when it

9  provided guidance to the jury regarding which interest rate to apply and from which dates. *Id.* at

10  99. The *King* court emphasized that "the question of interest must be left to the discretion of the

11  jury," and further noted that "a modification of the judgment cannot be made" when the jury

12  verdict was for a "lump sum." *Id.* at 99, 100. In both cases—like the one at bar here—a jury

13  served as the trier of fact.

14  Citing this California caselaw, federal courts within California have likewise held that

15  they lack the authority to award prejudgment interest under § 3288 where the jury served as trier

16  of fact. *25 W. Air Charter, Inc. v. Schembari*, 2019 WL 6998789, at *4 (C.D. Cal. Mar. 7, 2019)

17  (finding "no authority for the proposition that a court may award prejudgment interest under §

18  3288 after a jury verdict was returned without such an award" and, therefore, holding "that it

19  may not award prejudgment interest under § 3288") (*internal citations and quotations omitted*);

20  *Softketeers, Inc. v. Regal W. Corp.*, No. 8:19-CV-00519-JWH (JDEX), 2023 WL 2024701, at

21  *4–5 (C.D. Cal. Feb. 7, 2023), *amended*, No. 819CV00519JWHJDEX, 2023 WL 2016926 (C.D.

22  Cal. Feb. 10, 2023), *and amended on denial of reconsideration*, No. 8:19-CV-00519-JWH

23  (JDEX), 2023 WL 9227018 (C.D. Cal. Mar. 14, 2023), *and appeal dismissed*, No. 23-55136,

24  2023 WL 3475440 (9th Cir. Apr. 6, 2023), *and aff'd*, No. 24-150, 2025 WL 636708 (9th Cir.

25  Feb. 27, 2025) (*same*).

26  Accordingly, as this case has already been tried to a jury to verdict, the Court may not

27  alter that verdict to impose prejudgment interest in response to a post-verdict motion such as this.

28

**B.** **Under California Law, The Jury's Determination of Plaintiffs' Comparative Negligence Is a Bar to the Recovery of Prejudgment Interest.**

Again, assuming *arguendo* that the Court has discretion to enter a post-verdict award of prejudgment interest, the jury finding of Plaintiffs' comparative negligence is a bar to the recovery of prejudgment interest. Under California law, prejudgment interest cannot be awarded in a case of comparative negligence because the defendant cannot know the amount of damages that will be awarded against the defendant. *Wisper Corp. v. California Com. Bank*, 49 Cal. App. 4th 948, 960–62 (1996).

In *Wisper*, the Court of Appeal noted that "[t]he policy underlying authorization of an award of prejudgment interest is to compensate the injured party—to make that party whole for the accrual of wealth which could have been produced during the period of loss." *Id.* at 960. "The statute does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, 'depends upon a judicial determination based upon conflicting evidence and is not ascertainable from truthful data supplied by the claimant to his debtor.'" *Id.*, citing *Fireman's Fund Insurance Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1173, (1991). Thus, where the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate. *Id.*

The Ninth Circuit Court of Appeals dealt with this issue in a case involving equitable indemnity in *National Union Fire Ins. v. Showa Shipping Co.*, 47 F.3d 316 (9th Cir.1995). In that case, the court held that Civil Code prejudgment interest was not appropriate, stating "[defendant] not only disputed whether it was liable, but also, if liable, its liability in proportion to that of the other settling defendants. While the amount [plaintiff] contributed to the settlement of the underlying action was capable of being made certain as of the date of the settlement, [defendant's] share of that settlement was uncertain. Accordingly, the District Court erred in awarding prejudgment interest to [plaintiff]." *Id.* at 324. The court found that "an award of prejudgment interest ... was inappropriate as the damages were not capable of being made certain before a trial and a determination of the relative fault of the parties." *Id.* at 325.

Applying these principles to the facts of this case, here, Plaintiffs have never alleged any

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1   specific amount of damages, either in their original Complaint, their First Amended Complaint,

2   their Second Amended Complaint, their FED. R. CIV. P. 26 initial disclosures, or in any discovery

3   response.   In response to discovery requests, Plaintiffs have admitted that their damages may

4   only be decided by the trier of fact.  Not only was liability hotly contested, but the relative fault

5   of Plaintiffs and American Airlines could not be determined until after trial.    The policy

6   underlying the requirement for prejudgment interest where damages are deemed certain is that in

7   situations where the defendant could have timely paid that amount and has thus deprived the

8   plaintiff of the economic benefit of those funds, the defendant should therefore compensate with

9   appropriate interest.  Here, Plaintiffs did not provide American Airlines with a computation of

10  damages until approximately one month before trial.  Plaintiffs were then apportioned a 27.5%

11  share of comparative fault in connection with this incident, whereas American Airlines was

12  apportioned a 77.5% share of fault.  Accordingly, awarding prejudgment interest here would not

13  serve the underlying public policy.  These facts do not present a case in which American could

14  have paid damages which were certain or capable of being made certain, absent a fully litigated

15  apportionment of fault.

16      ### C. Under California Law, Plaintiff is Entitled Only to Prejudgment Interest on Past

17      ### Economic Losses at a Rate of Seven Percent.

18      Under California law, prejudgment interest cannot be awarded on damages for the

19  intangible, noneconomic aspects of mental and emotional injury because they are inherently

20  nonpecuniary, unliquidated, and not readily subject to precise calculation.  *Greater Westchester*

21  *Homeowners Assn v. L.A.*, 26 Cal. 3d 86, 102-103 (1979).  Prejudgment interest may only be

22  awarded on past economic damages.  *Id.*  Interest is not compounded.  *Douglas v. Westfall*, 113

23  Cal. App. 2d 107, 112 (1952).  Pursuant to the California Constitution, the interest rate is seven

24  percent per annum.  California Constitution, Article XV, Section 1.  Accordingly, in the highly

25  unlikely event that the Court determines that prejudgment interest may be awarded under

26  California law, simple interest calculated at seven percent of the jury verdict on past economic

27  damages ($699,832) is the proper measure.  Plaintiffs' demand for prejudgment interest on the

28  entire amount of the jury verdict, including both past and future damages, economic and non-

1    economic, is without any support in California (or federal) law.

2                                    III

3    **ASSUMING, *ARGUENDO*, THAT FEDERAL LAW APPLIES TO THE ISSUE OF**

4    **RECOVERABLE DAMAGES, THIS COURT SHOULD NOT EXERCISE ITS**

5    **DISCRETION TO AWARD PREJUDGMENT INTEREST**

6           Turning to federal law, Plaintiffs failed to comply with the basic requirement of Rule

7    26(a)(1)(A)(iii) that a party provide "a computation of each category of damages claimed." FED.

8    R. CIV. P. 26(a)(1)(A)(iii).  Prior to filing this Motion after the entry of the jury verdict, Plaintiffs

9    never asserted a claim for prejudgment interest on their tort claim.  Moreover, Plaintiffs never

10   provided a computation of past economic damages in any pleading or discovery response.

11          Under FED. R. CIV. P. 37(c)(1), "[i]f a party fails to provide information or identify a

12   witness as required by Rule 26(a) or (e), the party is not allowed to use that information or

13   witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

14   substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).  Here, Plaintiffs' failure to

15   provide a computation of damages to American Airlines is neither substantially justified nor

16   harmless.  The failure is not substantially justified because there can be no reason for Plaintiffs to

17   fail to provide a computation of past economic damages in their Rule 26(a)(1)(A) initial

18   disclosure – these amounts would have been known only to Plaintiffs, particularly amounts paid

19   out of pocket to Mr. Plasencia's in-home caregivers, which constitute the bulk of Plaintiffs'

20   damages and which are not ascertainable by reference to medical records.  Plaintiffs' failure to

21   assert their claim for prejudgment interest until after the jury rendered its verdict is also

22   prejudicial to American Airlines because American Airlines lost the opportunity to argue, before

23   trial, that this claim should have been submitted to the discretion of the jury.  Accordingly, under

24   the Federal Rules of Civil Procedure, Plaintiffs should be prohibited from seeking prejudgment

25   interest under federal law.

26          Even if the Court were to permit the recovery of prejudgment interest in connection with

27   a Montreal Convention case, and to determine that the recovery of prejudgment interest is

28   governed federal law, prejudgment interest remains an element of damages, not a penalty.

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1   *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir.2002).   Under *Schneider*, the

2   purpose of awarding prejudgment interest is "to compensate for the loss of use of money due as

3   damages from the time the claim accrues until judgment is entered, thereby achieving full

4   compensation for the injury those damages are intended to redress." *Id.*

5       Plaintiffs incorrectly argue in their Motion that the Ninth Circuit opinion in *Barnard v.*

6   *Theobald*, 721 F.3d 1069 (9th Cir. 2013) permits the award of prejudgment interest on the

7   entirety of the jury's verdict, including economic and non-economic damages, past and future.

8   This is incorrect.   In *Barnard*, the Ninth Circuit reiterated that prejudgment interest may only be

9   awarded on past damages, but also held that prejudgment interest may be awarded on past non-

10  economic damages, which diverges from California law.   *Id.* at 1078.   Federal law also differs

11  from California law in that the award of prejudgment interest on a personal injury action such as

12  this is at the discretion of the Court, and not at the discretion of the jury.

13      The Supreme Court has held that in exercising its discretion to award prejudgment

14  interest, a district court should consider "whether prejudgment interest is necessary to

15  compensate the plaintiff fully for his injuries, the degree of personal wrongdoing on the part of

16  the defendant, the availability of alternative investment opportunities to the plaintiff, whether the

17  plaintiff delayed in bringing or prosecuting the action, and other fundamental considerations of

18  fairness."   *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989).   Courts within the Ninth

19  Circuits have also taken into consideration the following factors when determining whether to

20  exercise their discretion to award prejudgment interest: (1) the time between the lawsuit's filing

21  and the judgment, (2) whether awarding interest will penalize the defendant for "litigating a bona

22  fide dispute" (3) whether the plaintiff made settlement offers such that the defendant's refusal to

23  settle could be construed as "placing the prejudgment interest amount at risk."   *Forouzan v.*

24  *BMW of N. Am., LLC*, No. CV173875DMGGJSX, 2019 WL 856395, at *3 (C.D. Cal. Jan. 11,

25  2019).

26      Here, Plaintiffs filed suit nearly two years after this incident, on October 31, 2023.   ECF

27  No. 1.   The action progressed relatively swiftly to trial, with trial completed within two years of

28  filing.   Awarding interest to the Plaintiffs here will penalize American Airlines for litigating a

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1    bona fide dispute as to its liability for any of Plaintiffs' injuries and damages, as well as

2    Plaintiffs' own comparative negligence, which was ultimately adjudged to be 27.5% by the jury.

3    As set forth above, Plaintiffs have already been fully compensated in an amount that could only

4    have been decided by a jury.  This Court should not award prejudgment interest on these entirely

5    unliquidated amounts, which were unknowable to American Airlines until the time of trial,

6    which Plaintiffs affirmatively conceded in their discovery responses.

7        Although the federal standard permits the Court to award prejudgment interest on

8    Plaintiffs' past economic and non-economic losses, at its discretion, the Court should not do so

9    here for all of the reasons set forth above.  If the Court does exercise its discretion to award

10    prejudgment interest at the rate requested by Plaintiffs (3.65%), the award should be on pre-

11    incident economic damages, only, reduced by 77.5% to reflect the Plaintiffs' comparative fault.

12        American Airlines does not object to the utilization of the 3.65% rate proposed by

13    Plaintiffs as well for postjudgment interest which, as set forth above, is governed by federal law

14    and subject to the discretion of the Court.  *Maddox*, *supra*, 298 F.3d at 699-700 (Prejudgment

15    interest rate determined by local law in cases governed by the Convention, although federal

16    statute governs imposition of postjudgment interest in all cases adjudicated in federal court).

17        Following the Court's decision on whether or not prejudgment interest may be recovered,

18    and if so, by what standard, federal or state, and on what elements of the jury verdict, American

19    Airlines will provide its economist's calculation of the applicable prejudgment interest.

## CONCLUSION

21        American Airlines, Inc. respectfully requests that the Court deny Plaintiffs' Motion

22    insofar as it seeks prejudgment interest, and enter judgment in the amount of the verdict returned

23    by the jury, only.

24    / /

25    / /

26    / /

27    / /

28    / /

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

1    Dated: October 3, 2025                    CONDON & FORSYTH LLP

2

3                                              By: _____

4                                                  DAVID J. HARRINGTON

                                                   -and-

5                                                  IVY L. NOWINSKI
                                                   CONDON & FORSYTH LLP
6                                                  1610 R Street, Suite 300
                                                   Sacramento, CA 95811
7                                                  Telephone: (310) 557-2030
                                                   Facsimile: (310) 557-1299
8
                                                   Attorneys for Defendant
9                                                  AMERICAN AIRLINES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030