# EXHIBIT A

**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.: 5:23-cv-05607-BLF<br><br>**PLAINTIFFS' INITIAL DISCLOSURES** |

Plaintiffs, Ana Maria Marcela Tavantzis, as an individual, and as Durable Power of Attorney of Jesus Alfredo Plasencia, an Incapacitated Person ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 26(a)(1), and subject to and without waiver of any objections regarding further discovery of the matters identified and the admissibility of evidence at trial, hereby submit their Initial Disclosures. Plaintiffs make these disclosures based on their knowledge at this time. Although Plaintiffs have made a reasonable investigation, they specifically reserve the right to supplement or revise these disclosures in the future. Plaintiffs do not represent that they are identifying every person, document, or tangible thing that ultimately will be determined likely to contain discoverable information, and Plaintiffs reserve the right to supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e). Plaintiffs further reserve the right to object to the production of any documents, information, or items referenced in this disclosure to the extent they are privileged, subject to a protective order, or production is otherwise objectionable under federal or state law.

I.   **INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Plaintiffs identify the following individuals and entities who may have knowledge or discoverable information in this matter:

A.   Plaintiff Jesus Plasencia, who has information concerning the allegations in the First Amended Complaint ("Complaint") (Dkt. No. 24). Plaintiff Plasencia may be contacted solely through his undersigned counsel.

B.   Plaintiff Marcela Tavantzis, who has information concerning the allegations in the First Amended Complaint ("Complaint") (Dkt. No. 24). Plaintiff Tavantzis may be contacted solely through her undersigned counsel.

C.   Dr. Christopher O'Grady, Parajo Valley Medical Clinic, 65 Nielson St., #104, Watsonville, CA 95076, (831) 786-8595. Dr. O'Grady provided medical treatment to Plaintiff Plasencia before and following the incident forming the basis of Plaintiffs' case.

1  D.  Agents, employees, and records custodians of Dominican Hospital, 1555 Soquel Drive, Santa Cruz, CA 95065, (844) 264-4982. Provided medical treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

E.  Agents, employees, and records custodians of Hospital Universitario La Paz, Paseo De La Castellana 261, 28046, Madrid, Spain, (91) 727-70-00. Provided medical treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

F.  Agents employees, and records custodians of On Call International, 11 Manor Parkway, Salem, NH 03079, (603) 952-2049. Provided emergency transport services to Plaintiffs following the incident forming the basis of Plaintiffs' case.

G.  Dr. Sirish Nakka, Sleep Health MD - Aarib B. Morse, MD Inc., 150 Carnation Drive, Suite 4, Freedom, CA 95019. Provided medical treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

H.  Agents, employees, and records custodians of Watsonville Community Hospital, 75 Nielson St., Watsonville, CA 95076, (831) 724-4741. Provided occupational therapy to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

I.  Dr. Mark Rosen, Sutter Health Chanticleer Center, 2911 Chanticleer Ave., Santa Cruz, CA 95065, (831) 458-5520. Provided medical treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

J.  Dr. Jason Luksich, Sutter Health Santa Cruz Center, 2025 Soquel Ave., 3rd Floor, Santa Cruz, CA 95062, (877) 252-1777. Provided medical treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

K.  Dr. Fern Le, Capitola Endodontics, 2121 41st Ave, Ste. 201, Capitola, CA 90510, (831) 475-1234. Provided medical treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

L.  Agents, employees, and records custodians of Cabrillo College Stroke & Disability Learning Center (SDLC) & Adaptive PE, 318 Union Street, Watsonville, CA

95076, (831) 477-3300. Provided rehabilitative treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

      M.    LoAnn Do and Hiroko Omata, DoMini Movements, 2425 Porter Street, Suite 5F, Soquel, CA 95073. Provided rehabilitative treatment to Plaintiff Plasencia following the incident forming the basis of Plaintiffs' case.

      N.    Dr. Jenny Garcia. Provided medical treatment to Plaintiff Plasencia on board AA Flight 68. This individual has knowledge regarding the incident forming the basis of Plaintiffs' case. Dr. Garcia may be contacted through Plaintiffs' undersigned counsel.

      O.    Dr. Karla Panameno, Salud Para La Gente, 204 East Beach Street, Watsonville, CA 95073, (831) 728-0222. Provided medical treatment to Plaintiff Tavantzis before and following the incident forming the basis of Plaintiffs' case.

      P.    Elizabeth Tatum, 9520 Soquel Drive, Aptos, CA 95003, (831) 688-8789. Provided treatment to Plaintiff Tavantzis following the incident forming the basis of Plaintiffs' case.

      Q.    Dr. Darren Huckle, Roots of Wellness, (831) 334-5177. Provided treatment to Plaintiff Tavantzis following the incident forming the basis of Plaintiffs' case.

      R.    Debra Shaffer, AA Senior Claims Analyst. This individual has knowledge of AA's ticketing system, revenue system, and alleged determination that Plaintiffs were not in need of immediate economic assistance. (Dkt. No. 31-1).

      S.    The Captain of AA Flight 68 from MIA to MAD on November 8, 2021, the identity of whom will be determined through discovery. This individual has knowledge regarding the incident forming the basis of Plaintiffs' case.

      T.    The First Officer of AA Flight 68 from MIA to MAD on November 8, 2021, the identity of whom will be determined through discovery. This individual has knowledge regarding the incident forming the basis of Plaintiffs' case.

      U.    The Flight Attendants of AA Flight 68 from MIA to MAD on November 8, 2021, the identities of whom will be determined through discovery. These individuals have knowledge regarding the incident forming the basis of Plaintiffs' case.

V. The passengers of AA Flight 68 from MIA to MAD on November 8, 2021, the identities of whom will be determined through discovery through a review of passenger names and seat locations. These individuals have knowledge regarding the incident forming the basis of Plaintiffs' case.

W. The emergency response teams who routinely respond to emergencies at MIA, the identities of whom will be determined through discovery. These individuals can testify regarding to which stroke center or emergency room Plaintiff Plasencia would have been transported had Defendant personnel requested emergency assistance and evaluation.

X. Third parties who knew Plaintiff Plasencia prior to AA Flight 68. These individuals can testify regarding Plaintiff Plasencia's quality of life before the accident.

Y. Defendant American Airlines employees, the identities of whom will be determined through discovery, who are knowledgeable regarding the policies and procedures to be followed by flight crews in the case of an on-board medical emergency.

Z. Representatives of any third-party provider engaged by Defendant American Airlines, the identities of whom will be determined through discovery, to provide remote medical triage or treatment advice.

AA. Plaintiffs also believe that Defendant American Airlines, including its parents and affiliates, and current and former of Defendant's officers, directors, and other employees and contractors, the identities of whom will be determined through discovery, are likely to possess information that may support the allegations in the First Amended Complaint.

II. **CATEGORICAL DESCRIPTION AND LOCATION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiffs identify the following documents, electronically stored information ("ESI") and tangible things that are in the possession, custody and control of Plaintiffs, and which Plaintiffs may use to support their claims. These disclosures are made without waiver of, or prejudice to, any

objection Plaintiffs may have, including to the use at trial of any of the documents or information disclosed in the categories below, this document itself, or any other document or thing produced pursuant to Rule 26. This disclosure of documents is based on information currently available. Plaintiffs reserve the right to supplement this disclosure based on additional information discovered in the course of this litigation and to offer additional documents at trial or otherwise in this proceeding:

  A. Publicly available documents;

  B. Documents referenced and incorporated in the First Amended Complaint;

  C. Medical and billing records of Plasencia;

  D. Medical and billing records of Tavantzis;

  E. Documents evidencing AA's ticketing and reservations regarding Plaintiffs;

  F. Documents evidencing the costs associated with Plasencia's care;

  G. Documents evidencing the costs associated with Tavantzis' care;

  H. Documents evidencing the identity of any of the individuals or categories of individuals listed in Section I;

  I. Documents evidencing Defendant's agreement with third-party providers of remote medical triage, evaluation, and/or assessment of on-board medical emergencies;

  J. Documents evidencing Defendant's protocol regarding on-board medical emergencies;

  K. Documents evidencing available EMT and deplaning options available at MIA immediately prior to the departure of AA Flight 68;

  L. Documents evidencing the names and identities of all healthcare providers who were onboard AA Flight 68;

  M. Documents evidencing the knowledge and/or completion of required emergency training materials by AA Flight 68 airline personnel;

  N. Documents evidencing any security, surveillance, film, or other recording of the events forming the basis of Plaintiffs' case;

O.  Documents evidencing any non-privileged communications by text, email, or any other method with any airline personnel regarding the events forming the basis of Plaintiffs' case, including communications that occurred contemporaneously;

P.  Documents related to the disciplinary records or personnel files of the AA Flight 68 airline personnel;

Q.  Documents evidencing the activities of AA Flight 68 airline personnel in the 8 hours prior to takeoff, during, and immediately after AA Flight 68, including but not limited to texts and phone call records;

R.  Documents showing the schedules and shifts of AA Flight 68 airline personnel immediately before AA Flight 68; and

S.  Documents evidencing the contract between Plaintiffs and Defendant.

## III. COMPUTATION OF DAMAGES.

As set forth in the First Amended Complaint, Plaintiffs seek an award for all permissible damages under the governing law, including damages under the Montreal Convention for past and future lost earnings, past and future lost accumulations, past and future medical expenses, mental anguish and suffering, and loss of consortium. Plaintiffs also seek breach of contract damages in the form of financial hardship, lost interest, increased costs and expenses, and attorney's fees. Plaintiffs hereby reserve the right to supplement this initial disclosure upon completion of their ongoing evaluation of damages to Plaintiffs. Any expert analysis concerning Plaintiffs' economic damages will be supplied in connection with any deadlines established by Rule 26(a)(2), the Court, or as otherwise appropriate.

## IV. INSURANCE AGREEMENTS.

Plaintiffs are unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse payments made to satisfy the judgment.

| | | |
|---|---|---|
| 1 | Dated: January 22, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Hannah M. Crowe* |
| | | Darren P. Nicholson (*pro hac vice*) |
| 4 | | dnicholson@burnscharest.com |
| 5 | | Hannah M. Crowe (*pro hac vice*) |
| | | hcrowe@burnscharest.com |
| 6 | | **BURNS CHAREST LLP** |
| 7 | | 900 Jackson Street, Suite 500 |
| | | Dallas, TX 75202 |
| 8 | | Telephone: (469) 904-4550 |
| 9 | | |
| 10 | | Sanjiv N. Singh (State Bar No. 193525) |
| | | ssingh@sanjivnsingh.com |
| 11 | | **SANJIV N. SINGH, APLC** |
| 12 | | 1700 South El Camino Real, Suite 503 |
| | | San Mateo, CA 94402 |
| 13 | | Telephone: (650) 389-2255 |
| 14 | | |
| 15 | | *Attorneys for Plaintiffs* |

7

PLAINTIFFS' INITIAL DISCLOSURES
CASE NO.: 5:23-CV-05607-BLF

# PROOF OF SERVICE

I am employed by Burns Charest LLP, 900 Jackson Street, Suite 500, Dallas, Texas 75202. I am over the age of eighteen years and am not a party to this action. On January 22, 2024, I served the below document *via electronic mail* on:

KELLY H. KOLB (FL.BN 343330)
Kelly.kolb@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
401 E. Las Olas Blvd. Suite 2250
Fort Lauderdale, FL
Telephone: 954-703-3944
Fax: 954-527-9915
*(Admitted Pro-Hac Vice D.E 11)*

TIMOTHY K. DAVELER (SBN 332986)
timothy.daveler@bipc.com
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax: 619 702 3898

*Counsel for American Airlines, Inc.*

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct, executed on January 22, 2024 at Dallas, Texas.

            */s/ Hannah M. Crowe*
            Hannah M. Crowe