# EXHIBIT B

TIMOTHY K. DAVELER (SBN 332986)
Timothy.daveler@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA  92101
Telephone:   619 239 8700
Fax:              619 702 3898

KELLY H. KOLB (admitted *Pro Hac Vice*)
kelly.kolb@bipc.com
ROBERT PECCHIO (admitted *Pro Hac Vice*)
robert.pecchio@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
401 E. Las Olas Blvd., Suite 2250
Fort Lauderdale, FL 33301
Telephone: 954-703-3944

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>                    Plaintiffs,<br>     vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>                    Defendant. | Case No.:  5:23-cv-05607-BLF<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |

Defendant, American Airlines, Inc. ("**AA**" or "**Defendant**"), by and through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories on Plaintiff Ana Maria Marcela Tavantzis, as an individual, ("**Tavantzis**"), and as Durable Power of Attorney of Jesus Alfredo Plasencia ("**Plasencia**"), an incapacitated person, (collectively "**Plaintiffs**") to be answered under oath within thirty (30) days from the date of service of such Interrogatories. If the following Interrogatories cannot be answered in full, state an answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular way, please set forth the details of such qualifications. The Interrogatories shall be deemed to be continuing in the manner provided by law.

DATED:  April 17, 2024                BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Kelly H. Kolb*
    TIMOTHY K. DAVELER
    KELLY H. KOLB (admitted *Pro Hac Vice*)
    ROBERT PECCHIO (admitted *Pro Hac Vice*)
    Attorneys for Defendant
    AMERICAN AIRLINES, INC.

# DEFINITIONS

The following definitions shall apply to these Interrogatories:

A. "Person" shall mean the plural as well as the singular and shall include any natural Person, alive or deceased, and any firm, corporation, proprietorship, joint venture, trust or estate, business, association, partnership, or other form of legal entity, unless the context indicates otherwise.

B. The term "Document(s)" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copy or otherwise, including, but limited to: correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other Communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectus, financial statements, schedules, affidavits, contracts, cancelled checks, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing) graphic or oral records or representations of any kind, including without limitations, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and

electronic, mechanical or electrical recordings or representations of any kind (including without limitations tapes, cassettes, disks, recordings).

C. "Identify" or "Identity" when used in reference to a Document (as defined herein) shall be understood as an instruction to Identify the Document completely. The identifications shall include, but not be limited to, the Document's date, title, author(s), addressee(s), and other recipient(s), type (e.g., letter, notes, memorandum, diary, etc.), subject matter, present location, present custodian, and the purpose(s) for which the Document was created or prepared.

D. "Identify" or "Identity" when used in reference to a Person (as defined herein) shall be understood as an instruction to Identify the Person completely. The identification shall include, but not be limited to, the Person's full name, state of incorporation (if applicable), last known business address, last known home address (if applicable), last known business, profession, or occupation, last known job title, date of birth, driver's license number and Social Security number.

E. "Each" shall mean Each and every.

F. "Expert" does not include persons retained by you or on your behalf who you can positively aver are being used solely for consultation and who will not be called as an expert witness and whose work product, impressions, or opinions have not been reviewed by an expert that may be a witness in this lawsuit or any consultant expert who has knowledge or opinions relating to the issues in this lawsuit that was not hired in anticipation of this lawsuit.

G. "Relating to" shall mean embodying, pertaining to, concerning, constituting, comprising, reflecting, discussing, referring to, or having any logical or factual connection whatever with the subject matter in question.

H. "This case," "this litigation," "this action," and "this lawsuit" shall mean the lawsuit described in the caption to these interrogatories and shall include the claims and defenses of the parties.

I. "Incident" shall mean the set of facts forming the basis of the incident alleged by Plaintiffs in their Amended Complaint in which Plaintiffs allege they sustained injuries, most notably the personal injuries sustained by Plasencia, due to events that occurred on AA Flight 68, which departed from Miami on November 8, 2021, and arrived in Madrid, Spain on November 9, 2021.

J. "Flight" shall mean AA Flight 68.

K. "You" and "your" shall refer to and include Plaintiffs and Plaintiffs' agents, attorneys, experts, investigators, representatives and all others, whether past or present, who have obtained information for or on behalf of Plaintiffs.

L. "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whosoever, made including, but not limited to, correspondence, conversations, dialogue, e-mail, discussions, interviews, facsimiles, consultations, agreements or other understandings.

M.  The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; the term "including" shall mean "including without limitation."

N.  The words "evidencing", "regarding", "reflecting", or "relates to", shall mean relating to, referring to, connected with, commenting on, responding to, containing, evidencing, showing, memorializing, describing, concerning, mentioning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting or contradicting.

O.  "Relevant Time Period": unless stated otherwise in the following request, each request shall be presumed to request responsive information and/or responsive Documents for the relevant time period three years prior to the filing of the original Complaint to the present, or any other time period which is covered by the claims that are the subject of this action.

P.  "Benefits" mean anything of value received by Plaintiff including, but not limited to, life insurance, health insurance, dental insurance, disability insurance, paid vacation, paid sick days, paid personal days, severance payments or packages, tuition reimbursement plans, company picnics or parties, company retreats, company award programs at resorts paid for by the company, below market interest loans, credit union membership, motor vehicles provided by lease or otherwise, car allowances, annuities, pension payments, 401K matching plans or other pension or retirement payments, borrowing privileges against a 401K or

other pension fund, employee awards or rewards programs, cafeteria plan benefits, programs that permitted employee to receive pay in a manner in which the employee gets tax benefits if the employee uses the income to pay for day care, deductibles on insurance payments, etc., vision payments or plans, country club memberships, club memberships, use of company owned tickets to sporting, musical or other entertainment events, or any other type of perk or benefit.

Q. "Medical Facility" means any place where a person receives any medical, emotional or mental health assistance, treatment, advice, care or counseling for any illness, condition or problem. It includes first aid stations, medi-stop facilities, nurses' stations, clinics, hospitals, emergency rooms, treatment centers, church counseling, non-profit counseling, doctors' offices, psychologists' offices, psychiatrists' offices, etc.

R. "Medical Professional" and/or "healthcare provider" means anyone providing assistance to you for medical, emotional or mental problems of any sort, nature or variety. This includes but is not limited to doctors, counselors, psychiatrists, psychologists, pastors, ministers, priests, rabbis, faith healers, shamans, medicine men, nurses, mid-wives, therapists, occupational therapists, social workers, physician assistants, acupuncturists, specialists in holistic medicine or alternative healing methods, chiropractors, doctors of osteopathy, hypnotist, drug counselors and therapist.

# **INSTRUCTIONS**

1. If you object to fully Identifying or producing a Document or disclosing information because of a privilege, you must provide the information specified therein and produce a privilege log including:

    (i)   The place, date (or approximate date), and manner of recording or otherwise preparing the document;

    (ii)  The name and title of sender, and the name and title of recipient of the document;

    (iii) The summary of the contents of the documents;

    (iv)  The identity of each person or persons (other than those providing stenographic or clerical assistance) participating in the preparation of the document;

    (v)   The identity of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization, the date(s) of said communication, and the employer and title of each person identified at the time of said communication; and

    (vi)  A statement of the basis on which a privilege or exemption is claimed.

2. You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

# INTERROGATORIES

**Interrogatory No. 1**: Please recite the substance of each and every report, statement, memorandum, recording, testimony or admission or declaration against interest, whether written, verbal, electronic or otherwise, of Defendant, or any of its current or former agents, employees or representatives, concerning the subject matter of or claims or defenses in this action, of which you have knowledge. Include in your answer the date of the statement, and the participants or parties involved, and the identity of all documents reflecting same.

**Answer:**

**Interrogatory No. 2:** Please identify any and all persons known, believed or understood by you to have knowledge of relevant facts (i.e., information that supports, proves, disproves, or relates to any claims, defenses or issues in this action, and any other discoverable matter). Include in your answer a general summary of the information you know or believe is possessed by each person identified.

**Answer:**

**Interrogatory No. 3:** Give a concise statement of the facts as to how you contend that the incident took place, including in detail the events leading up to and including the alleged medical emergency experienced by Plasencia, as alleged in the Amended Complaint.

**Answer:**

**Interrogatory No. 4:** Please identify all persons who have given you signed, oral or recorded statements, photographs or diagrams concerning the incident made the basis of this lawsuit.

**Answer:**

**Interrogatory No. 5:** If you have at any time discussed the incident made the basis of this lawsuit or your claims in this lawsuit with anyone other than your attorneys, please state the following:

    a. The identity of each person with whom you have had such discussions;

    b. The date of the discussions;

    c. The substance of the discussions;

    d. The identify of all documents reflecting same.

**Answer:**

**Interrogatory No. 6:** Please itemize and state each item of damages, including economic, compensatory, legal fees, expert fees, etc., you claim are directly or indirectly attributable to and/or caused by the incident made the basis of this lawsuit and any act or omission of Defendant. Include in your answer the factual basis for each item of damages, and an explanation (i.e., formula, method of calculation, underlying hypotheses and assumptions, etc.) of how you computed each item of damages, including any mathematical formula used.

**Answer:**

**Interrogatory No. 7:** If you have sought treatment from any Medical Professional or any Medical Facility as a result of the incident made the basis of this lawsuit or any act or omission of this Defendant about which you are complaining or for which you seek recovery in this lawsuit, please identify each such Medical Professional and Medical Facility, identify the dates you were seen or treated, describe the nature of the treatment and/or examination you received, itemize the expenses paid and/or incurred for such treatment or examination and identify any prognosis or diagnosis provided to you. Please also identify any documents reflecting this information.

**Answer:**

**Interrogatory No. 8:** Please describe all personal and business PDAs, mobile phones or computers (as well as any memory storage devices) you used on November 8-9, 2021. Include in your answer the make, model, brand and year of manufacture, the type of e-mail software utilized, the identity and location of any backup or peripheral external storage devices utilized, the Identity of all persons with access to the devices and the current location and condition of the devices.

**Answer:**

**Interrogatory No. 9:** With respect to any communication (verbal, email, text, instant message, email, social media, etc.) you have had with any third-party (including friends, family members, co-workers, significant other, etc. but excluding your counsel) concerning the substance and circumstances of your claims asserted in this lawsuit, please state the following:

a) the identity (full name, address, phone number, email address, etc.) of each third party;

b) the substance of each communication;

c) the date and circumstances of each communication; and

d) the identity of all documents reflecting same.

**Answer:**

**Interrogatory No. 10:** Please state whether or not, on the date of the incident made the basis of this lawsuit, you were suffering from any physical or mental illness or condition requiring medical, psychological and/or psychiatric attention or supervision. If so, please generally describe the nature of such physical or mental illness and/or condition, the identity of all physicians, hospitals, medical institutions and/or health care providers treating you for such physical and/or mental illness and/or condition and the duration of such physical and/or mental illness and/or condition.

**Answer:**

**Interrogatory No. 11:** Please state each and every act and omission which you attribute to Defendant and which you contend proximately caused the incident made the basis of this lawsuit and/or your resulting injuries and damages, if any. Additionally, please identify all persons with knowledge of each such act and/or omission and the identify of all documents reflecting same.

**Answer:**

**Interrogatory No. 12:** With respect to all websites, social media sites (i.e., Facebook, MySpace, Twitter, Instagram, LinkedIn, Ning, GooglePlus, Tagged, Orkut, Hi5, Badoo, Bebo, MyLife, Friendster, or any similar social media site), or other electronic methods by which you communicate with others (i.e., iMessage, WhatsApp, or any other similar messaging application), please state the following:

a. The account, username, log-on name or other identifying information;

b. The identity of all persons who have had access to each such account during the Relevant Time Period;

c. The last time each such account was accessed and the identity of the persons accessing each such account at that time; and

d. All email accounts associated with each such account.

**Answer:**

**Interrogatory No. 13:** Please identify all persons and/or entities paying or reimbursing Plaintiffs for the costs of any evaluation and treatment of Plaintiffs' alleged injuries resulting from the subject incident. Please also state the amount of payments and/or reimbursements made and the extent to which future payments and/or reimbursements are anticipated.

**Answer:**

**Interrogatory No. 14:** With respect to each of the past five (5) years, state Plaintiffs' yearly gross income and yearly net income as reported on their Federal Income Tax Returns and state the name and address of the person, firm or corporation having custody of any papers pertaining to their income.

**Answer:**

**Interrogatory No. 15:** A statement of the statutes, ordinances, regulations or rules of the State, Municipality, or any of their departments or subdivisions, which are claimed to have been violated by Defendant, specifying the chapter or chapters, section or sections of the particular statute, ordinance, regulation or rule and the manner in which Defendant violated said statute, ordinance or regulation and the manner in which Plaintiffs are said to have been in the class protected by said statutes(s), ordinance or regulation.

**Answer:**

**Interrogatory No. 16:** If you have ever suffered any injuries in any accident, either prior or subsequent to the incident referred to in the Amended Complaint, state the date and place of such injury, a detailed description of all the injuries you suffered, the names and addresses of any hospitals, physicians, surgeons, osteopaths, chiropractors or other medical practitioners rendering treatment, the nature and extent of recovery, and, if any permanent disability was suffered, the nature and extent of the permanent disability and if you were compensated in any manner for any injury, state the names and addresses of each and every person or organization paying such compensation and the amount thereof.

**Answer:**

**Interrogatory No. 17:** Please identify all communications and/or claims Plaintiffs and/or their representatives have had with or submitted to Medicare, CMS (Centers for Medicare & Medicaid Services), the COBC (Coordination of Benefits Contractor), or the MSPRC (Medicare Secondary Payer Recovery Contractor) regarding conditional payments Medicare or Medicaid may have made, the amount Medicare or Medicaid may be owed, or the injuries Plaintiffs are claiming in this lawsuit.

**Answer:**

**Interrogatory No. 18:** Please identify all disability claim applications, determinations of same and communications with the Social Security Administration and/or and California agency regarding same.

**Answer:**

**Interrogatory No. 19:** With respect to all health, disability or other insurance policies or programs potentially providing coverage to Plaintiffs for the costs of evaluation and treatment of Plaintiffs' alleged injuries resulting from the subject incident, please identify each such provider, the policy numbers and/or claim numbers, the amounts paid by each such provider and the identity of your contact person(s) at each provider.

**Answer:**

# PROOF OF SERVICE

I am employed by Buchanan, Ingersoll & Rooney, P.C, 401 E. Las Olas Blvd., Suite 2250, Fort Lauderdale, FL 33301. I am over the age of eighteen years and am not a party to this action. On April 17, 2024, I served the foregoing document via electronic mail on:

Sanjiv Nand Singh
Sanjiv N. Singh, APLC
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

Darren P. Nicholson
Burns Charest LLP
900 Jackson Street. Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Email: dnicholson@burnscharest.com

Hannah M. Crowe
Burns Charest LLP
900 Jackson Street. Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Email: hcrowe@burnscharest.com

*Attorneys for Plaintiff*

By:*/s/ Robert Pecchio* _____
ROBERT PECCHIO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　　　　Defendant. | Case No.:  5:23-cv-05607-BLF<br><br>**VERIFICATION PAGE TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

## **VERIFICATION**

STATE OF

COUNTY OF

BEFORE ME, the undersigned Notary Public, on this date personally appeared ANA MARIA MARCELA TAVANTZIS, who executed the Answers to Defendant's First Set of Interrogatories, and who is personally _____ known to me or has produced _____ as identification, and who did take an oath, and swears under penalty of perjury that the foregoing is true and correct.

_____

　ANA MARIA MARCELA TAVANTZIS
　Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this ____ day of _____, __(year), by _____

　　　　　　　　　　　　　_____
　　　　　　　　　　　　　Notary Public, State of _____

---

18

DEFENDANT AMERICAN AIRLINES, INC.'S FIRST INTERROGATORIES Case No. 5:23-cv-05607-BLF