# EXHIBIT C

**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>        Plaintiffs,<br><br>    vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>        Defendant. | Case No.: 5:23-cv-05607-BLF<br><br>**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs, Ana Maria Marcela Tavantzis, as an individual, and as Durable Power of Attorney of Jesus Alfredo Plasencia, an Incapacitated Person ("Plaintiffs"), hereby serve objections and responses to Defendant American Airlines, Inc. ("Defendant" or "American") First Set of Interrogatories.

## **GENERAL OBJECTIONS**

Plaintiffs' responses are subject to, and do not waive, any of the following General Objections which apply to each answer below as if fully stated therein:

1. Plaintiffs object to each Definition, Instruction, or Interrogatory to the extent it purports to place greater burdens on Plaintiffs than those imposed by the Federal Rules, the Local Rules, or any other applicable rules or laws. Plaintiffs will respond consistent with their obligations under those rules or laws.

2. Plaintiffs object to the definition of "Identify" and "Identity" in paragraphs C and D as overbroad, unduly burdensome, and not proportional to the needs of the case in so far as it requires Plaintiffs to identify, for each "Document" the "date, title, author(s), addressee(s), and other recipient(s), type (e.g., letter, notes, memorandum, diary, etc.), subject matter, present location, present custodian, and the purpose(s) for which the Document was created or prepared" and for each "Person," historical and current business and personal addresses, a history of occupations and employment, and the "driver's license number and Social Security number" for any identification of a person. Plaintiffs further object that this definition seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs will provide reasonably available information and will use a reasonable definition of "Identify" and "Identity" as required under the circumstances.

3. Plaintiffs object to Definition K, with respect to the terms "you" and "your" as vague, ambiguous, overbroad, and unduly burdensome in that it purports to require Plaintiffs to respond on behalf of unrelated persons or entities. Plaintiffs will respond on their own behalf.

1

1        4.     Plaintiffs object to these Interrogatories to the extent they require Plaintiffs

2  to marshal their evidence before conducting discovery. Because discovery is ongoing,

3  Plaintiffs reserve the right to supplement these responses at an appropriate time and in

4  accordance with the deadlines set by the Court and the Federal Rules of Civil Procedure.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please recite the substance of each and every report, statement, memorandum, recording, testimony or admission or declaration against interest, whether written, verbal, electronic or otherwise, of Defendant, or any of its current or former agents, employees or representatives, concerning the subject matter of or claims or defenses in this action, of which you have knowledge. Include in your answer the date of the statement, and the participants or parties involved, and the identity of all documents reflecting same.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory as vague, ambiguous, and overbroad. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**On November 8, 2021 while passengers were boarding and before take-off, I spoke with the flight attendant and pilot about Jesse's condition. I do not remember their names but the general substance of the conversations are outlined in the Complaint. I told them both that I believed Jesse might have suffered a stroke. At the time, I relayed these conversations to family members in text messages, which I have given to my lawyers.**

**During the flight, I alerted the flight attendant to Jesse's worsening condition and spoke to him about it.**

**I know my lawyers have taken the deposition of Debra Shaffer and plan on interviewing and/or deposing other witnesses in this case.**

3

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 2:**  Please identify any and all persons known, believed or understood by you to have knowledge of relevant facts (i.e., information that supports, proves, disproves, or relates to any claims, defenses or issues in this action, and any other discoverable matter). Include in your answer a general summary of the information you know or believe is possessed by each person identified.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is publicly available. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for identification of persons "believed or understood" to have knowledge of "relevant facts." Plaintiffs also object to this Interrogatory as premature to the extent it calls for expert discovery, which is ongoing. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**I do not know if I can identify every single person who may have information about this case. For the people I do know, I am not sure I can provide an accurate summary of what they know or what they will testify to. To the best of my knowledge, these people have information about this case:**

**(a) <u>Other Passengers</u>. Other passengers on the flight saw what happened before take-off, during the flight, and after we landed. A few were doctors who rendered aid to Jesse during the flight. I do not remember all their names.**

**(b) <u>Jenny Garcia, MD</u>. Dr. Garcia provided aid to Jesse during the flight.**

**(c) <u>American Airlines Employees</u>. The flight attendants and pilots on the flight may have information about this case. Other American Airlines employees**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

likely have information about American Airlines procedures or other information about what happened.

(d) <u>Our doctors</u>. Our doctors have information about Jesse's stroke and the impact is has had on our family. To the best of my knowledge, these doctors are:

  i. Dr. Christopher O'Grady, Parajo Valley Medical Clinic, 65 Nielson St., #104, Watsonville, CA 95076, (831) 786-8595. Provided treatment to myself and to Jesse before and after the accident.

  ii. Doctors, nurses and employees of Dominican Hospital, 1555 Soquel Drive, Santa Cruz, CA 95065, (844) 264-4982. Provided treatment to Jesse after the accident.

  iii. Doctors, nurses and employees of Hospital Universitario La Paz, Paseo De La Castellana 261, 28046, Madrid, Spain, (91) 727-70-00. Provided treatment to Jesse after we landed in Madrid.

  iv. Employees of On Call International, 11 Manor Parkway, Salem, NH 03079, (603) 952-2049. Provided emergency transport services to return Jesse to the United States.

  v. Dr. Sirish Nakka, Sleep Health MD - Aarib B. Morse, MD Inc., 150 Carnation Drive, Suite 4, Freedom, CA 95019. Provided treatment to Jesse after the accident.

  vi. Employees of Watsonville Community Hospital, 75 Nielson St., Watsonville, CA 95076, (831) 724-4741. Provided occupational therapy to Jesse after the accident.

  vii. Dr. Mark Rosen, Sutter Health Chanticleer Center, 2911 Chanticleer Ave., Santa Cruz, CA 95065, (831) 458-5520. Provided treatment to Jesse after the accident.

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

viii.    **Dr. Jason Luksich, Sutter Health Santa Cruz Center, 2025 Soquel Ave., 3rd Floor, Santa Cruz, CA 95062, (877) 252-1777. Provided treatment to Jesse after the accident.**

ix.    **Dr. Fern Le, Capitola Endodontics, 2121 41st Ave, Ste. 201, Capitola, CA 90510, (831) 475-1234. Provided treatment to Jesse after the accident.**

x.    **Agents, employees, and records custodians of Cabrillo College Stroke & Disability Learning Center (SDLC) & Adaptive PE, 318 Union Street, Watsonville, CA 95076, (831) 477-3300. Provided rehabilitative treatment to Jesse after the incident.**

xi.    **LoAnn Do and Hiroko Omata, DoMini Movements, 2425 Porter Street, Suite 5F, Soquel, CA 95073. Provided rehabilitative treatment to Jesse after the accident.**

xii.    **Dr. Karla Panameno, Salud Para La Gente, 204 East Beach Street, Watsonville, CA 95073, (831) 728-0222. Provided treatment to me after the accident.**

xiii.    **Elizabeth Tatum, 9520 Soquel Drive, Aptos, CA 95003, (831) 688-8789. Provided treatment to me after the accident.**

xiv.    **Dr. Darren Huckle, Roots of Wellness, (831) 334-5177. Provided treatment to me after the accident.**

xv.    **Dr. Milan Patel, 4747 Soquel Drive, Soquel, CA 95073, (831) 477-9912. Provided treatment to Jesse after the accident.**

xvi.    **Dr. Punit Patel, Dignity Health Medical Group, 1595 Soquel Dr Ste 140 Santa Cruz, CA 95065. Provided treatment to Jesse after the accident.**

xvii.    **The Foot Doctors of Santa Cruz County, 47 Penny Lane, Ste. 1, Watsonville, CA 95076, (831) 728-8844. Provided treatment to Jesse before and after the accident.**

6

xviii.  **Eleanor Seiff-Mendelson, Five Branches University, 200 7th Avenue, #115, Santa Cruz, 95062. Provided treatment to Jesse after the accident.**

xix.   **Dr. Benjamin N. Potkin, Monterey Bay Cardiovascular Center, 73 Penny Lane, Watsonville, CA 95076, (831) 761-8500. Provided treatment to Jesse after the accident.**

(e) <u>**Our family.**</u> **I have spoken to Andrea Tavantzis, Antonio Tavantzis, Constantino Jara, Luisa Plasencia, Maggie Martinez, and Elvira Garcia about what happened on the flight and how it has affected our family. I do not think I can accurately summarize what they know or do not know.**

(f) <u>**Our friends.**</u> **I have spoken to all of Jesse's and my friends about what happened to him on the American Airlines flight and Jesse's condition.**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1
2
3
4

**<u>INTERROGATORY NO. 3:</u>** Give a concise statement of the facts as to how you contend that the incident took place, including in detail the events leading up to and including the alleged medical emergency experienced by Plasencia, as alleged in the Amended Complaint.

5
6
7
8
9
10
11
12
13
14
15
16

**<u>ANSWER:</u>** Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative of the information contained in Plaintiffs Complaint. Plaintiffs further object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory as overbroad and unduly burdensome because it requests Plaintiffs to marshal their facts and evidence prior to the commencement of discovery. Pursuant to Fed. R. Civ. Pr. 33(a)(2) contention interrogatories are not ordinarily answered until discovery is complete. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

17
18
19
20

**My attorneys filed a Complaint and First Amended Complaint on our behalf. I have reviewed the First Amended Complaint and, to the best of my knowledge, it is accurate and gives a concise statement about what happened. At the appropriate time, I am willing to answer American Airlines' questions under oath.**

21
22
23
24
25
26
27
28

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTERROGATORY NO. 4:**  Please identify all persons who have given you signed, oral or recorded statements, photographs or diagrams concerning the incident made the basis of this lawsuit.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs also object to this Interrogatory as premature to the extent it calls for expert discovery, which is ongoing. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**I have not asked anyone to sign an oral or recorded statement, photograph, or diagram concerning what happened to Jesse. Accounts of what happened might be reflected in medical records. I have provided the information I have in my possession to my lawyers. I have been told my lawyers received a declaration from Dr. Garcia and will be providing a copy to American Airlines.**

9

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 5:**  If you have at any time discussed the incident made the basis of this lawsuit or your claims in this lawsuit with anyone other than your attorneys, please state the following:

    a.  The identity of each person with whom you have had such discussions;

    b.  The date of the discussions;

    c.  The substance of the discussions;

    d.  The identify of all documents reflecting same.

**ANSWER:** Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs further object to this Interrogatory as unreasonably cumulative, duplicative, not proportional to the needs of the case. Plaintiffs further object that this Interrogatory is highly invasive of their rights to privacy and/or other privileges that may exists. Plaintiffs object to this omnibus "gotcha" interrogatory because it is designed to harass, cause unnecessary delay, and needlessly increase the cost of litigation particularly as it seeks information about discussions made "at any time" "with anyone other than your attorneys." Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**The stroke Jesse suffered on the American Airlines flight left him permanently disabled, and I have been responsible for his care since that time. I cannot possibly tell you every person I have spoken to about Jesse, his stroke, or his condition, much less the date or substance of every single discussion.**

**Other than my lawyers, I believe anyone I would have spoken to about the flight or this lawsuit were identified in questions 2 and 4 above, but I do not remember the date or time of every discussion. In addition, I spoke to Arch Insurance Solutions about the need for an air ambulance to transport us from Madrid back to California, and the Gate1 Travel Agency about our need to change our travel plans because of the stroke. I also spoke to my cell service provider, AT&T, to extend our international plan because we had to stay in Madrid.**

10

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 6:**  Please itemize and state each item of damages, including economic, compensatory, legal fees, expert fees, etc., you claim are directly or indirectly attributable to and/or caused by the incident made the basis of this lawsuit and any act or omission of Defendant. Include in your answer the factual basis for each item of damages, and an explanation (i.e., formula, method of calculation, underlying hypotheses and assumptions, etc.) of how you computed each item of damages, including any mathematical formula used.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent it requires a calculation of damages that are not amenable to calculation because they are committed to the discretion of the trier of fact. Plaintiffs seek the damages as alleged in the complaint, including pain, suffering, mental anguish, and all other damages available in law. Plaintiffs further object to this Interrogatory as premature and subject to expert discovery, which is ongoing. Pursuant to Fed. R. Civ. Pr. 33(a)(2) contention interrogatories are not ordinarily answered until discovery is complete. In accordance with the Court's May 1, 2024, Case Management Order, Plaintiffs advise that they will provide expert reports on or before October 2, 2024, which will delineate and itemize the calculable damages Plaintiffs seek including the factual basis and any method of calculation. Plaintiffs further advise that they will produce any documents on which their experts rely to perform these calculations.

Without waiver of the foregoing, Plaintiffs contend they are entitled to damages (i) under the Montreal Convention for the bodily injury sustained by Mr. Plasencia on AA Flight 68; (ii) for loss of consortium and other non-pecuniary damages; (iii) for the full value of Plaintiffs' $226,200 in special drawing rights; and (iv) for continuing and ongoing damages incurred as a result of Defendant's breach of contract and repudiation of contract, including attorney's fees. Each and every one of these damages figures are too premature for any reasonable or accurate calculation, and attorney's fees are ongoing.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTERROGATORY NO. 7:** If you have sought treatment from any Medical Professional or any Medical Facility as a result of the incident made the basis of this lawsuit or any act or omission of this Defendant about which you are complaining or for which you seek recovery in this lawsuit, please identify each such Medical Professional and Medical Facility, identify the dates you were seen or treated, describe the nature of the treatment and/or examination you received, itemize the expenses paid and/or incurred for such treatment or examination and identify any prognosis or diagnosis provided to you. Please also identify any documents reflecting this information.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory as premature and subject to expert discovery, which is ongoing. Plaintiffs object to this Interrogatory to the extent that it seeks information that is unreasonably cumulative or duplicative, or that may be based on discovery of information that is already in AA's possession, custody, or control. Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**The doctors who are treating me and Jesse are identified above in my answer to Interrogatory No. 2. The dates, treatments, and costs are in the medical records of those doctors. I have signed a release to have them produced to American Airlines.**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 8:**  Please describe all personal and business PDAs, mobile phones or computers (as well as any memory storage devices) you used on November 8-9, 2021. Include in your answer the make, model, brand and year of manufacture, the type of e-mail software utilized, the identity and location of any backup or peripheral external storage devices utilized, the Identity of all persons with access to the devices and the current location and condition of the devices.

**ANSWER:** Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs object to this Interrogatory to the extent it seeks information that is unreasonably cumulative or duplicative, or that may be based on discovery of information that is in AA's possession, custody, or control. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**On November 8-9, 2021, Jesse and I were traveling. We each had an iPhone and an iPad. These devices are in my possession and are operable. I have provided my attorneys with access to them.**

---

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTERROGATORY NO. 9:**  With respect to any communication (verbal, email, text, instant message, email, social media, etc.) you have had with any third-party (including friends, family members, co-workers, significant other, etc. but excluding your counsel) concerning the substance and circumstances of your claims asserted in this lawsuit, please state the following:

    a.  the identity (full name, address, phone number, email address, etc.) of each third party;

    b.  the substance of each communication;

    c.  the date and circumstances of each communication; and

    d.  the identity of all documents reflecting same.

**ANSWER:**  Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs further object to this Interrogatory as unreasonably cumulative, duplicative, not proportional to the needs of the case. Plaintiffs further object that this Interrogatory is highly invasive of their rights to privacy and/or other privileges that may exists. Plaintiffs object to this omnibus "gotcha" interrogatory because it is designed to harass, cause unnecessary delay, and needlessly increase the cost of litigation particularly as it seeks information about "any communication" made "with any third party . . . other than your attorneys." Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

        **My answer is the same as Interrogatories 2, 4, 5, and 7 above.**

---

14

1
2
3
4
5
6
7

**INTERROGATORY NO. 10:** Please state whether or not, on the date of the incident made the basis of this lawsuit, you were suffering from any physical or mental illness or condition requiring medical, psychological and/or psychiatric attention or supervision. If so, please generally describe the nature of such physical or mental illness and/or condition, the identity of all physicians, hospitals, medical institutions and/or health care providers treating you for such physical and/or mental illness and/or condition and the duration of such physical and/or mental illness and/or condition.

8
9
10
11
12
13
14
15
16
17
18
19

**ANSWER:** Plaintiffs object to this Interrogatory as unreasonably cumulative, duplicative, not proportional to the needs of the case. Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs further object that this Interrogatory is highly invasive of their rights to privacy. Plaintiffs object to this Interrogatory because it is vague, ambiguous, overbroad, and unduly burdensome. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

20
21
22
23
24
25
26

**The best source of information about my and Jesse's medical condition before November 8, 2021, will be in our medical records for the healthcare providers I identified above. I have signed a release to have those records provided to American Airlines. To the best of my knowledge, Jesse had Type 2 diabetes and high blood pressure, which were both controlled with medication that he took before the flight. Prior to November 8, 2021, neither he nor I required any psychological, psychiatric, or mental illness treatment.**

27
28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1
2
3
4
5

**<u>INTERROGATORY NO. 11:</u>** Please state each and every act and omission which you attribute to Defendant and which you contend proximately caused the incident made the basis of this lawsuit and/or your resulting injuries and damages, if any. Additionally, please identify all persons with knowledge of each such act and/or omission and the identify of all documents reflecting same.

6
7
8
9
10
11
12
13
14
15

**<u>ANSWER:</u>** Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative of the information contained in Plaintiffs Complaint. Plaintiffs object to this Interrogatory as vague, ambiguous, and overbroad. Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and premature because it requests Plaintiffs to marshal their facts and evidence prior to the commencement of discovery. Pursuant to Fed. R. Civ. Pr. 33(a)(2) contention interrogatories are not ordinarily answered until discovery is complete. In accordance with the Court's May 1, 2024, Case Management Order, Plaintiffs anticipate providing expert reports on this topic.

16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 12:** With respect to all websites, social media sites (i.e., Facebook, MySpace, Twitter, Instagram, LinkedIn, Ning, GooglePlus, Tagged, Orkut, Hi5, Badoo, Bebo, MyLife, Friendster, or any similar social media site), or other electronic methods by which you communicate with others (i.e., iMessage, WhatsApp, or any other similar messaging application), please state the following:

    a.  The account, username, log-on name or other identifying information;

    b.  The identity of all persons who have had access to each such account during the Relevant Time Period;

    c.  The last time each such account was accessed and the identity of the persons accessing each such account at that time; and

    d.  All email accounts associated with each such account.

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is publicly available. Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs also object that this Interrogatory, including its use of the terms "all website, social media sites" and "other electronic methods by which you communicate" is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs further object that this Request is highly invasive of their rights to privacy. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**Both I and Jesse have a Facebook account. Jesse has been unable to use Facebook since November 8, 2021 but I have posted twice on his behalf from his account for his 65th and 66th birthdays. I understand that my attorneys have provided screenshots of these Facebook posts to American Airlines.**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 13:** Please identify all persons and/or entities paying or reimbursing Plaintiffs for the costs of any evaluation and treatment of Plaintiffs' alleged injuries resulting from the subject incident. Please also state the amount of payments and/or reimbursements made and the extent to which future payments and/or reimbursements are anticipated.

**ANSWER:** Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative. Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs also object to this Interrogatory as premature to the extent it calls for expert discovery, which is ongoing. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**I pay for much of the cost of Jesse's necessary treatment and care out-of-pocket. For example, I have been paying for Jesse's occupational therapy out-of-pocket since at least March 2022. Some of Jesse's medical copays were covered by HealthNet. Medicare began covering some of Jesse's expenses in March 2023, and United Health Care's AARP program supplements some of these costs. Medicare pays for Jesse's rented hospital bed and wheelchair.**

**INTERROGATORY NO. 14:** With respect to each of the past five (5) years, state Plaintiffs' yearly gross income and yearly net income as reported on their Federal Income Tax Returns and state the name and address of the person, firm or corporation having custody of any papers pertaining to their income.

**ANSWER:** Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs further object that this Request is highly invasive of their rights to privacy. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**Jesse's and my shared yearly income was approximately $225,721 for 2023, $175,134 for 2022, $215,458 for 2021, $143,659 for 2020, and $129,342 for 2019.**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1
2
3
4
5
6

**INTERROGATORY NO. 15:** A statement of the statutes, ordinances, regulations or rules of the State, Municipality, or any of their departments or subdivisions, which are claimed to have been violated by Defendant, specifying the chapter or chapters, section or sections of the particular statute, ordinance, regulation or rule and the manner in which Defendant violated said statute, ordinance or regulation and the manner in which Plaintiffs are said to have been in the class protected by said statutes(s), ordinance or regulation.

7
8
9
10
11
12
13
14
15
16
17
18

**ANSWER:** Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative of the information contained in Plaintiffs Complaint. Plaintiffs object to this Interrogatory as vague, ambiguous, and overbroad. Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory as overbroad, unduly burdensome and premature because it requests Plaintiffs to marshal their facts and evidence prior to the commencement of discovery. Pursuant to Fed. R. Civ. Pr. 33(a)(2) contention interrogatories are not ordinarily answered until discovery is complete. In accordance with the Court's May 1, 2024, Case Management Order, Plaintiffs anticipate providing expert reports on this topic. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

19
20
21

**I don't know about any statutes, ordinances, or specific laws that apply to airlines, but I understand that my attorneys have mentioned specific laws in the First Amended Complaint.**

22
23
24
25
26
27
28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1
2
3
4
5
6
7
8
9

**INTERROGATORY NO. 16:** If you have ever suffered any injuries in any accident, either prior or subsequent to the incident referred to in the Amended Complaint, state the date and place of such injury, a detailed description of all the injuries you suffered, the names and addresses of any hospitals, physicians, surgeons, osteopaths, chiropractors or other medical practitioners rendering treatment, the nature and extent of recovery, and, if any permanent disability was suffered, the nature and extent of the permanent disability and if you were compensated in any manner for any injury, state the names and addresses of each and every person or organization paying such compensation and the amount thereof.

10
11
12
13
14
15
16

**ANSWER:** Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is publicly available. Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

17
18

**Jesse and I had never suffered from any accident prior to or after Jesse's stroke on the American Airlines flight.**

19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1
2
3
4
5
6

**INTERROGATORY NO. 17:** Please identify all communications and/or claims Plaintiffs and/or their representatives have had with or submitted to Medicare, CMS (Centers for Medicare & Medicaid Services), the COBC (Coordination of Benefits Contractor), or the MSPRC (Medicare Secondary Payer Recovery Contractor) regarding conditional payments Medicare or Medicaid may have made, the amount Medicare or Medicaid may be owed, or the injuries Plaintiffs are claiming in this lawsuit.

7
8
9
10
11
12
13

**Answer:** Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, and unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

14
15
16
17
18

**I have not had any direct communications with Medicare, CMS, or MSPRC. My and Jesse's doctors and treating medical professionals handle all Medicare paperwork. I only receive bills from the doctors and treating medical professionals if Medicare does not cover all services. I have not had any other communications or claims with Medicare.**

19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTERROGATORY NO. 18:** Please identify all disability claim applications, determinations of same and communications with the Social Security Administration and/or and California agency regarding same.

**ANSWER:** Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Plaintiffs object to this Interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, particularly as it seeks all communications with the Social Security Administration. Plaintiffs further object that this Interrogatory is highly invasive of their rights to privacy. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**I filed a disability application on Jesse's behalf. The office determined on July 28, 2022 that Jesse would receive a monthly payment of approximately $1,961. This amount is inclusive of the monthly payment Jesse was previously receiving before the accident from the Social Security Administration in retirement funds.**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

**INTERROGATORY NO. 19:** With respect to all health, disability or other insurance policies or programs potentially providing coverage to Plaintiffs for the costs of evaluation and treatment of Plaintiffs' alleged injuries resulting from the subject incident, please identify each such provider, the policy numbers and/or claim numbers, the amounts paid by each such provider and the identity of your contact person(s) at each provider.

**ANSWER:** Plaintiffs object to this Interrogatory because it seeks discovery of information that is not relevant to any party's claim or defense. Plaintiffs object to this Interrogatory as unreasonably cumulative or duplicative. Plaintiffs object to this Interrogatory to the extent that it seeks discovery of information that is within AA's possession, custody or control. Plaintiffs object to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Subject to and without waiving these objections, Plaintiff Tavantzis on her own behalf and on behalf of her husband Jesus Alfredo Plasencia ("Jesse") responds as follows:

**My and Jesse's policy numbers for our various insurance policies are as follows:**

**(a)** **UnitedHealthcare AARP Medicare Supplement: 324221921-11 (Jesse)**

**(b)** **Medicare: 3T39-U49-RG37 (Jesse)**

**(c)** **Cigna: 18578100201 (Jesse)**

**(d)** **Health Net & Optum RX: R11305134-FM1 (Jesse & Marcela)**

**(e)** **Anthem (Blue Cross PPO): CPR638A51866 (Marcela)**

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

Dated: May 17, 2024

Respectfully submitted,

*/s/ Hannah M. Crowe*

Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
**SANJIV N. SINGH, APLC**
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

*Attorneys for Plaintiffs*

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF

1

# **PROOF OF SERVICE**

I am employed by Burns Charest LLP, 900 Jackson Street, Suite 500, Dallas, Texas 75202. I am over the age of eighteen years and am not a party to this action. On May 17, 2024, the below document was served *via electronic mail* on:

Kelly H. Kolb
Kelly.kolb@bipc.com
Robert Pecchio
Robert.pecchio@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
401 E. Las Olas Blvd. Suite 2250
Fort Lauderdale, FL
Telephone: 954-703-3944
Fax: 954-527-9915

Timothy K. Daveler (Sbn 332986)
timothy.daveler@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax: 619 702 3898

*Counsel for American Airlines, Inc.*

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct, executed on May 17, 2024 at Dallas, Texas.

*/s/ Hannah M. Crowe*
Hannah M. Crowe

PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT AMERICAN
AIRLINES, INC.'S FIRST SET OF INTERROGATORIES
CASE NO.: 5:23-CV-05607-BLF