**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person, | Case No.: 5:23-cv-05607-NW-SVK |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT** |
| vs. | |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 1

ARGUMENT .................................................................................................................. 3

    I.    The Montreal Convention Allows for an Award of Prejudgment Interest Under Federal Law. ............................................................................................ 3

        A.    The Text of the Montreal Convention Expressly Allows for an Award of Interest, Including Prejudgment Interest. ... 4

        B.    The Warsaw Convention Case Law Cited by American is Neither Applicable nor Binding. ............................................. 6

    II.    The Court Should Award Prejudgment Interest on the Entire Judgment. ........................................................................................ 7

        A.    Federal Law Allows for an Award of Prejudgment Interest. ............................................................................................ 7

        B.    Prejudgment Interest Would Fairly Compensate Plaintiffs. ........................................................................................... 7

        C.    American Airlines was on Notice of Plaintiffs' Damages. ... 9

    III.    Even if California Law Were to Apply, Plaintiffs Would Still be Entitled to Prejudgment Interest. ............................................................. 10

CONCLUSION ............................................................................................................ 11

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Air Separation Inc. v. Underwriters at Lloyd's of London,*
   45 F.3d 288 (9th Cir. 1995) ........................................................................7

*Barnard v. Theobald,*
   721 F.3d 1069 (9th Cir. 2013) ...............................................................7, 8

*Bytska v. Swiss Int'l Air Line, Ltd.,*
   2016 WL 6948375 (N.D. Ill. Nov. 28, 2016) ..........................................5

*Concord Music Grp., Inc. v. Anthropic PBC,*
   2025 WL 2653636 (N.D. Cal. Sept. 16, 2025) ........................................9

*Connell v. Lima Corporate,*
   988 F.3d 1089 (9th Cir. 2021) ................................................................4

*Demartini v. Microsoft Corp.,*
   662 F. Supp. 3d 1055 (N.D. Cal. 2023) ...................................................6

*Dochak v. Polskie Linie Lotnicze LOT S.A.,*
   2017 WL 2362570 (N.D. Ill. May 30, 2017) ...........................................5

*Duale v. Mercedes-Benz USA, LLC,*
   148 Cal. App. 4th 718 (2007) .................................................................10

*Forouzan v. BMW of North Am., LLC,*
   2019 WL 856395 (C.D. Cal. Jan. 11, 2019) ..........................................10

*In re Air Crash at Lexington, Ky., Aug. 27, 2006*
   2008 WL 1909007 (E.D. Ky. Apr. 25, 2008) ..........................................5

*In re Nw. Territorial Mint, LLC,*
   591 B.R. 852 (Bankr. W.D. Wash. 2018) ................................................7

*Mancuso v. Southern Cal. Edison Co.,*
   232 Cal. App. 3d 88 (Cal. Ct. App. 1991) ..............................................11

*Marine Terminals Corp. v. Paceco, Inc.,*
   145 Cal. App. 3d 991 (Cal. Ct. App. 1983) ...........................................10

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

1   *Mooney v. Roller Bearing Co. of Am. Inc*,
2       138 F.4th 1349 (9th Cir. 2025) ................................................................. 8
3   *Motorola, Inc. v. Federal Exp. Corp.*,
4       308 F.3d 995 (9th Cir. 2002) ............................................................. 6, 7
5   *Murphy v. City of Elko*,
6       976 F. Supp. 1359 (D. Nev. 1997) ......................................................... 8
7   *Narayanan v. British Airways*,
8       747 F.3d 1125 (C.A.9 (Cal.), 2014) ....................................................... 6
9   *Phifer v. Icelandair*,
10      652 F.3d 1222 (9th Cir. 2011) ............................................................... 6
11  *Proofpoint, Inc. v. Vade Secure, Inc.*,
12      2023 WL 3395121 (N.D. Cal. Apr. 18, 2023) ....................................... 8
13  *Proofpoint, Inc. v. Vade USA, Inc.*,
14      2024 WL 4003096 (9th Cir. Aug. 30, 2024) ......................................... 8
15  *Samgamo Biosciences Inc. v. Cargolux Airlines*,
16      2006 WL 8459769 (N.D. Cal. Jan. 9, 2006) .......................................... 7
17  *Samgamo Biosciences, Inc. v. Cargolux Airlines Int'l, S.A.*,
18      2005 WL 8177572 (N.D. Cal. Dec. 21, 2005) ....................................... 7
19  *Schneider v. County of San Diego*,
20      285 F.3d 784 (9th Cir. 2002) ................................................................ 8
21  *Techshop, Inc. v. Rasure*,
22      2019 WL 2029067 (N.D. Cal. May 8, 2019) ......................................... 9
23  *U.S. v. Naftalin*,
24      441 U.S. 768, 773 (1979) ...................................................................... 4
25  *Wessel v. Buhler*,
26      437 F.2d 279 (9th Cir. 1971) ................................................................ 7
27  *Wisper Corp. v. Cal. Commerce Bank*,
28      49 Cal. App. 4th 948 (Cal. Ct. App. 1996) ........................................ 11

*Yousif v. McLaren Automotive, Inc.*,

   2024 WL 3896013 (S.D. Cal. Aug. 21, 2024) ........................................................ 5

*Zuniga v. United Can Co.*,

   812 F.2d 443 (9th Cir. 1987) ...................................................................................... 6

**Statutes**

California Civil Code § 3287 ............................................................................... 10, 11

California Civil Code § 3288 ................................................................................... 10

Federal Rule of Civil Procedure 1006 ..................................................................... 3, 9

Federal Rule of Civil Procedure 26(a) ........................................................................ 9

Montreal Convention art. 21 ....................................................................................... 4

Montreal Convention art. 22(6) .................................................................... 4, 5, 6, 7

Tex. Civ. Prac. & Rem. Code § 38.001 ...................................................................... 2

**Other Authorities**

Charles Krause & Kent Krause, *Other Differences between the Warsaw Conventions and Montreal Conventions*, 1 Aviation Tort & Reg. Law § 11:19 (2007) ............. 5

iv

Plaintiffs file this Reply in support of their Motion for Entry of Judgment against Defendant American Airlines, Inc. ("American Airlines") and respectfully show the Court as follows:

## INTRODUCTION

From day one, Plaintiffs have sought to enforce their <u>full rights</u> under the Montreal Convention, including the assessment of all available "interest" and "costs," which are fully preserved for passengers asserting claims under Article 21. Dkt. 1; Dkt. 24; Dkt. 85. Faced with a unanimous verdict it does not like, American Airlines now feigns surprise and asks this Court to disregard the plain text of the Montreal Convention and Ninth Circuit precedent and, instead, adopt a warped version of the Convention that bears no resemblance to the history of the treaty or ordinary federal practice. Because this Court exercises federal question jurisdiction over Plaintiffs' claims, the Court has discretion to award prejudgment interest under federal law. As demonstrated below and at trial, that discretion is wholly warranted in this case, which was delayed by American's repeated bad-faith conduct. The Court should reject American's invitation to re-write the Montreal Convention and should grant an entry of judgment that includes prejudgment interest on the total amount awarded by the jury, $9,629,829.55.

## FACTUAL BACKGROUND

As the Court is well aware, Plaintiffs were injured on American Airlines Flight 68 from Miami to Madrid on November 8, 2021. Shortly after the flight and prior to filing suit, Plaintiffs attempted to settle their claims with American and to take advantage of the "advance payment" provisions of American's Conditions of Carriage. Dkt. No. 85 ¶¶ 129–32 ("SAC"). In response, American made <u>repeated requests</u> for personal financial information from Plaintiffs it claimed it needed to substantiate that Plaintiffs had an economic need. *Id*. Despite its contractual commitment to make a determination (one way or the other), American strung Plaintiffs along for a year and a half and did nothing. SAC ¶¶ 129–42. As Plaintiffs would subsequently learn during the deposition of American's corporate representative Debra Shaffer, American never even reviewed the personal

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

financial information it requested from Plaintiffs until after the filing of this case. SAC ¶ 134. The repeated requests for information were, instead, a ruse to delay (or forestall the timely filing) of Plaintiffs' suit.

On October 31, 2023, Plaintiffs filed their Complaint. Plaintiffs specified the nature of damages sought and that they were seeking judgment against American Airlines "in an amount to be determined at trial, together with attorneys' fees, interest, costs, and disbursements of this action." Dkt. 1 at 14. American filed a Motion to Dismiss that argued, *inter alia*, that Plaintiffs' claims for negligence and loss of consortium were "preempted by the Montreal Convention" and should be dismissed. Dkt. No. 21, 14–17.

On December 19, 2023, Plaintiffs filed their First Amended Complaint. Dkt. 24 ("FAC"). Plaintiffs specified that both Mr. Plasencia's personal injury claim and Ms. Tavantzis's loss of consortium claim were "under the Montreal Convention," stated the nature of damages sought and reiterated that they were seeking judgment against American Airlines "in an amount to be determined at trial, together with attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, *et seq.*, interest, costs, and disbursements of this action."[1] Dkt. 24, FAC at 19–20.

On August 19, 2024, Plaintiffs filed their Second Amended Complaint, the operative pleading. Dkt. 85, SAC. Once again, Plaintiffs specified the nature of damages sought and that they were seeking judgment against American Airlines "in an amount to be determined at trial, together with attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, *et seq.*, interest, costs, and disbursements of this action." Dkt. 85, SAC at 21–22.

As American has known for the past four years, Plaintiffs paid for ongoing medical treatment and caregiving for Plaintiff Plasencia before and during the litigation. Indeed, in a case American acknowledges was "hotly contested," one of the few areas in which there was agreement between the parties was the nature, legitimacy, and calculation of

---

[1] Plaintiffs did not ultimately seek attorney's fees under the Texas Civil Practices & Remedies Code due to the dismissal of their breach of contract claim.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

Plaintiff Placensia's past and ongoing medical expenses. American received detailed information pre-suit. SAC ¶¶ 129–32. In discovery, American sought and received medical records and claims information from all of Mr. Plasencia's health providers and fought to depose Ms. Tavantzis <u>twice</u> so they could get a complete picture of her financial situation. Dkt. 82, Aug. 12, 2024 Order (ordering Ms. Tavantzis to appear for two depositions, one in her personal capacity and one in her representative capacity). In the Final Pretrial Statement, the parties stipulated "Plaintiff Plasencia has incurred costs for past medical care in excess of the Montreal Convention limits" [Dkt. 146 at 8], and Plaintiffs submitted a prepared a summary of medical expenses under Federal Rule of Civil Procedure 1006. [Dkt. 146-1, Trial Exhibit 7], which was admitted into evidence without objection. Trial Exhibit 7 summarized and calculated the entirety of Plaintiffs' past medical and caregiving expenses incurred before the start of trial. *Id.*

On September 17, 2025, the jury returned a verdict in favor of Plaintiffs and awarded damages of $9,629,829.55, which included the past medical expenses set forth in Trial Exhibit 7. Plaintiffs filed their Motion for Entry of Judgment on September 19, 2025.

## ARGUMENT

### I.    The Montreal Convention Allows for an Award of Prejudgment Interest Under Federal Law.

The text of the Montreal Convention explicitly allows for an award of interest in accordance with the Court's own laws. Despite American Airlines' assertions to the contrary, this provision includes both pre- and post-judgment interest. Because this case is brought under federal question jurisdiction, federal law applies. Under that federal law, the Court has discretion to award prejudgment interest, and there is no requirement that a plaintiff use the word "prejudgment."

**A.    The Text of the Montreal Convention Expressly Allows for an Award of Interest, Including Prejudgment Interest.**

The Montreal Convention provides that:

> The limits prescribed in Article 21 and in this Article shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, <u>including interest</u>.

Montreal Convention art. 22(6) (emphasis added). American Airlines points to the title of Article 22, "Limits of Liability in Relation to Delay, Baggage and Cargo," as supposed proof that Article 22(6) does not apply to Plaintiffs' claims. But it is Article 21 that describes the limits of compensation in the case of death or injury of a passenger. *See* Montreal Convention art. 21. Article 22 of the Montreal Convention makes it clear that, the limits on compensation for death or injury of a passenger described in Article 21 do <u>not</u> prevent a court from awarding costs and interest in accordance with its own law.

American Airlines' various attempts to twist the plain wording of Article 22(6) fail. First, American's focus on the drafting minutes of the Montreal Convention is misplaced. It does not matter that the "drafting history of the Montreal Convention is silent on the issue of recoverability of interest," Dkt. 215, Def's Opp. at 10. What matters is that the enacted treaty itself expressly <u>allows</u> for the recoverability of interest. *See* Montreal Convention art. 22(6). The absence of any discussion of "interest" only confirms that the text means what is says and a successful plaintiff's entitlement to interest was neither controversial nor contested. Nor is it true that the Montreal Convention does not reference "any similar concept" to prejudgment interest. *See* Dkt. 215, Def.'s Opp at 7. To the contrary, the Montreal Convention explicitly allows a court to award, "in accordance with its own law," "the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, including <u>interest</u>." Montreal Convention art. 22(6) (emphasis added). The drafters of the Montreal Convention could have written Article 22 to allow for <u>only</u> post-judgment interest, but the fact that they did not indicates that they did not intend to exclude prejudgment interest from "interest." *See Connell v. Lima Corporate*, 988 F.3d 1089, 1108 (9th Cir. 2021) (quoting *U.S. v. Naftalin*, 441 U.S. 768, 773 (1979))

4

---

(writing that Congress "could have written" the statute at issue in a particular way, but "'Congress did not write the statute that way,' which is 'strong affirmative evidence' supporting our interpretation"); *see also Yousif v. McLaren Automotive, Inc.*, 2024 WL 3896013, at *3 (S.D. Cal. Aug. 21, 2024) (recognizing that under omitted-case canon, "nothing is to be added to what the text states or reasonably implies").

Second, American Airlines offers no support whatsoever for its assertion that "interest" refers to interest on "costs" and "other expenses of the litigation. *See* Dkt. 215 at 13. While there is only a small quantity of case law and other resources on Article 22(6), the existing law agrees that "interest" refers to pre- and post-judgment interest. In *In re Air Crash at Lexington, Ky., Aug. 27, 2006*, the district court noted that the language of Article 22(6) of the Montreal Convention "permitting interest to be awarded" originated in the Hague Protocol. 2008 WL 1909007, at *3–4 (E.D. Ky. Apr. 25, 2008) (quoting Charles Krause & Kent Krause, *Other Differences between the Warsaw Conventions and Montreal Conventions*, 1 AVIATION TORT & REG. LAW § 11:19 (2007)). While there may not be a large body of case law on Article 22(6), the existing cases and resources available support a finding that the Montreal Convention expressly allows for an award of interest.

Finally, the case law cited by American Airlines regarding attorney's fees under the Montreal Convention only serves to support Plaintiffs' position. American points to two cases which confirm that Article 22(6) allows courts to apply their own domestic law regarding costs. *See* Dkt. 215, Def.'s Opp. at 13. This is entirely consistent with Plaintiffs' position that Article 22(6) allows this Court to award prejudgment interest under its own law. In the cases cited by American, the courts found the requests for attorney's fees premature or not available under federal law. *See Bytska v. Swiss Int'l Air Line, Ltd.*, 2016 WL 6948375, at *3 (N.D. Ill. Nov. 28, 2016) (finding request for attorney's fees premature under federal law); *Dochak v. Polskie Linie Lotnicze LOT S.A.*, 2017 WL 2362570, at *2 (N.D. Ill. May 30, 2017) (denying request for attorney's fees because no federal statute or rule provided for them). These cases are not at odds with finding prejudgment interest available here, because this Court's own law allows for prejudgment interest to be

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

awarded. *See infra* Part I(C).

**B.    The Warsaw Convention Case Law Cited by American is Neither Applicable nor Binding.**

American encourages this Court to follow *Deere* and *Sampo* from the Seventh Circuit and *O'Rourke* from the Second Circuit, all non-binding, irrelevant case law that analyzed whether an award of interest was allowed under the Warsaw Convention. Courts do indeed look to interpretations of the Warsaw Convention "where the equivalent provision in the Montreal Convention is substantively the same." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 n.2 (citing *Phifer v. Icelandair*, 652 F.3d 1222, 1224 n.1 (9th Cir. 2011)). But here, there is <u>no</u> equivalent provision. The Warsaw Convention does not contemplate a court applying its own law to award costs, including interest. Article 22(6) of the Montreal Convention is an entirely new addition to this framework.

Even if these cases analyzed equivalent provisions, "[d]istrict courts are, of course, bound by the law of their own circuit, and are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be." *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) (internal quotation marks omitted); *see also Demartini v. Microsoft Corp.*, 662 F. Supp. 3d 1055, 1065 (N.D. Cal. 2023) ("Disregarding Ninth Circuit precedent is not this Court's prerogative . . . The only circumstance in which a district court can decline to follow binding circuit precedent is when an intervening Supreme Court decision is clearly irreconcilable with the prior circuit opinion."). Here, if the Warsaw Convention is applicable, the Court is required to follow <u>the Ninth Circuit's precedent</u> in *Motorola, Inc. v. Federal Exp. Corp.*, 308 F.3d 995 (9th Cir. 2002).

In *Motorola*, the Ninth Circuit held that "in an appropriate case, a court may exercise its discretion to award prejudgment interest" under the Warsaw Convention. *Motorola, Inc.*, 308 F.3d at 1008 (9th Cir. 2002). The court reasoned that "[n]othing in the text or history of the Warsaw Convention generally or Article 22 in particular shows the Convention's drafters intended to exclude an award of prejudgment interest." *Id.* This is most consistent with the Montreal Convention. Not only does nothing in the text or history

6

of the Montreal Convention show an intent to exclude an award of prejudgment interest, but the Montreal Convention <u>explicitly provides</u> for an award of interest under the court's own law. *See* Montreal Convention art. 22(6). The Ninth Circuit's *Motorola* comports with reading the Montreal Convention as allowing an award of prejudgment interest.

## II.    The Court Should Award Prejudgment Interest on the Entire Judgment.

### A.    Federal Law Allows for an Award of Prejudgment Interest.

The Montreal Convention allows for a court to award interest under its own law, and federal law allows this Court to award prejudgment interest. In their Second Amended Complaint, Plaintiffs brought this action under the Court's federal question jurisdiction. Dkt. 85 ¶ 17. "When a court maintains federal question jurisdiction, the decision whether to award prejudgment interest is a matter within the court's discretion, to be decided according to federal law." *In re Nw. Territorial Mint, LLC*, 591 B.R. 852, 874 (Bankr. W.D. Wash. 2018) (citing *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971)); *see also Samgamo Biosciences, Inc. v. Cargolux Airlines Int'l, S.A.*, 2005 WL 8177572, at *5 (N.D. Cal. Dec. 21, 2005), *report and recommendation adopted sub nom. Samgamo Biosciences Inc. v. Cargolux Airlines*, 2006 WL 8459769 (N.D. Cal. Jan. 9, 2006) ("Because this Court's jurisdiction is based on federal question, federal law governing the calculation of prejudgment interest rates applies."). The "ultimate decision whether to award prejudgment interest lies 'within the court's sound discretion, to be answered by balancing the equities.'" *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (quoting *Air Separation Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 289–90 (9th Cir. 1995)).

### B.    Prejudgment Interest Would Fairly Compensate Plaintiffs.

Here, an award of prejudgment interest would fulfill the purpose of prejudgment interest by fairly compensating Plaintiffs. "Under federal law, '[p]rejudgment interest is a measure that serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.'" *Proofpoint, Inc. v. Vade Secure,*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

*Inc.*, 2023 WL 3395121, at *1 (N.D. Cal. Apr. 18, 2023), *aff'd sub nom. Proofpoint, Inc. v. Vade USA, Inc.*, 2024 WL 4003096 (9th Cir. Aug. 30, 2024) (citing *Schneider v. County of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002)); *see also Mooney v. Roller Bearing Co. of Am. Inc*, 138 F.4th 1349, 1352 (9th Cir. 2025) ("Prejudgment interest is designed to provide fair compensation to a prevailing party."). And federal law clearly allows for prejudgment interest on both economic and non-economic damages. "Non-economic damages awarded for a plaintiff's pain and suffering are 'just as much an actual loss (for which prejudgment interest is in order)' as purely economic damages." *Barnard*, 721 F.3d at 1078 (quoting *Murphy v. City of Elko*, 976 F. Supp. 1359, 1364 (D. Nev. 1997)). And, contrary to American Airlines' implication, *Barnard* did <u>not</u> preclude an award of prejudgment interest on future damages. The lower court "refused to award prejudgment interest because the jury returned a general verdict that did not distinguish between past and future damages." *Id.* The Ninth Circuit remanded, instructing the district court to "consider the balance of the equities in making this determination, including whether it may be advisable to award prejudgment interest on a prorated portion of the award." *Id.* The Ninth Circuit did not bar an award of prejudgment interest on future damages. Instead, the Ninth Circuit instructed the lower court to balance the equities, which may or may not lead to an award of prejudgment interest on future damages. *See id.*

Here, the balance of equities tilts in favor of a grant of prejudgment interest on the whole award. Prejudgment interest would serve to make Plaintiffs' whole on the immense economic and non-economic damages suffered, including past medical expenses and past pain and suffering and loss of consortium. American implies that the two-year delay in filing is due to Plaintiffs. But Plaintiffs, through counsel, notified American of their immediate and significant economic burden in providing around-the-clock care to Plaintiff Plasencia on August 4, 2022, less than a year after Flight 68. SAC ¶ 81; Singh Decl. <u>Upon American's request</u>, Plaintiffs' counsel then provided additional details of their economic burdens on September 5, 2022. SAC ¶ 83; Singh Decl. <u>Upon American's</u>

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

<u>request</u>, Plaintiffs then compiled all bank account statements and categorized all of their costs on a monthly basis. SAC ¶ 84; Singh Decl. Plaintiffs provided this detailed survey of their expenses to American in December 2022. SAC ¶ 84; Singh Decl. But according to American's corporate representative, Debra Shaffer, <u>American did not even review the extensive materials the airline demanded from catastrophically injured Plaintiffs</u>. SAC ¶ 134. In this case, an award of prejudgment interest aligns with the driving purpose of prejudgment interest: to provide fair compensation to Plaintiffs.

### C.    American Airlines was on Notice of Plaintiffs' Damages.

American Airlines cannot claim harm when it has long been on notice of Plaintiffs' past and future economic damages calculations. In fact, American Airlines raised no objection to Plaintiffs' Rule 1006 summary and agreed to its admission into evidence. Dkt. 146-1, Ex. A, Pltfs' Exhibits at 6. Now that the jury has accepted this wholly uncontested evidence of past medical expenses, American can hardly claim it was "surprised" or "didn't know" what the claimed expenses actually were. To state the obvious, American has been on notice (and never contested) the "factual basis and dollar amount of each alleged source of damage" as it concerned ongoing medical expenses. *See Techshop, Inc. v. Rasure*, 2019 WL 2029067, at *3 (N.D. Cal. May 8, 2019). American Airlines has also been on notice of Plaintiffs' future medical expenses. Consistent with Plaintiffs' initial disclosures, American Airlines learned of Plaintiffs' future medical expenses computation via the expert report of Dr. Chip Mahla, produced over a year ago, on October 2, 2024. Raising these complaints now amounts to "indulg[ing] in gamesmanship with respect to the disclosure obligations." *Concord Music Grp., Inc. v. Anthropic PBC*, 2025 WL 2653636, at *2 (N.D. Cal. Sept. 16, 2025) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

### III.    Even if California Law Were to Apply, Plaintiffs Would Still be Entitled to Prejudgment Interest.

Even if the Court were to find that California law applied,[2] Plaintiffs would still be entitled to prejudgment interest on past and future medical expenses. While California Civil Code § 3288 requires a plaintiff to submit to the trier of fact the award of prejudgment interest on damages that are incapable of being calculated, California law also mandates prejudgment interest on damages that are capable of being calculated. Section 3287(a) of the California Civil Code provides that: "A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day." This section "allows recovery of prejudgment interest in causes of action other than contract" because the "crucial factor is not whether the claim arose in tort or contract, but whether the damages were readily ascertainable." *Marine Terminals Corp. v. Paceco, Inc.*, 145 Cal. App. 3d 991, 995 (Cal. Ct. App. 1983). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Forouzan v. BMW of North Am., LLC*, 2019 WL 856395, at *8 (C.D. Cal. Jan. 11, 2019) (quoting *Duale v. Mercedes-Benz USA, LLC*, 148 Cal. App. 4th 718, 728 (2007)). Damages "will be deemed capable of being made certain by calculation if the amount due can be determined by reference to . . . data supplied by plaintiff to defendant." *Marine Terminals Corp.*, 145 Cal. App. 3d at 995–96 (cleaned up). As discussed above, Plaintiffs provided American Airlines with voluminous data documenting Plaintiffs' ongoing medical expenses during litigation, a

---

[2] The irony of American first arguing that the Montreal Convention's goal of uniformity would not be served by "[p]ermitting passengers fortunate enough to reside in jurisdictions where prejudgment interest is permitted" to recover prejudgment interest, then claiming that a jurisdiction's law that may vary from that of other jurisdictions should be applied, is not lost on Plaintiffs. *See* Dkt. 215, Def.'s Opp. At 10.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

Rule 1006 summary of all medical expenses, and an expert report calculating all future medical expenses. American Airlines did not raise any objections to Plaintiffs' productions or Rule 1006 summary, and American Airlines' own economist expert largely agreed with Plaintiffs' expert's method of calculation. Because the dispute centered on liability, not the basis of computation of damages, Plaintiffs' past and future medical expenses damages were certain or capable of being made certain, warranting prejudgment interest under California Civil Code § 3287(a).

The fact that the jury assigned 27.5% comparative negligence to Plaintiffs does not automatically preclude an award of prejudgment interest. California courts do not deny prejudgment interest simply because the plaintiff is assigned some percentage of comparative negligence. *See Mancuso v. Southern Cal. Edison Co.*, 232 Cal. App. 3d 88, 106 (Cal. Ct. App. 1991) (remanding and ordering court to enter judgment "subject, of course, to any adjustment which might be required to reflect any comparative negligence found to exist on the part of plaintiffs" with "an appropriate modification of the amount of pre-judgment interest"). The *Wisper* court cited acknowledged that "there may be cases in which a plaintiff who recovers virtually all the claimed damages, except for a minor percentage based on his or her comparative fault, would still be entitled to prejudgment interest." *Wisper Corp. v. Cal. Commerce Bank*, 49 Cal. App. 4th 948, 962 (Cal. Ct. App. 1996). This is one such case. Plaintiffs are entitled to prejudgment interest on past and future medical expenses, despite the assignment of a minor percentage of comparative negligence.

## CONCLUSION

The Montreal Convention allows for an award of prejudgment interest, which Plaintiffs properly requested under applicable federal law. Plaintiffs respectfully request that the Court enter judgment in accordance with Plaintiffs' Motion for Entry of Judgment.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

Dated: October 10, 2025                    Respectfully submitted,

                                           */s/ Hannah M. Crowe*
                                           Darren P. Nicholson (*pro hac vice*)
                                           dnicholson@burnscharest.com
                                           Hannah M. Crowe (*pro hac vice*)
                                           hcrowe@burnscharest.com
                                           Anna Katherine Benedict (*pro hac vice*)
                                           abenedict@burnscharest.com
                                           **BURNS CHAREST LLP**
                                           900 Jackson Street, Suite 500
                                           Dallas, TX 75202
                                           Telephone: (469) 904-4550

                                           Sanjiv N. Singh (State Bar No. 193525)
                                           ssingh@sanjivnsingh.com
                                           **SANJIV N. SINGH, APLC**
                                           1700 South El Camino Real, Suite 503
                                           San Mateo, CA 94402
                                           Telephone: (650) 389-2255

                                           *Attorneys for Plaintiffs*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

### <u>CERFICATE OF SERVICE</u>

I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

David J. Harrington (*pro hac vice*)
Email: dharrington@condonlaw.com
William deWolff (*pro hac vice*)
Email: wdewolff@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

*/s/ Hannah M. Crowe*
Hannah M. Crowe

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK