1  **SANJIV N. SINGH, APLC**
2  Sanjiv N. Singh (State Bar No. 193525)
3  ssingh@sanjivnsingh.com
   1700 South El Camino Real, Suite 503
4  San Mateo, CA 94402
5  Telephone: (650) 389-2255

6  **BURNS CHAREST LLP**
7  Darren P. Nicholson (*pro hac vice*)
   dnicholson@burnscharest.com
8  Hannah M. Crowe (*pro hac vice*)
9  hcrowe@burnscharest.com
   Anna Katherine Benedict (*pro hac vice*)
10 abenedict@burnscharest.com
11 900 Jackson Street, Suite 500
   Dallas, TX 75202
12 Telephone: (469) 904-4550

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.: 5:23-cv-05607-NW-SVK<br><br>**PLAINTIFFS' NOTICE OF DEATH OF JESUS PLASENCIA AND MOTION FOR SUBSTITUTION OF PROPER PARTY** |
|---|---|

Plaintiff Ana Marica Marcela Tavantzis regretfully informs the Court that, after an incident at home, her husband Jesus Plasencia died on October 11, 2025. A copy of the Certificate of Death of Jesus Placensia is attached as Exhibit 1. Pursuant to Federal Rule of Civil Procedure 25(a)(1), Plaintiff Tavantzis respectfully requests an order substituting herself, individually and as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019, as the proper Plaintiff in this case in accordance with the terms of the Last Will of Jesus Plasencia (Ex. 2) (the "Will") and the Plasencia Tavantzis Trust (Ex. 3) (the "Trust").

## ARGUMENT

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). As discussed below, "Ana Maria Marcela Tavantzis, as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019" is the proper party to be substituted for "Ana Maria Marcela Tavantzis, as Legal Guardian of Jesus Plasencia."

### I. The Trustee of the Plasencia Tavantzis Trust is Jesus Plasencia's Successor and is the Proper Plaintiff.

Where there is no representative appointed by the state probate court, and no practical need to seek one, the court may substitute the "distributee" of or "successor" to the deceased party for that party in the pending litigation. *See McSurely v. McClellan*, 753 F.2d 88, 96, 98–99 (D.C. Cir. 1985) (widows were proper parties for substitution when estates had not been probated, but their husbands' assets had been distributed to them); *see also* 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (3d ed. 2010). The 1963 amendments to Rule 25 liberalized the rule and provided flexibility in whom would qualify as a proper substitute for a deceased party. *See McSurely*, 753 F.2d at 98–99; *see also Sinito v. United States DOJ*, 176 F.3d 512, 516 (D.C. Cir. 1999). The court's primary criteria in determining the proper party for substitution is that the substituted party will "adequately represent the interests of the deceased party." *Sinito*, 176 F.3d at 516. The

2

PLAINTIFFS' NOTICE OF DEATH OF JESUS PLASENCIA
AND MOTION FOR SUBSTITUTION OF PROPER PARTY
CASE NO.: 5:23-cv-05607-NW-SVK

courts should evaluate the facts and circumstances in each matter and determine whether the proposed party for substitution will sufficiently prosecute or defend the action on the decedent's behalf. *See Sinito*, 176 F.3d at 516–17.

Plaintiff Ana Maria Marcela Tavantzis ("Marcela") has been prosecuting this case individually and on behalf of Plaintiff Jesus Plasencia ("Jesus") in a representative capacity—as his legal guardian—since its inception over two years ago. Marcela's legal ability to act as Jesus's agent or legal guardian ended when he died on October 11, 2025. Cal. Prob. Code § 4152 (authority of agent under a power of attorney terminates on principal's death). Accordingly, Jesus's death necessitates Marcela's substitution from one legal capacity for Jesus to another.

Marcela is the proper party to "adequately represent the interests of the deceased party" because she is his spouse, has been prosecuting this case as his legal guardian since its inception, and is the named his Executor in the Will. Declaration of Hannah M. Crowe in Support of Plaintiffs' Notice of Death of Plaintiff Jesus Plasencia and Motion for Substitution of Proper Party ("Crowe Dec."), Ex. 2 at Sec. 4.1, pg. 2. Moreover, as the surviving spouse, Marcela is the sole Trustee of the Plasencia Tavantzis Trust dated November 19, 2019 (the "Trust"), which is the sole beneficiary of Jesus's estate as set forth in the Will. Crowe Dec., Ex. 2 at Sec. 2.1, pg. 1.

As the Trust's Trustee, Marcela is the sole distributee of or successor to Jesus's estate. Similar to the parties in *McSurely* and *Sinito*, there are no assets which must go through probate, and therefore the Court may look to Jesus's successor rather than his representative. "Federal courts have uniformly held that Rule 25(a) (1) permits substitution without requiring state machinery such as the probating of a will." *Irvin-Jones v. Equifax Info. Servs. LLC*, 2019 WL 4394684, at *2 (S.D. Tex. Sept. 13, 2019) (finding party was not required to be named as decedent's representative by a probate court in order to be substituted); *see also In re Baycol Products Litig.*, 616 F.3d 778, 784–85 (8th Cir. 2010). Ana Maria Marcela Tavantzis, as Trustee of the Trust, is the sole

3

PLAINTIFFS' NOTICE OF DEATH OF JESUS PLASENCIA
AND MOTION FOR SUBSTITUTION OF PROPER PARTY
CASE NO.: 5:23-cv-05607-NW-SVK

beneficiary or successor to Jesus's estate, and is therefore the proper party to be substituted in for Jesus.

As the sole beneficiary and successor to Jesus's estate, Plaintiff respectfully requests that Ana Maria Marcela Tavantzis, as Trustee of the Trust, be substituted as the current proper party in place of the Legal Guardian of Jesus Plasencia. Plaintiff does not otherwise seek a stay of the entry of judgment—only a substitution of the correct party.

## CONCLUSION

Rule 25 allows for a party's successor, rather than their state court appointed representative, to be substituted for the deceased party. Plaintiff respectfully requests that the Court substitute "Ana Maria Marcela Tavantzis, as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019" for "Ana Maria Marcela Tavantzis, as Legal Guardian of Jesus Plasencia."

Dated: November 17, 2025            Respectfully submitted,

*/s/ Hannah M. Crowe*
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
**SANJIV N. SINGH, APLC**
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

4

PLAINTIFFS' NOTICE OF DEATH OF JESUS PLASENCIA
AND MOTION FOR SUBSTITUTION OF PROPER PARTY
CASE NO.: 5:23-cv-05607-NW-SVK

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

David J. Harrington (*pro hac vice*)
Email: dharrington@condonlaw.com
William deWolff (*pro hac vice*)
Email: wdewolff@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

                                                        */s/ Hannah M. Crowe*
                                                        Hannah M. Crowe