# EXHIBIT 3

# THE PLASENCIA TAVANTZIS TRUST DATED NOVEMBER 19, 2019

## ARTICLE ONE. CREATION OF TRUST

1.1  Declaration

JESUS PLASENCIA (also known as Jesse Plasencia and Jesus Alfredo Plasencia Plasencia) and A. MARCELA TAVANTZIS (also known as Ana Maria Marcela Tavantzis, Ana Maria Marcela Tavantzis Goldschmidt, and Marcela Tavantzis), husband and wife, both of Santa Cruz County, California, who are herein referred to as "the settlors" or "the trustees," depending on the context, hereby declare that they hold certain property (the "trust estate"), in trust, to be held, administered, and distributed as provided in this instrument. The settlors declare that any property listed on the attached Schedule is trust property.

1.2  Names of Trusts

The trusts created by this instrument shall be known collectively as the PLASENCIA TAVANTZIS TRUST Dated November 19, 2019, and each separate trust created under this instrument shall be identified by the name of the settlor or settlors whose property is held in that separate trust and adding the name or designation of that separate trust as it appears in the appropriate section of this instrument.

1.3  Effective Date

This declaration shall be effective immediately on execution by the settlors-trustees.

1.4  No Living or Deceased Children

The settlors have no living or deceased children.



## ARTICLE THREE. RIGHTS AND POWERS OF SETTLORS

3.1    Power of Revocation and Amendment While Both Settlors Are Living

During the joint lifetimes of the settlors, any trust created by this instrument may be revoked or terminated, in whole or in part, by either settlor as to any separate and quasi-community property of that settlor and any community property of the settlors. Any trust created by this instrument may be modified or amended by either settlor acting alone as to any separate and quasi-community property of that settlor, and by both settlors acting jointly as to any community property of the settlors.

3.2    Power of Revocation and Amendment After Death of Deceased Settlor

After the death of the deceased settlor, the surviving settlor may at any time amend, revoke, or terminate, in whole or in part, any trust created by this instrument other than the Disclaimer Trust, which shall be irrevocable and not subject to amendment. After the death of the surviving settlor, none of the trusts created by this instrument may be amended, revoked, or terminated.

3.3    Method of Revocation or Amendment

Any amendment, revocation, or termination of any trust created by this instrument shall be made by written instrument signed by both settlors or by the settlor making the revocation, amendment, or termination, and delivered to the trustee. If the instrument making the revocation, amendment, or termination is signed by only one settlor and the other settlor is living at that time, a copy of the instrument making the amendment, revocation, or termination shall also be delivered to the other settlor. An exercise of the power of amendment substantially affecting the duties, rights, and liabilities of the trustee shall be effective only if agreed to by the trustee in writing. The method of amendment and revocation provided in this section is not exclusive.









███████████████████████████████████████████

## ARTICLE SIX. DISTRIBUTIONS AFTER DECEASED SETTLOR'S DEATH

6.1    Payment of Death Taxes, Debts, and Expenses on Statement From Personal Representative

After the deceased settlor's death, on receipt by the trustee of a written statement from the personal representative of the deceased settlor's estate requesting that the trustee pay death taxes, debts, and expenses, with respect to any property in the deceased settlor's estate, the trustee shall pay, either directly or to the personal representative, any amounts requested by the personal representative for those purposes, in the manner specified below. The trustee may rely on the personal representative's statement and shall not be liable for any act or omission by the personal representative in protesting or failing to protest the legality, propriety, or amount of the death taxes, debts, or expenses. If there is no personal representative, the trustee shall make the payments directly. Payments of debts and expenses shall be made by the trustee from the trust estate. All death taxes payable by reason of the deceased settlor's death shall be prorated and apportioned among the persons interested in the deceased settlor's estate as provided in the California Probate Code. Any death taxes attributable to any property passing to the surviving settlor that qualifies for the federal estate tax marital deduction shall be paid prorata out of property that does not qualify for the federal estate tax marital deduction, so that the property qualifying for the federal estate tax marital deduction shall pass to the surviving settlor free of any death taxes. However, payments of debts and expenses shall be made only out of (1) the deceased settlor's separate property, if any, (2) the deceased settlor's one-half (1/2) interest in the settlors' community property, and (3) the deceased settlor's one-half (1/2) interest in the

deceased settlor's quasi-community property, and shall not be made from the surviving settlor's property.

### 6.2    Trustee's Power to Defer Division or Distribution

Whenever the trustee is directed to divide any part of the trust estate or distribute trust assets on the death of either settlor, the trustee may, in the trustee's discretion, defer actual division or distribution for such reasonable period of time as is needed to effectively identify, take possession of, value, divide, and distribute the assets of the trust. During this time of deferral, the trustee may manage the trust assets through a single administrative trust. The ability of the trustee to delay division or distribution shall not affect the vesting of interests, which shall be as of the date of death.

### 6.3    Trust Estate Allocated to Survivor's Trust

On the deceased settlor's death, the remaining trust estate shall be held, administered, and distributed according to the terms of the Survivor's Trust, as set forth in Article Six.

### 6.4    Intention That Disposition Be Eligible for Marital Deduction

The settlors intend that the disposition of the trust estate set forth in the preceding section (to the extent that it provides for disposition of the deceased settlor's property) be eligible for the federal estate tax marital deduction, and this instrument shall be construed accordingly.

### 6.5    Disclaimer of Property

Any property or portion of property that is disclaimed by the surviving settlor shall be held, administered, or distributed according to the terms of the Disclaimer Trust, as set forth in Article Six.

### 6.6    Survivor's Trust As Only Trust

If the Survivor's Trust is the only trust established on the death of the deceased settlor, a transfer to that trust need not be evidenced by a change of title.

## ARTICLE SEVEN. DISPOSITIVE PROVISIONS OF TRUSTS CREATED AFTER DECEASED SETTLOR'S DEATH

7.1   Survivor's Trust

The trustee shall hold, administer, and distribute the assets of the Survivor's Trust as

follows:

(a)   Payment of Income

The trustee shall pay to or apply for the benefit of the surviving settlor, so long as the surviving settlor lives, the entire net income of the trust, in monthly or other convenient installments agreed on by the surviving settlor and the trustee, but not less often than annually. In determining the net income of the trust distributable to the surviving settlor, the trustee shall include all income that must be considered as income in order for the trust to qualify for the marital deduction under the federal estate tax law, and shall make no deductions from gross income that would prevent the trust from qualifying for that marital deduction, notwithstanding any contrary provisions of this instrument or any applicable provisions of state law. The settlors intend that the surviving settlor, as the beneficiary of a marital deduction trust, shall have substantially that degree of beneficial enjoyment of the trust during his or her lifetime that the principles of the law of trusts accord to a person who is unqualifiedly designated as the life beneficiary of a trust, and the trustee shall not exercise the trustee's discretion in a manner that is not in accord with this expressed intention. The settlors further intend that the trust produce for the surviving settlor during his or her lifetime the income, or that the surviving settlor shall have the benefit of the trust property, as is consistent with the value of the trust property and with its preservation.

(b)   Discretionary Payment of Principal by Trustee

At any time or times during the trust term, the trustee shall pay to or apply for the benefit of the surviving settlor so much of the principal of the trust as the trustee deems proper for the comfort, welfare, and happiness of the surviving settlor. In exercising discretion, the trustee shall give the consideration that the trustee deems proper to all other income and resources that are then known to the trustee and that are readily available to the surviving settlor. All decisions of the trustee regarding payments under this subsection, if any, are within the trustee's discretion.

(c)   Right of Surviving Settlor to Withdraw Principal

The trustee shall pay to the surviving settlor as much of the trust principal, up to all of it, as the surviving settlor may from time to time request in a signed writing delivered to the trustee.





## ARTICLE EIGHT. TRUSTEE

8.1    Successor Trustees

(a)    Remaining Initial Cotrustee Serves Alone

If, while acting as cotrustees, either initial cotrustee is unable (by reason of death, incapacity, or any other reason), or unwilling to continue to act as a trustee, and no successor cotrustee has been designated under any other provision of this trust instrument, the remaining initial trustee thereafter shall continue to serve as sole trustee, with full power to continue the trust administration.





(h)    General Powers of Trustee

To carry out the purposes of the trusts created under this instrument, and subject to any limitations stated elsewhere in this instrument, the trustee shall have all of the following powers, in addition to all of the powers now or hereafter conferred on trustees by law:

(i)    With or without court authorization, sell (for cash or on deferred payments, and with or without security), convey, exchange, partition, and divide trust property; grant options for the sale or exchange of trust property for any purpose, whether the contract is to be performed or the option is to be exercised within or beyond the term of the trust; and lease trust property for any purpose, for terms within or extending beyond the expiration of the trust, regardless of whether the leased property is commercial or residential and regardless of the number of units leased.

(ii)    Engage in any transactions with the personal representative of the estate of either settlor that are in the best interest of any trusts created in this instrument.

(iii)    Manage, control, improve, and maintain all real and personal trust property.

(iv)    Subdivide or develop land; make or obtain the vacation of plats and adjust boundaries, or adjust differences in valuation on exchange or partition by giving or receiving consideration; and dedicate land or easements to public use with or without consideration.

(v)    Make ordinary or extraordinary repairs or alterations in buildings or other trust property, demolish any improvements, raze existing party walls or buildings, and erect new party walls or buildings, as the trustee deems advisable.

(vi)    Employ and discharge agents and employees—including but not limited to attorneys, accountants, investment and other advisers, custodians of assets, property managers, real estate agents and brokers, appraisers, and Federal Firearms Licensees or other equivalent authorized to transfer firearms—to advise and assist the trustee in the management of any trusts created under this trust instrument, and compensate them from the trust property.

(vii)    With respect to securities held in trust, exercise all the rights, powers, and privileges of an owner, including, but not limited to, the power to vote, give proxies, and pay assessments and other sums deemed by the trustee necessary for the protection of the trust property; participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, and liquidations, and, in connection therewith, deposit securities with and transfer title to any protective or other committee under such terms as the trustee deems advisable; exercise or sell stock subscription or conversion rights; and accept and

retain as investments of the trust any securities or other property received through the exercise of any of the foregoing powers.

(viii) Hold securities or other trust property in the trustee's own name or in the name of a nominee, with or without disclosure of the trust, or in unregistered form, so that title may pass by delivery.

(ix)   Deposit securities in a securities depository that is either licensed or exempt from licensing.

(x)    Borrow money for any trust purpose from any person or entity, including one acting as trustee hereunder, on such terms and conditions as the trustee deems advisable, and obligate the trust for repayment; encumber any trust property by mortgage, deed of trust, pledge, or otherwise, whether for terms within or extending beyond the term of the trust, as the trustee deems advisable, to secure repayment of any such loan; replace, renew, and extend any such loan or encumbrance; and pay loans or other obligations of the trust deemed advisable by the trustee.

(xi)   Procure and carry, at the expense of the trust, insurance in such forms and in such amounts as the trustee deems advisable to protect the trust property against damage or loss, and to protect the trustee against liability with respect to third persons.

(xii)  Enforce any obligation owing to the trust, including any obligation secured by a deed of trust, mortgage, or pledge held as trust property, and purchase any property subject to a security instrument held as trust property at any sale under the instrument.

(xiii) Extend the time for payment of any note or other obligation held as an asset of, and owing to, the trust, including accrued or future interest, and extend the time for repayment beyond the term of the trust.

(xiv) Pay or contest any claim against the trust; release or prosecute any claim in favor of the trust; or, in lieu of payment, contest, release, or prosecution, adjust, compromise, or settle any such claim, in whole or in part, and with or without consideration.

(xv)  At trust expense, prosecute or defend actions, claims, or proceedings of whatever kind for the protection of the trust property and of the trustee in the performance of the trustee's duties, and employ and compensate attorneys, advisers, and other agents as the trustee deems advisable.

(xvi) Exercise dominion and control in the exercise of the trustee's discretion, over any digital asset, as defined in the section of this instrument titled Access to Digital Assets, owned by settlor or assigned to the trust.















## ARTICLE TEN. SIGNATURE AND EXECUTION

10.1  Execution

We certify that we have read the foregoing declaration of trust and that it correctly states the terms and conditions under which the trust estate is to be held, administered, and distributed. As settlors of the trusts created by this declaration of trust, we approve this declaration of trust in all particulars, and agree to be bound by its terms and conditions. As trustees of the trusts created by this declaration of trust, we approve this declaration of trust in all particulars, and agree to be bound by its terms and conditions.

Executed on November 19, 2019, at Soquel, California.

SETTLORS-TRUSTEES

JESUS PLASENCIA

A. MARCELA TAVANTZIS

# ACKNOWLEDGMENT

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California ⟩

County of Santa Cruz ⟩

On November 19, 2019, before me, Lee Ann Shenkman, notary public, personally appeared JESUS PLASENCIA and A. MARCELA TAVANTZIS, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

LEE ANN SHENKMAN
COMM. #2178433
Notary Public - California
Santa Cruz County
My Comm. Expires Jan. 30, 2021

_____

Lee Ann Shenkman                    (Seal)