**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.: 5:23-cv-05607-NW-SVK<br><br>**PLAINTIFFS' NOTICE OF INTENT TO AMEND MOTION FOR SUBSTITUTION AND TO SEEK ENTRY OF JUDGMENT** |

As Defendant American Airlines's Report (Dkt. 228) makes plain, the parties have been unable to reach agreement on a briefing schedule as requested by the Court. Suffice it to say that Plaintiffs do not believe American is operating in good faith and that American appears to be motivated solely by delay and an effort to avoid saying publicly what it has intimated privately.

American Airlines's "Notice" (Dkt. 223) that it intends to oppose Plaintiff's Motion for Substitution of the Legal Guardian of Mr. Plasencia with the Trustee of the proceeds of his estate (Dkt. 221) is highly irregular and unprecedented. As the Court knows, when a party dies, the substitution of the estate or other beneficiary of that party is usually a *pro forma* act under Rule 25. A proper and prompt substitution of the representative of the estate is both a necessary and required first step since the Court must exercise jurisdiction over a living person or proper legal entity. By rule, the motion must be made within 90 days of service of a statement noting the death of a party. Fed. R. Civ. P. 25(a)(1).

Plaintiffs have made multiple requests for American to provide legal support for its opposition to this substitution, including the "relevant authority going both ways" it represented to the Court exists. (Dkt. 228 at 3) **American has declined to provide such authority, and Plaintiffs have been unable to find any.** Rather, American has only made oblique references to California Civil Procedure Code § 377.34(a) as the "basis" on which it may oppose the substitution. Such an argument is facially frivolous because the rules of California state court procedure do not apply in federal court and, in any event, Cal. Civ. P. § 377.34(a) does not foreclose a state trial court's entry of judgment.[1]

---

[1] In *Cadlo v. Metalclad Insulation Corp.*, the plaintiff died after the verdict but before the entry of final judgment. 151 Cal. App. 4th 1311, 1317 (Cal. Ct. App. 2007). The court of appeals upheld the trial court's entry of judgment *nunc pro tunc*, which made the judgment effective on the date of the verdict, holding that when "a court validly exercises its discretion to issue a judgment *nunc pro tunc*, the date of that judgment determines whether section 377.34 bars recovery." *Id.* at 1321–22.

2

PLAINTIFFS' NOTICE OF INTENT TO AMEND
MOTION FOR SUBSTITUTION AND TO SEEK ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

Plaintiffs are aware of no case where a verdict has been nullified by the subsequent death of a personal injury plaintiff. What is more, Plaintiffs can find no case where the estate of a deceased party is denied substitution and an opportunity to be heard because the "claim was extinguished." Such arguments, if advanced, fail to pass muster under Fed. R. Civ. P. 11(b)(2) because they are not warranted by existing law or by non-frivolous arguments to extend, modify, or change the law.

Plaintiffs cannot proceed with a mediation (court ordered or otherwise) without a properly named party representing the interests of Mr. Plasencia's beneficiaries. Indeed, American's position that the Court "lacks jurisdiction" (Dkt. 228 at 2) to entertain a motion for entry of judgment cannot be reconciled with its request that the Court, nevertheless, exercise jurisdiction by ordering the parties to mediation (Dkt. 228 at 3).

Because the parties are at an impasse and because mediation at this time would be futile, Plaintiffs respectfully advise the Court that they intend to file an amended Motion for Substitution (Dkt. 221) to address the "issues" raised by American at the status conference and a separate Motion for Entry of Judgment in favor of the correct named plaintiffs by Monday, December 1. Plaintiffs request that briefing for these motions proceed as required under Local Rule 7-3, and that they be set for hearing (if necessary) as soon as practicable.

3

PLAINTIFFS' NOTICE OF INTENT TO AMEND
MOTION FOR SUBSTITUTION AND TO SEEK ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

| | | |
|---|---|---|
| 1 | Dated: November 25, 2025 | Respectfully submitted, |

/s/ Hannah M. Crowe
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
**SANJIV N. SINGH, APLC**
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

*Attorneys for Plaintiffs*

4

PLAINTIFFS' NOTICE OF INTENT TO AMEND
MOTION FOR SUBSTITUTION AND TO SEEK ENTRY OF JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

# CERFICATE OF SERVICE

I hereby certify that on November 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

David J. Harrington (*pro hac vice*)
Email: dharrington@condonlaw.com
William deWolff (*pro hac vice*)
Email: wdewolff@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

/s/ *Hannah M. Crowe*
Hannah M. Crowe