**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.: 5:23-cv-05607-NW-SVK<br><br>**PLAINTIFFS' AMENDED MOTION FOR SUBSTITUTION OF THE PROPER PARTY** |

In light of the tragic death of Plaintiff Jesus Plasencia on October 10, 2025—a death caused by Mr. Plasencia's lack of 24/7 medical care—Plaintiff Marcela Tavantzis respectfully files this Amended Motion for Substitution of the Proper Party under Federal Rule of Civil Procedure 25. In short, because Mr. Plasencia is deceased, Rule 25 requires the named Legal Guardian in this case to be replaced with Mr. Plasencia's successor or other representative of his estate. Here, the Trustee of the Plasencia Tavantzis Trust is the proper and necessary party to substitute because the Trust is the sole beneficiary of the proceeds of Mr. Plasencia's estate.

This substitution should be uncontroversial. As the Court knows, motions to substitute in these circumstances are usually *pro forma* and rarely, if ever, contested. This Amended Motion is necessary, however, because American Airlines seeks to take advantage of Mr. Plasencia's death and to have part of the jury's verdict vacated. For this reason, American states it will oppose any substitution "to the extent that certain claims for future damages do not survive the death of Jesus Plasencia and should be vacated and/or stricken from the Verdict Form." Dkt. 223 at 2. American's position is not only morally repugnant but legally baseless.

**BACKGROUND**

After a six-day jury trial, on September 17, 2025, the jury returned a verdict in favor of Plaintiffs. Dkt. 201. The jury awarded Plaintiffs damages totaling $9,629,829.55 for the accident that occurred on American Airlines Flight 68 from Miami to Madrid on November 8, 2021. The accident—American's failure to follow its own policies and procedures when Mr. Plasencia suffered a stroke on the flight—caused a six-plus-hour delay in Mr. Plasencia receiving stroke treatment, leaving him profoundly disabled. While the parties contested many factual issues at trial, Mr. Plasencia's projected life expectancy was not one of them. All experts agreed that, with proper medical care, Mr. Plasencia was expected to live another fifteen years. Accordingly, the jury's verdict included awards for Mr. Plasencia's past and future pain, suffering, and medical care. *Id.*

On September 19, 2025, Plaintiffs sought the entry of a final judgment. Dkt. 209. Final Judgment was briefly entered on September 30, 2025 (Dkt. 213) but then vacated (Dkt. 214) after counsel for American advised the Court and Plaintiffs that American intended to contest the calculation of prejudgment interest. The Court set the matter for hearing on November 19, 2025.

During this time, Mr. Plasencia's condition worsened. On September 30, 2025, Mr. Plasencia suffered a fall at home. In the ensuing days after the fall, Mr. Plasencia suffered frequent and severe anxiety and panic attacks, the worst of which occurred on the evening of October 9, 2025, and the morning of October 10, 2025. *See* Declaration of Ana Maria Marcela Tavantzis ("Tavantzis Decl."). Regrettably, Mr. Plasencia died on October 11, 2025. A copy of the Certificate of Death of Jesus Plasencia is attached as Exhibit 1, the Last Will of Jesus Plasencia (the "Will") is attached as Exhibit 2, and a redacted version of the Plasencia Tavantzis Trust (the "Trust") is attached as Exhibit 3.

The circumstances surrounding Mr. Plasencia's death are precisely why Plaintiffs sought, and the jury awarded, funds to provide for 24/7 in-home medical care for Mr. Plasencia. *See* Declaration of Dr. Deborah Doherty, M.D. ("Doherty Decl.").

In accordance with the terms of his Will and Trust, Mr. Plasencia's interest in the verdict and forthcoming judgment passed to the Trust, of which Ms. Tavantzis is the Trustee. Accordingly, pursuant to Federal Rule of Civil Procedure 25(a)(1), Plaintiff Tavantzis respectfully requests an order substituting herself, individually and as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019, as the proper Plaintiff in this case in accordance with the terms of the Will and the Trust. Were the law to permit the verdict to be vacated—and it does not—Ms. Tavantzis would seek retrial to assert her and the estate's claims for the wrongful death of Mr. Plasencia. *See* Doherty Decl.

**ARGUMENT**

Rule 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). As

discussed below, there is no serious good-faith argument that the post-verdict death of a plaintiff "extinguishes" a jury's verdict under Rule 25 or otherwise prevents the deceased plaintiff's successors from enforcing the verdict and subsequent judgment. Moreover, under the plain terms of the Will and the Trust, "Ana Maria Marcela Tavantzis, as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019" is the proper party to be substituted for "Ana Maria Marcela Tavantzis, as Legal Guardian of Jesus Plasencia." Accordingly, the Court should grant Plaintiffs' Motion for Substitution and, when judgment is entered, properly enter it in favor of Ms. Tavantzis individually and as Trustee of the Trust.

## I. Plaintiff Plasencia's Passing Does Not Extinguish the Jury Verdict.

Under federal law, Mr. Plasencia's passing does not extinguish any portion of the jury's verdict, even those portions that awarded damages for "future" medical care or harm. "'The question of whether an action survives the death of a party must be determined by looking towards the law . . . under which the cause of action arose.'" *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004) (quoting *Continental Assurance Co. v. American Bankshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis. 1980)). Because this cause of action arose under the Montreal Convention treaty, federal law applies. *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010) ("Because the Montreal Convention does in fact provide a federal cause of action, a claim under the Montreal Convention presents a federal question sufficient to invoke federal jurisdiction"); *see also Lemnitzer v. Philippine Airlines*, 783 F. Supp. 1238, 1241 (N.D. Cal. 1991) ("As treaties are considered 'the supreme law of the Land,' U.S. Const. art. VI, they supersede all state law[.]"). Similarly, federal law and the Federal Rules of Civil Procedure apply to motions for a new trial under Rule 59 and motions seeking relief from a judgment under Rule 60. *See, e.g.*, *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 131 (6th Cir. 1990).

The applicable federal case law is unanimous and unequivocal: a jury's verdict is final, and a plaintiff's post-verdict death does not alter, amend, or extinguish it. For

example, in *Boyd v. Bulala*, a personal injury plaintiff died after the jury returned a verdict but before the court could enter final judgment. 672 F. Supp. 915, 922 (W.D. Va. 1987). There, as here, the jury's verdict included a monetary award for "future" damages, including medical care. The defendant sought a new trial or, in the alternative, to open the record to admit new evidence, arguing that if the plaintiff "died before trial, the [plaintiff's parents] could not have recovered certain elements of damages, including [plaintiff's] future medical costs." *Id.* The district court denied the motion, emphasizing that "newly discovered evidence must pertain to facts which existed *at the time of trial*." *Id.* (emphasis in original). "Were the rule otherwise, litigation would never end." *Id*. The Fourth Circuit affirmed. 905 F.2d 764 (4th Cir. 1990) (per curiam). Notwithstanding the fact that the jury's verdict "reflected awards on the basis of a much more extended life expectancy" the Fourth Circuit found "the circumstance of this claimant's early death [was] not an exceptional one warranting relief from that judgment." *Id.* at 769.

This rule—that the jury's verdict is final—is a sound one that has been universally followed by federal courts faced with the post-verdict and post-judgment deaths of plaintiffs. *See, e.g.*, *Davis*, 912 F.2d at 135; *Le v. United States*, 138 F.4th 264 (5th Cir. 2025). In *Davis*, the plaintiff died 33 days after the entry of judgment. *Davis*, 912 F.2d at 131. In rejecting the defendant's argument that Rule 60(b)(2) required relief, the district court followed the *Boyd* court's reasoning that "the defendant could not 'open the record to present evidence concerning an event which occurred six weeks after the verdict, nor can the plaintiff's death serve as the basis for a new trial.'" *Id.* (quoting *Boyd*, 672 F. Supp. at 922). The Sixth Circuit noted:

> To hold that a plaintiff's death following a jury verdict is the sort of 'substantial injustice' requiring the reopening of cases or award of new trials under the Federal Rules of Civil Procedure would be to invite a morass of appeals from defendants in cases where the plaintiffs did not survive an 'acceptable' amount of time following the entry of final judgment.

> **Conversely, such a rule would require reopening cases where a plaintiff's life span exceeded the expectation presented to the jury.**

*Id.* at 135 (emphasis added). The Sixth Circuit also wrote that "Rules 59 and 60(b)(2) are not designed to allow losing litigants to amend damages awards based on a successful litigant's death after a final judgment is entered in a case. **The defendants in this and every other tort case well know that a plaintiff may not survive to fully enjoy an award of damages**." *Id.* at 136 (emphasis added). "The fact that a plaintiff dies even a second after judgment is entered does not render evidence regarding an *expected* life span 'false' nor the judgment invalid." *Id.* Even though *Davis* examined a plaintiff's death after judgment, both the district court and the Sixth Circuit relied on *Boyd v. Bulala*, in which the plaintiff—like Mr. Plasencia—died after the verdict but before the entry of judgment.

The Fifth Circuit ruled similarly in *Le v. United States*. There, the government argued that the plaintiff's death during the appeal "nullifie[d] the final judgment and render[ed] any future damages awards inequitable." *Le*, 138 F.4th at 281. The Fifth Circuit put it bluntly: "We reject that a plaintiff's post-judgment death alone affects the damages awards, even when death cuts a life short compared to the calculated life expectancy." *Id.* "**To rule otherwise would manufacture inequity, uncertainty, and arbitrariness**." *Id.* at 281–82 (emphasis added).

"It is well established that, in general, 'an action is not abated by the death of a party after the cause has reached a <u>verdict</u> or final judgment and while the judgment stands, even where the judgment is based on a cause of action that would not have survived had the party died before judgment.'" *Chopra v. Gen. Elec. Co.*, 527 F. Supp. 2d 230, 239–40 (D. Conn. 2007) (emphasis added) (quoting 1 AM. JUR. 2d *Abatement, Survival, and Revival* § 58). What is "significant" in this scenario is that "all effectual questions have been resolved before the party died." 1 AM. JUR. 2d *Abatement, Survival, and Revival* § 58. Here, all effectual questions were resolved before Mr. Plasencia's death, and the jury's verdict is final, not subject to alteration, and "ripe for judgment." *See id.* Just as Plaintiffs would have had no remedy had Mr. Plasencia lived *beyond* the expected fifteen years,

Defendant has no remedy simply because Mr. Plasencia's life was tragically cut short after the jury reached its verdict. The jury's verdict is final, and to hold otherwise would insert never-ending "inequity, uncertainty, and arbitrariness" into the judicial process. *See Le,* 138 F.4th at 282.

Finally, it is worth noting that American's position—that it may block the substitution of Mr. Plasencia's representative under Rule 25 because the verdict was "extinguished" by Mr. Plasencia's death—is without precedent and frivolous. Such a rule would open the door to never-ending serial litigation, rob the parties and the courts of any sense of finality, and create perverse if not grotesque incentives. And if substitution and enforcement of the verdict were prevented, Mr. Plasencia's estate and Ms. Tavantzis would be forced to initiate a new wrongful death proceeding, creating the very litigation "morass" the Sixth Circuit warned against. *See Davis*, 912 F.2d at 135; *see also* Doherty Decl. This is not the rule in any federal case that Plaintiffs can find, and it cannot be the rule here. Simply put, the jury's verdict has not been "extinguished," and the Court should grant the substitution of Mr. Plasencia's successor as the proper plaintiff under Rule 25.

## II. The Trustee of the Plasencia Tavantzis Trust is Jesus Plasencia's Successor and is the Proper Plaintiff.

The 1963 amendments to Rule 25 liberalized the substitution rule and provided flexibility in whom would qualify as a proper substitute for a deceased party. *See McSurely v. McClellan*, 753 F.2d 88, 96, 98–99 (D.C. Cir. 1985); *see also Sinito v. United States DOJ*, 176 F.3d 512, 516 (D.C. Cir. 1999). The court's primary criteria in determining the proper party for substitution is that the substituted party will "adequately represent the interests of the deceased party." *Sinito*, 176 F.3d at 516. The courts should evaluate the facts and circumstances in each matter and determine whether the proposed party for substitution will sufficiently prosecute or defend the action on the decedent's behalf. *Id.* at 516–17; *McSurely*, 753 F.2d at 98–99 (finding widows were proper parties for substitution when estates had not been probated, but their husbands' assets had been distributed to them); *see also* 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (3d ed. 2010).

Since the inception of this case, Ms. Tavantzis has been prosecuting the action individually and as Mr. Plasencia's legal guardian under authority granted though a durable power of attorney. By law, however, this authority ended when Mr. Plasencia died on October 11, 2025. Cal. Prob. Code § 4152 (authority of agent under a power of attorney terminates on principal's death). Accordingly, Mr. Plasencia's death requires the substitution of his legal guardian with his successor in interest.

Under Rule 25, Ms. Tavantzis is the proper party to "adequately represent the interests of the deceased party" because she is his spouse, has been prosecuting this case as his legal guardian since its inception, and is the named his Executor of his Will. Declaration of Hannah M. Crowe in Support of Plaintiffs' Amended Motion for Substitution of the Proper Party ("Crowe Decl."), Ex. 2 at Sec. 4.1, pg. 2. Moreover, as the surviving spouse, Ms. Tavantzis is the sole Trustee of the Plasencia Tavantzis Trust dated November 19, 2019 (the "Trust"), which is the sole beneficiary of Mr. Plasencia's estate as set forth in his Will. Crowe Decl., Ex. 2 at Sec. 2.1, pg. 1.

As the Trust's Trustee, Ms. Tavantzis is the sole distributee of or successor to Mr. Plasencia's estate. Similar to the parties in *McSurely* and *Sinito*, there are no assets which must go through probate, and therefore the Court may look to Mr. Plasencia's ultimate successor. "Federal courts have uniformly held that Rule 25(a)(1) permits substitution without requiring state machinery such as the probating of a will." *Irvin-Jones v. Equifax Info. Servs. LLC*, 2019 WL 4394684, at *2 (S.D. Tex. Sept. 13, 2019) (finding party was not required to be named as decedent's representative by a probate court in order to be substituted); *see also In re Baycol Products Litig.*, 616 F.3d 778, 784–85 (8th Cir. 2010). Ana Maria Marcela Tavantzis, as Trustee of the Trust, is the sole beneficiary and successor to Mr. Plasencia's estate and is therefore the proper party to be substituted for the named legal guardian.

Plaintiffs respectfully request that Ana Maria Marcela Tavantzis, as the sole beneficiary and successor to Mr. Plasencia's estate and Trustee of the Trust, be substituted as the current proper party in place of the Legal Guardian of Jesus Plasencia.

## CONCLUSION

Rule 25 allows for a party's successor, rather than their state court appointed representative, to be substituted for the deceased party. Plaintiffs respectfully request that the Court substitute "Ana Maria Marcela Tavantzis, as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019" for "Ana Maria Marcela Tavantzis, as Legal Guardian of Jesus Plasencia."

Dated: December 1, 2025

Respectfully submitted,

*/s/ Hannah M. Crowe*

Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
**SANJIV N. SINGH, APLC**
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

David J. Harrington (*pro hac vice*)
Email: dharrington@condonlaw.com
William deWolff (*pro hac vice*)
Email: wdewolff@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

*/s/ Hannah M. Crowe*
Hannah M. Crowe