Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299

  - and -

David J. Harrington (*Pro Hac Vice*)
Email: dharrington@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile:  (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>Plaintiff,<br><br>vs<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendants. | Case No. 5:23-cv-05607-NW-SVK<br><br>**OPPOSITION OF AMERICAN AIRLINES, INC. TO PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO FED. R. CIV. P. 25** |

Defendant American Airlines, Inc. (hereinafter "American Airlines"), by and through its attorneys of record, Condon & Forsyth LLP, hereby respectfully submits its Opposition to Plaintiff Marcela Tavantzis's ("Plaintiff") Motion to Substitute pursuant to FED. R. CIV. P. 25 as follows:

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii-iii

INTRODUCTION .........................................................................................................................1

PRELIMINARY STATEMENT REGARDING FED. R. CIV. P. 11 .........................................2

OBJECTION TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF AMENDED MOTION TO SUBSTITUTE ..................................................................................3

RELEVANT FACTS .....................................................................................................................5

LEGAL STANDARD....................................................................................................................7

ARGUMENT.................................................................................................................................8

    I.    PLAINTIFF HAS FAILED TO PRESENT ANY ARGUMENT OR AUTHORITY TO SUPPORT HER CLAIM THAT MR. PLASENCIA'S BODILY INJURY CLAIM UNDER THE MONTREAL CONVENTION SURVIVES HIS DEATH...............................................................................................8

        A.    Plaintiff Has Conceded the Issue of Whether Mr. Plasencia's Claims Are Extinguished by Failing to Provide any Argument or Authority on this Issue..........................................................................................................8

        B.    At Common Law, Mr. Plasencia's Claims Are Extinguished By His Death ..................................................................................................................9

        C.    Under California Law, Mr. Plasencia's Future Damage Claims Are Extinguished ..................................................................................................10

        D.    The Limited Authority Cited by Plaintiff Does Not Address the Issue of whether Mr. Plasencia's Claims Survive at Federal Common Law or under California Law and Has No Relevance, Whatsoever, to this Inquiry...........................................................................................................13

CONCLUSION............................................................................................................................14

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alliance to End Repression v. Chicago*,
  899 F.2d 582 (7th Cir. 1990) ...................................................................................................3

*Am. Bank & Tr. Co. v. Cmty. Hosp.*,
  36 Cal. 3d 359 (1984) ............................................................................................................14

*Bond v. American Med. Ass'n*,
  764 F. Supp. 122 (N.D. Ill. 1991) ............................................................................................3

*Boyd v. Bulala*,
  905 F.2d 764 (4th Cir. 1990) .................................................................................................13

*Davis by Davis v. Jellico Community Hosp. Inc.*,
  912 F.2d 129 (6th Cir. 1990) .................................................................................................13

*Deirmenjian v. Deutsche Bank, A.G.*,
  No. CV0600774MMMCWX, 2009 WL 10671426 (C.D. Cal. June 4, 2009) .........................4

*Gaiardo v. Ethyl Corp.*,
  835 F.2d 479 (3rd Cir. 1987) ...................................................................................................3

*Giles v. Campbell*,
  698 F.3d 153 (3d Cir. 2012).........................................................................................3, 8, 10

*Hernandez v. Starbucks Coffee Co.*,
  No. CV176927DSFGJSX, 2018 WL 8733353 (C.D. Cal. Aug. 27, 2018) ..............................9

*Kellogg v. Asbestos Corp. Ltd.*,
  41 Cal. App. 4th 1397, 49 Cal. Rptr. 2d 256 (1996)................................................2, 3, 11, 12

*Le v. United States*,
  138 F.4th 264 (5th Cir. 2025) ................................................................................................13

*Moor v. Alameda Cnty.*,
  411 U.S. 693 (1973)............................................................................................................9, 10

*In re Pagan*,
  No. 14-08824 (ESL), 2017 WL 405611 (Bankr. D.P.R. Jan. 30, 2017)...................................3

*Parchman v. SLM Corp.*,
  896 F.3d 728 (6th Cir. 2018) ...................................................................................................8

*Parkerson v Carrouth*,
  782 F.2d 1449 (8th Cir. 1986) .................................................................................................3

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

ii

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

*Richardson v. Insite Systems, Inc.*,
    512 F. Supp. 3d 799 (2001) ................................................................................................3

*Robertson v. Wegmann*,
    436 U.S. 584 (1978) ................................................................................................8, 10

*Shaw v. Garrison*,
    545 F.2d 980 (5th Cir.1977) ...............................................................................................8

*United States v. NEC Corp.*,
    11 F.3d 136 (11th Cir. 1993) ..............................................................................................8

*Williamson v. Plant Insulation Co.*,
    23 Cal. App. 4th 1406, 28 Cal. Rptr. 2d 751 (1994) .................................................2, 3, 11, 12

**Statutes**

42 U.S.C. § 1983 ...............................................................................................................10

FED. R. CIV. P. 11 (West 2025) ....................................................................................2, 3, 6

FED. R. CIV. P. 11(b)(2) (West 2025) ..................................................................................2

FED. R. CIV. P. 25 (West 2025) ...............................................................................1, 2, 7, 8

FED. R. CIV. P. 25(a) (West 2025) ............................................................................. *passim*

FED. R. EVID. 401 (West 2025) ...........................................................................................4

FED. R. EVID. 402 (West 2025) ...........................................................................................4

FED. R. EVID. 403 (West 2025) ...........................................................................................4

CAL. CIV. PROC. CODE § 377.20 (West 2025) ..................................................................11

CAL CIV. PROC. CODE § 377.34 (West 2025) ...................................................................12

CAL CIV. PROC. CODE § 377.34(a) (West 2025) ...............................................................11

CAL CIV. PROC. CODE § 377.37(b) (West 2025) ...............................................................11

CAL. PROB. CODE § 573(c) .........................................................................................11, 12

**Other Authorities**

W. Prosser, Torts 888—891 (4th ed. 1971) .........................................................................9

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

iii

# INTRODUCTION

On November 14, 2025, Plaintiff's counsel advised counsel for American Airlines that Jesus Plasencia had passed away five weeks earlier on October 11, 2025. Mr. Plasencia's death occurred 24 days after a jury verdict of $9,629,829.55 was reached against American Airlines and prior to the entry of final judgment. The jury verdict included an award of $4,772,429.95 for Mr. Plasencia's future economic damages and $2,320,000.00 for Mr. Plasencia's future pain and suffering. Immediately after the jury reached its verdict, the Court instructed Plaintiff to submit a simple proposed judgment that was consistent with the jury's verdict by the following day. Plaintiff did not do so and, instead, submitted a Motion for Entry of Final Judgment seeking a massive award of prejudgment interest on the entire jury verdict, including the awards for future damages. ECF No. 209. The sole reason that entry of judgment did not occur prior to Mr. Plasencia's death is due to this strategic litigation decision by Plaintiff. Accordingly, the fact that judgment had not been entered as of the date of Mr. Plasencia's death is not the fault of the Court, or of American Airlines, but is instead the result of a calculated litigation decision made by Plaintiff and her attorneys to maximize their recovery beyond what the jury awarded.

American Airlines has advised Plaintiff and this Court that it has no objection to Plaintiff's Motion based upon the sufficiency of the documentation submitted by Plaintiff indicating that she is the authorized representative of Mr. Plasencia's estate, which is properly left to the review and discretion of the Court. However, Rule 25 also requires, as a prerequisite to permitting substitution of Plaintiff to Mr. Plasencia's claims, a determination that Mr. Plasencia's claims are not extinguished by the applicable law. Plaintiff has now submitted two motions to substitute that fail to address this critical issue, notwithstanding that counsel for American Airlines alerted Plaintiff to the issue in open court on November 14, 2025. The issue of whether Mr. Plasencia's Montreal Convention claim for damages resulting from bodily injury is extinguished by his death is an issue of first impression before the U.S. courts. Although federal common law should apply to this issue because Mr. Plasencia's claims arose under a United States treaty, there is no guidance within the Montreal Convention or federal common

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 1 -

1  law on this issue other than the common law rule that the death of a plaintiff extinguishes all
2  claims.  The Supreme Court has instructed that in these situations, where federal law is deficient
3  regarding survival of claims, courts should look to state statutory law to avoid the harsh result of
4  the application of the common law.  Throughout this litigation, including in her Second
5  Amended Complaint, Plaintiff has affirmatively argued that California law governs recoverable
6  damages with respect to Montreal Convention claims.  Second Amended Complaint, ECF No.
7  84, ¶¶ 108-115.  The Court has affirmatively held that damage law not governed by the
8  Convention is governed by California law, and this is now the law of the case.  Under California
9  law, Mr. Plasencia's pre-judgment claims for future medical expenses and future pain and
10 suffering were extinguished by his death on October 11, 2025.  *Kellogg v. Asbestos Corp. Ltd.*,
11 41 Cal. App. 4th 1397, 49 Cal. Rptr. 2d 256 (1996); *Williamson v. Plant Insulation Co.*, 23 Cal.
12 App. 4th 1406, 28 Cal. Rptr. 2d 751 (1994).  Accordingly, Plaintiff may not substitute in under
13 Rule 25 with respect to Mr. Plasencia's claims for future medical expenses and future pain and
14 suffering, although American Airlines does not object to her substitution as to Mr. Plasencia's
15 claims for past economic and non-economic damages.

### PRELIMINARY STATEMENT REGARDING FED. R. CIV. P. 11

17 Plaintiff has claimed that American Airlines' Opposition to her Amended Motion
18 implicates Rule 11, asserting that American Airlines does not have authority to support its
19 position.  ECF No. 229, p. 3.  Plaintiff's Notice filed with the Court on November 25, 2025 states
20 that Plaintiff is "aware of no case where a verdict has been nullified by the subsequent death of a
21 personal injury plaintiff. What is more, Plaintiffs can find no case where the estate of a deceased
22 party is denied substitution and an opportunity to be heard because the 'claim was extinguished.'
23 Such arguments, if advanced, fail to pass muster under Fed. R. Civ. P. 11(b)(2) because they are
24 not warranted by existing law or by non-frivolous arguments to extend, modify, or change the
25 law." ECF No. 209, p. 3.  As demonstrated below, these statements are simply not true.
26 There is California appellate authority, which should be applied here in the absence of
27 federal common law, holding that a party's death before judgment but after verdict will

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO         - 2 -
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

extinguish that party's claims for damages that do not survive the party's death. *Kellogg v. Asbestos Corp. Ltd.*, 41 Cal. App. 4th 1397, 49 Cal. Rptr. 2d 256 (1996) (plaintiff died between verdict and before entry of final judgment); *Williamson v. Plant Insulation Co.*, 23 Cal. App. 4th 1406, 28 Cal. Rptr. 2d 751 (1994) (plaintiff died during trial). Moreover, caselaw indicates that it is not uncommon for the representative of a deceased party to be denied substitution entirely or as to specific claims under Rule 25(a) on the grounds that the decedent's claims were extinguished. *See, e.g.*, *Giles v. Campbell*, 698 F.3d 153, 155–56 (3d Cir. 2012); *Richardson v. Insite Systems, Inc.*, 512 F. Supp. 3d 799 (2001); *Parkerson v Carrouth*, 782 F.2d 1449 (8th Cir. 1986).

If an adversary's allegations are fairly debatable, a party should not threaten or seek sanctions as a means of intimidation or to test the legal sufficiency of the allegations. FED. R. CIV. P. 11, Adv. Comm. Notes, 1993 Amend. This conduct is itself sanctionable under Rule 11 upon the initiative of the Court. *Bond v. American Med. Ass'n*, 764 F. Supp. 122, 126, fn. 3 (N.D. Ill. 1991); *see also Alliance to End Repression v. Chicago*, 899 F.2d 582, 583 (7th Cir. 1990); *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3rd Cir. 1987).

Plaintiff's incorrect and unsupported claims of misconduct by American Airlines are particularly egregious since Plaintiff herself has provided no explanation as to why she failed to inform the Court or American Airlines of Mr. Plasencia's death until five weeks after it occurred, notwithstanding that courts have sanctioned attorneys for failing to promptly report a client's death. *In re Pagan*, No. 14-08824 (ESL), 2017 WL 405611, at *7 (Bankr. D.P.R. Jan. 30, 2017) (imposing sanctions on counsel for various conduct relating to handling of client's death, including failing to report client's death for one month).

**OBJECTION TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF AMENDED MOTION TO SUBSTITUTE**

Rather than address the relevant legal issues, Plaintiff has submitted Declarations from Plaintiff and Dr. Deborah Doherty mostly consisting inflammatory and irrelevant accusations that American Airlines' conduct has some causal relationship to Mr. Plasencia's death. These

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

arguments are repeated throughout Plaintiff's Amended Motion to Substitute, with very little of the Motion consisting of relevant legal argument, caselaw or authority. Plaintiff's unsubstantiated claims that American Airlines somehow caused or contributed to Mr. Plasencia's death, which are irrelevant to any issues currently before this Court, are seemingly made to evoke sympathy from the Court and to be used as fodder for the press.

The Declarations of Plaintiff and Dr. Doherty state, without any support, that Mr. Plasencia died because he did not have round-the-clock, wakeful care. Mr. Plasencia's Death Certificate states that he died of atherosclerotic coronary disease, myocardial infarction, and cardiac arrest, which could not have been caused by American Airlines, and which have no relation to any need for round-the-clock care. American Airlines also notes that it was solely Plaintiff's decision, not American Airlines, to not provide round-the-clock caregivers for Mr. Plasencia. Accordingly, the Declarations of Plaintiff and Dr. Doherty, perhaps unintentionally, lay blame for this incident on Plaintiff's own failure to obtain or provide this care for her husband.

Regardless, whether Mr. Plasencia's death was or was not caused by American Airlines is not germane to this Motion. If Plaintiff intends to attempt to blame American Airlines for her husband's death and convert her claims to a wrongful death claim, which would necessitate a new trial, this is an entirely different set of legal issues, which should be raised by a separate motion.

American Airlines objects to the submission of the Declaration of Plaintiff, the Declaration of Dr. Deborah Doherty, and all portions of Plaintiff's Motion to Substitute that repeat the content of these documents pursuant to FED. R. EVID. 401, 402 and 403 on the grounds that they are irrelevant, immaterial and inflammatory. *Deirmenjian v. Deutsche Bank, A.G.*, No. CV0600774MMMCWX, 2009 WL 10671426, at *11 (C.D. Cal. June 4, 2009) (striking exhibit to motion for class certification on grounds that exhibit was inflammatory and not relevant to any legal issue).

# RELEVANT FACTS

On August 19, 2024, Plaintiff filed her Second Amended Complaint, affirmatively alleging that the Montreal Convention permitted a "pass-through" to local law, and that California law governed the damages available to Plaintiff under the Montreal Convention in this action. ECF No. 84, ¶¶ 108-115.

On September 4, 2025, Plaintiff again affirmatively argued to this Court that the Montreal Convention requires a pass-through to local damage law, which governs which types of damages available to Plaintiff. Plaintiff specifically argued to the Court that California law governed the viability of Plaintiff's loss of consortium claim. Counsel for American Airlines did not disagree with this argument, and the Court adopted this principle as the law of the case. *See* Transcript of Final Pretrial Conference, September 4, 2025, pp. 48-52.

On September 17, 2025, the jury reached a verdict totaling $9,629,829.55, after a 27.5% reduction for the negligence of Plaintiff and Mr. Plasencia. *See* Trial Transcript, Vol. 7, September 17, 2025, p. 1476. After application of the 27.5% reduction, the jury award included $4,772,429.95 for Mr. Plasencia's future medical care and $2,320,000.00 for Mr. Plasencia's future pain and suffering.

On September 17, 2025, the Court asked Plaintiff to submit a proposed judgment, and asked how long it would take for Plaintiff to prepare the judgment. Plaintiff stated that a proposed judgment would be filed the following day. The Court specifically ordered Plaintiff to file a "relatively straightforward" judgment that was "consistent with the number that has been stipulated here in court." *Id.* at 1476-1477.

On September 19, 2025, instead of submitting a proposed judgment that was consistent with the jury verdict, Plaintiff filed a Motion for Entry of Judgment, including a request for pre-judgment interest on the entire amount of the jury verdict totaling $1,432,272.22, as well as post-judgment interest. ECF No. 209.

On October 3, 2025, American Airlines submitted its Opposition to Plaintiff's Motion for Entry of Judgment. ECF No. 215.

1       On October 10, 2025, Plaintiff submitted her Reply in support of Plaintiff's Motion for Entry of Judgment.  ECF No. 218.

      On October 11, 2025, according to his official death certificate, Mr. Plasencia died of cardiac arrest, myocardial infarction, and atherosclerotic coronary disease.  ECF No. 222-1 (Death Certificate).

      On November 17, 2025, more than five weeks after Mr. Plasencia's death, Plaintiff finally alerted the Court of Plaintiff's death.  ECF No. 221.  Plaintiff also filed a Motion to Substitute pursuant to Rule 25(a) which did not address the threshold issue of whether Mr. Plasencia's claims were extinguished by his death.  ECF No. 221.

      On November 19, 2025, the Court held a status conference to discuss the effect of Mr. Plasencia's death on this litigation.  ECF No. 225.  At this status conference, counsel for American Airlines advised Plaintiff and the Court that (1) Plaintiff's Motion to Substitute did not address the threshold issue under Rule 25(a) of whether Mr. Plasencia's claims were extinguished by his death; and (2) this is an issue of first impression in U.S. courts.  The Court further advised the parties that it was inclined to award prejudgment interest only on Mr. Plasencia's past economic damages.  The Court then ordered the parties to meet and confer regarding Alternative Dispute Resolution and a proposed briefing schedule on Plaintiff's Motion to Substitute, with all parties appearing to agree that the changed posture of the case warranted swift mediation or a settlement conference before a magistrate judge.  *Id.*

      The parties were not able to agree on the appropriate timing of Alternative Dispute Resolution, nor were the parties able to agree on a briefing schedule for Plaintiff's Motion to Substitute.  The parties were not even able to agree on the form of a joint statement to provide to the Court regarding their disparate views on these issues, with each party filing separately.  Although American Airlines attempted to obtain Plaintiff's comments on a joint statement, it could not do so, and timely filed a Status Report on November 24, 2025, as required by the Court's Order.  ECF No. 228.  Plaintiff then filed her own tardy Notice with the Court accusing counsel for American Airlines of violating Rule 11 because American Airlines had not shared

authority supporting its position with Plaintiff's counsel at that point – just as Plaintiff's counsel had shared no authority supporting her position. ECF No. 229, p. 3, ll. 2-6.

On December 1, 2025, Plaintiff filed an Amended Motion to Substitute, appearing to concede that her original Motion to Substitute was deficient. ECF Nos. 231, 232. However, instead of addressing the issues raised by American Airlines regarding the survival of Mr. Plasencia's claims, Plaintiff's Amended Motion to Substitute differed from her original Motion primarily in that it sought to lay all blame for Mr. Plasencia's death on American Airlines, notwithstanding that these claims are completely irrelevant, as well as being contradicted by incontrovertible evidence in the form of Mr. Plasencia's Death Certificate. These claims are also contradicted by the Declaration of Dr. Doherty itself, which attributes Mr. Plasencia's death to his lack of round-the-clock wakeful care, which was a decision made solely by his wife and guardian, Plaintiff. ECF No. 231-3, ¶ 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25(a) provides the procedural framework required for substitution after the death of a party:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies <u>and the claim is not extinguished</u>, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25 (West 2025) (*emphasis added*).

Accordingly, when a party to a lawsuit dies, "the threshold consideration pursuant to

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 7 -

1  Rule 25(a)(1) is whether the claim is extinguished." *Giles v. Campbell*, 698 F.3d 153, 155-56
2  (3d Cir. 2012).

## ARGUMENT

## I

## PLAINTIFF HAS FAILED TO PRESENT ANY ARGUMENT OR AUTHORITY TO SUPPORT HER CLAIM THAT MR. PLASENCIA'S BODILY INJURY CLAIM UNDER THE MONTREAL CONVENTION SURVIVES HIS DEATH

As set forth above, Rule 25 creates a two-step inquiry. The Court must first determine whether the claim survives the party's death under the applicable law and then determine whether the decedent's representative has satisfied the procedural requirements of the rule. The substantive law applied to determine whether a claim is extinguished is not supplied by Rule 25, because, as the Supreme Court has held, Rule 25 does not resolve the question of what law of survival of actions should be applied, but rather, it "describes the manner in which parties are to be substituted in federal court, <u>once it is determined that the applicable substantive law allows the action to survive a party's death.</u>" *Robertson v. Wegmann*, 436 U.S. 584, 587 n. 3, (1978) (*quoting Shaw v. Garrison*, 545 F.2d 980, 982 (5th Cir.1977)) (*emphasis added*).

Where Congress has not spoken to the question, "the survival of a federal cause of action is a question of federal common law." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (*quoting United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993)), *as amended* (Jan. 12, 1994)). As set forth below, there appears to be no federal common law applicable to the issue of whether a Montreal Convention claim for bodily injury, and specifically a claim for future economic and non-economic damages, survives the death of a party. Therefore, pursuant to *Robertson*, which constitutes binding authority from the United States Supreme Court, the Court should look to California law on this issue, which prohibits recovery for such damages.

### A. Plaintiff Has Conceded the Issue of Whether Mr. Plasencia's Claims Are Extinguished by Failing to Provide any Argument or Authority on this Issue.

Counsel for American Airlines advised counsel for Plaintiff in open court that Plaintiff's

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

original Motion to Substitute was devoid of argument establishing that Mr. Plasencia's claim for damages under the Montreal Convention survives his death. Counsel for American Airlines advised the Court and counsel for Plaintiff, again in open court, that American Airlines believed this issue to be one of first impression and could not locate any caselaw on the issue. Plaintiff was given a "second bite at the apple" to provide briefing on this issue and to establish that Mr. Plasencia's Montreal Convention claim survived his death. Instead of doing so, Plaintiff ignores this issue completely and instead focuses exclusively on blaming American Airlines for Mr. Plasencia's death. Plaintiff further argues, without any legal support, that the Amended Motion should be granted pro forma.

Counsel for American Airlines has been unable to locate any provision within the Montreal Convention or any federal case that specifically addresses the issue of whether a claim for damages for bodily injuries under the Montreal Convention survives a plaintiff's death. As set forth above, Plaintiff's assertion that American Airlines has taken a position unsupported by case law is thus without any basis in fact, and Plaintiff has failed to cite any case that contradicts American Airlines' position or that would establish that Mr. Plasencia's claim under the Montreal Convention survives his death. Even if Plaintiff were to present arguments on this issue in her Reply brief, American Airlines will not have the opportunity to respond to Plaintiff's arguments. This issue should therefore be deemed conceded. *Hernandez v. Starbucks Coffee Co.*, No. CV176927DSFGJSX, 2018 WL 8733353, at *1 (C.D. Cal. Aug. 27, 2018) ("[I]t is not a non-moving party's burden to counter every argument that the moving party could have raised, but did not . . . Plaintiff was not required to rebut a nonexistent argument.").

### B. At Common Law, Mr. Plasencia's Claims Are Extinguished By His Death.

The Supreme Court has described the common law survival rule as follows: "an injured party's personal claim was extinguished at common law upon the death of either the injured party himself or the alleged wrongdoer." *Moor v. Alameda Cnty.*, 411 U.S. 693, 703 (1973), *citing* W. Prosser, Torts 888—891 (4th ed. 1971). Accordingly, at common law, Mr. Plasencia's claims are extinguished by his death.

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 9 -

However, the United States Supreme Court has held that in federal question cases where federal law does not provide its own rule of survival, United States courts should look to the statutory law of the forum modifying the common-law rule to avoid this harsh result. *Robertson v. Wegmann*, 436 U.S. 584, 589–90, 98 (1978). In reaching this conclusion in connection with a claim arising under 42 U.S.C. § 1983, the Supreme Court looked to the law of the forum (Louisiana), and determined that under Louisiana's survivorship laws, the plaintiff's claims were extinguished. The Court should do the same here.

The Supreme Court in *Robertson* held that, in an action governed by 42 U.S.C. § 1983, where federal law is "deficient," courts are "to turn to 'the common law, as modified and changed by the constitution and statutes of the [forum] State,' as long as it is 'not inconsistent with the Constitution and laws of the United States.'" *Id.* at 588. The Court reasoned that "'the survival of civil rights of actions under § 1983 upon the death of either the plaintiff or defendant'" was an area not covered by federal law. *Id.* at 589 (*quoting Moor v. County of Alameda*, 411 U.S. 693, 702 n. 14 (1973)). The Supreme Court therefore applied Louisiana law, holding that the decedent's claims arising under 42 U.S.C. § 1983 were extinguished because the Louisiana survivorship statute did not allow a deceased's personal representative to be substituted as plaintiff in action other than those for damage to property, and allowed an action to survive only in favor of the decedent's spouse, children, parents or siblings. Similarly, in *Giles*, the Third Circuit applied Delaware law in holding that plaintiff's claim was "pending" under the applicable Delaware statute at the time of defendant's death, and thus not extinguished under 42 U.S.C. § 1983.

### C. Under California Law, Mr. Plasencia's Future Damage Claims Are Extinguished.

As set forth above, in the absence of federal law on the issue of the survival of Mr. Plasencia's claims arising under the Montreal Convention, Supreme Court precedent in *Robertson* dictates that this Court should look to the law of the forum, California, to fill the gaps. Plaintiff has already conceded that the damages recoverable in this lawsuit are governed by California law, subject to the Montreal Convention limitations of liability, and this is now the

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 10 -

law of the case.

Under California law, claims generally survive a plaintiff's death (CAL. CIV. PROC. CODE § 377.20), although claims for future damages are limited by § 377.34(a) of the California Code of Civil Procedure:

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

CAL. CIV. PROC. CODE § 377.34(a) (West 2025).[1]

Section 377.34(a) applies to extinguish Mr. Plasencia's future damage claims in light of his death prior to the entry of final judgment. California Courts of Appeal have examined this issue in the specific context of a plaintiff's death after jury verdict and before entry of final judgment. *Kellogg v. Asbestos Corp. Ltd.*, 41 Cal. App. 4th 1397, 49 Cal. Rptr. 2d 256 (1996) (plaintiff died between verdict and before entry of final judgment); *Williamson v. Plant Insulation Co.*, 23 Cal. App. 4th 1406, 28 Cal. Rptr. 2d 751 (1994) (plaintiff died during trial).

In *Kellogg v. Asbestos Corp. Ltd.*, 41 Cal. App. 4th 1397 (1996), the plaintiffs, husband and wife, filed an asbestos-related personal injury action, alleging that plaintiff husband had contracted a fatal lung disease following his exposure to asbestos, including asbestos fibers produced, sold, and shipped to plaintiff's employer by defendant. Plaintiff wife's claim was based on loss of consortium. Plaintiff husband died after submission of the case but before final judgment. The trial court subsequently entered judgment in favor of both plaintiffs. Although the judgment did not specify, it appeared that a substantial portion of the award to plaintiffs was for plaintiff husband's pre-death pain and suffering, which was at that time barred by Probate

---

[1] This action was filed on October 31, 2023. Accordingly, American Airlines concedes that, if Mr. Plasencia's Montreal Convention claim survives his death, Mr. Plasencia's claims for past noneconomic damages survives under current § 377.37(b). This would not be the case if this lawsuit had been filed before January 1, 2022 or on or after January 1, 2026. This expansion of damages recoverable under California law is temporary only, and unless the legislature re-enacts the provision (which it has not yet done), cases filed on or after January 1, 2026, will not be eligible to recover non-economic damages for a decedent's pre-death suffering.

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 11 -

1  Code § 573(c), the predecessor statute to § 377.34.  The Court of Appeal reversed, instructing

2  that "[b]ecause Kellogg died after submission of the case but before final judgment, and because

3  the trial court's statement of decision did not sufficiently identify the extent to which his award

4  included damages for his pain and suffering, we reverse that portion of the judgment awarding

5  damages to Kellogg." *Id.* at 1400.  The Court further held that the judgment of the trial court had

6  to be reversed completely as to the award to the plaintiff husband because it could not be

7  determined what amount was intended to compensate plaintiff husband for his past economic

8  losses, which were the only amount he could recover because he died before the entry of final

9  judgment. *Id.* at 1408.  The Court of Appeal left the award of damages to plaintiff wife for loss

10  of consortium undisturbed. *Id.*

11  Similarly, in *Williamson v. Plant Insulation Co.*, 23 Cal. App. 4th 1406 (1994), also an

12  asbestos case, the plaintiff died during trial.  The trial court entered a judgment containing an

13  award for pain and suffering prohibited by CAL. CIV. PROC. CODE § 377.34 *nunc pro tunc*.  The

14  Court of Appeal reversed, holding the court had no authority to predate the judgment *nunc pro*

15  *tunc* before the date of the plaintiff's death, and therefore no award for pre death pain and

16  suffering could be awarded, as at that time, Probate Code § 573(c), the predecessor to Cal. Civ.

17  Proc. Code § 377.34 barred such recovery, holding that "noneconomic damages do not survive if

18  the plaintiff dies before judgment." *Id.* at 1417.  The Court reasoned that "the cases on *nunc pro*

19  *tunc* entry of judgment push that line back a short distance, to the time when judgment could

20  have been rendered even if it was not. That movement rests on a sound rationale—that a party

21  should not suffer from the court's own delay in giving judgment—and it would be neither wise

22  nor within our authority to erase the line thus drawn." *Id.*

23  Here, under *Williamson* and *Kellog*, § 377.34 applies with full force to bar Mr.

24  Plasencia's claims for future damages, economic and non-economic.  These claims are

25  extinguished by Mr. Plasencia's death, and no party may substitute in on these claims under Rule

26  25(a) of the Federal Rules of Civil Procedure.

27

28

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 12 -

***D. The Limited Authority Cited by Plaintiff Does Not Address the Issue of whether Mr. Plasencia's Claims Survive at Federal Common Law or under California Law and Has No Relevance, Whatsoever, to this Inquiry.***

Plaintiff's Amended Motion relies almost exclusively on *Boyd v. Bulala,* 905 F.2d 764 (4th Cir. 1990). *Boyd* did not concern a Rule 25(a) motion to substitute but rather ruled on the defendant's post-trial motions seeking to introduce new evidence and a new trial when a minor plaintiff died after verdict but before judgment. In reaching its decision, the Fourth Circuit applied the state law of Virginia to this issue. This important fact is, not surprisingly, overlooked in Plaintiff's Motion. The narrow holding reached by the Fourth Circuit was that "under Virginia law, Veronica Boyd's death after verdict did not require converting her claim into one for wrongful death" and that the District Court did not abuse its discretion by denying the defendant's request to introduce new evidence of plaintiff's death and for a new trial. *Id.* at 767. The Fourth Circuit reached this decision after years of litigation and appeals on this issue, and after certifying this issue to the Virginia Supreme Court.

All other cases cited by Plaintiff are entirely inapposite, because they do not address the issue of a Rule 25(a) substitution, do not address situations where a plaintiff dies after verdict but before judgment (in all other cases cited by Plaintiff, the plaintiff died after the entry of final judgment), and do not apply California law or federal common law. *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 131 (6th Cir. 1990) (final judgment entered same day as jury verdict; plaintiff died 33 days after entry of final judgment); *Le v. United States*, 138 F.4th 264 (5th Cir. 2025) (plaintiff died during pendency of appeal).

American Airlines also respectfully submits that its position is not "morally repugnant," as Plaintiff argues. Awarding future medical care and pain and suffering damages after Mr. Plasencia's death would violate fundamental public policy against windfall damages and unjust enrichment. The California Supreme Court has explicitly recognized the state legislature's legitimate interest in "limiting a defendant's obligation to those future damages that a plaintiff actually incurs, eliminating the so-called 'windfall' obtained by a plaintiff's heirs when they

inherit a portion of a lump-sum judgment that was intended to compensate the injured person for losses he in fact never sustained." *Am. Bank & Tr. Co. v. Cmty. Hosp.*, 36 Cal. 3d 359, 369 (1984). The $4,772,429.95 award for future medical care represents expenses that Mr. Plasencia will never incur, and the $2,320,000.00 for future pain and suffering represents suffering he will never experience. Allowing recovery of these amounts would provide Plaintiff with compensation for losses that never occurred, directly contravening the fundamental principle that tort damages should correspond to actual losses sustained. This windfall would exceed $7 million and represents the exact type of unjust enrichment that survivorship statutes are designed to prevent.

American Airlines also submits that this inquiry would be entirely different had Plaintiff timely submitted a proposed judgment, rather than a Motion for Entry of Judgment seeking a massive award of pre-judgment interest even on future damages. The Court has now provided tentative guidance indicating the pre-judgement interest is only allowed on past economic loss. If a final judgment had been entered prior to Plaintiff's death, American Airlines would not be making the arguments it asserts herein.

## CONCLUSION

American Airlines, Inc. respectfully requests the Court to deny Plaintiff's Motion to Substitute in part, and to hold that Mr. Plasencia's claims for future economic loss and future pain and suffering are extinguished by his death.

//
//
//
//
//
//
//
//

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 14 -

| | | |
|---|---|---|
| 1 | Dated: December 8, 2025 | CONDON & FORSYTH LLP |
| 2 | | |
| 3 | | By: /s/ Ivy L. Nowinski |
| 4 | | IVY L. NOWINSKI |
| | | -and- |
| 5 | | |
| | | DAVID J. HARRINGTON |
| 6 | | CONDON & FORSYTH LLP |
| | | 7 Times Square, 18th Floor |
| 7 | | New York, NY 10036 |
| | | Telephone: (212) 490-9100 |
| 8 | | Facsimile: (212) 370-4453 |
| | | Attorneys for Defendant |
| 9 | | AMERICAN AIRLINES, INC. |

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030

OPPOSITION OF AMERICAN AIRLINES, INC. TO
PLAINTIFF'S MOTION TO SUBSTITUTE PURSUANT TO
FED. R. CIV. P. 25
CASE NO.: 5:23-cv-05607-NW-SVK

- 15 -

# CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Sanjiv N. Singh
SANJIV N. SINGH, APLC
1700 South El Camino Real, Suite 503
San Mateo, California 94402
Telephone: (650) 389-2255
E-mail: ssingh@sanjivnsingh.com

Darren P. Nicholson
Hannah M. Crowe
BURNS CHARLES LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Email: dnicholson@burnscharest.com;
hcrowe@burnscharest.com

*Attorneys for Plaintiff*

Ivy L. Nowinski

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067
Telephone: (310) 557-2030