UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANA MARIA MARCELA TAVANTZIS, et al., | Case No. 23-cv-05607-NW |
|---|---|
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE** |
| v. | Re: ECF No. 231 |
| AMERICAN AIRLINES, INC., | |
| Defendant. | |

Before the Court is Plaintiff Tavantzis' amended motion to substitute Plaintiff Jesus Plascencia in this action following his passing on October 11, 2025. Having reviewed the motion and briefing, the Court GRANTS Plaintiff's motion.

On November 8, 2021, Jesus Plesencia suffered a stroke while on an American Airline flight from Miami, Florida to Madrid, Spain. Though doctors in Madrid were able to save Mr. Plesencia's life, he was left with irreversible physical and cognitive injuries. Plasencia and his wife, Ana Marcela Tavantzis (collectively "Plaintiffs"), sued American Airlines for its alleged failure to follow industry standards and internal policies, a failure that they alleged caused Mr. Plasencia's injuries. On September 17, 2025, following a six-day jury trial, the jury returned a verdict primarily in favor of Plaintiffs. ECF No. 201. The jury assigned 72.5% of the responsibility for the injuries to American, with the remaining 27.5% assigned to Plaintiffs. When prorated according to responsibility, the verdict granted Plaintiffs $9,629,829.55 for damages, including future medical and caregiving expenses. Plaintiffs' experts testified, and Defendants' experts did not dispute, that Mr. Plasencia had a life expectancy of an additional fifteen years.

On September 19, 2025, Plaintiffs moved for entry of final judgment on the verdict as well as a judgment of prejudgment interest on the full award. ECF No. 209. The Court entered the

judgment, believing (incorrectly) that American had stipulated to it. ECF No. 213. American immediately informed the Court that it disagreed with the judgment including interest on the jury's award, which prompted the Court to vacate the entry of judgment until that issue was resolved. ECF No. 210. Shortly thereafter, on October 3, 2025, American filed its opposition to the proposed judgment, arguing that Plaintiffs were not entitled prejudgment interest and asking the Court to "enter judgment in the amount of the verdict returned by the jury, only." Opp'n at 21, ECF No. 215. American noted that the case "ha[d] already been tried to a jury to verdict," and therefore the Court could "not alter that verdict to impose prejudgment interest in response to a post-verdict motion." *Id.* at 13. The Court took the motion under submission on November 14, 2025, after the matter was fully briefed. ECF No. 220.

On November 17, 2025, Ms. Tavantzis filed a notice with the Court indicating that Mr. Plasencia died on October 11, 2025. ECF No. 221. Ms. Tavantzis moved the Court to issue an "order substituting herself, individually and as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019, as the proper Plaintiff in this case in accordance with the terms of the Last Will of Jesus Plasencia and the Plasencia Tavantzis Trust." *Id* at 1. That same day, American filed a notice of intent to oppose Plaintiff's motion for substitution and requested the Court set a briefing schedule. ECF No. 223. Instead, the Court held a conference with the parties on November 19, 2025 to discuss next steps. *See* ECF No. 225. The Court directed the parties to confer and see if they could settle this matter without additional motions practice, but the parties were unable to do so. *See* ECF Nos. 228, 229. The Court set an expedited briefing schedule on the amended motion for substitution, and all briefing has now been submitted.

The Court grants Plaintiff's motion to substitute. American's opposition, though lengthy, does not provide a single case where a trial court vacated a final jury verdict solely on the basis of the prevailing party's death before judgment. In contrast, Plaintiff provides cases going the opposite way. *See Cadlo v. Metalclad Insulation Corp.*, 151 Cal. App. 4th 1311, 1323 (2007) (vacating judgment entered after plaintiff's death and entering identical judgment *nunc pro tunc* to a date preceding death); *Boyd v. Bulala*, 672 F. Supp. 915, 922 (W.D. Va. 1987). The Court sees

no reason to disturb the rule set forth in the American Jurisprudence (Second) treatise:

> Where a verdict has been rendered before the plaintiff's death but not a judgment, the action may still survive. **There is no abatement upon the prejudgment death of a party to a nonsurviving action if the litigation is ripe for judgment**; what is significant is not any metaphysical notion of merger of the cause of action into the verdict but rather the circumstance that all effectual questions have been resolved before the party died, and **a case may become ripe for judgment following the return of a verdict**.

1 Am. Jur. 2d Abatement, Survival, and Revival § 58 (emphasis added).

The Court GRANTS Plaintiff's motion and substitutes "Ana Maria Marcela Tavantzis, as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019" for "Ana Maria Marcela Tavantzis, as Legal Guardian of Jesus Plasencia."

**IT IS SO ORDERED.**

Dated: December 18, 2025

Noël Wise
United States District Judge