EXHIBIT H

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2               FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION


 4
        TAVANTZIS,                    )   CV-23-5607-NW
 5                                    )
                         PLAINTIFF,   )   SAN JOSE, CALIFORNIA
 6                                    )
                   VS.                )   AUGUST 27, 2025
 7                                    )
        AMERICAN AIRLINES, INC.       )   PAGES 1-91
 8                                    )
                        DEFENDANT.    )
 9                                    )
        _____)
10
                       TRANSCRIPT OF PROCEEDINGS
11                 BEFORE THE HONORABLE NOEL WISE
                      UNITED STATES DISTRICT JUDGE
12

13      A P P E A R A N C E S:

14      FOR THE PLAINTIFF:    BURNS CHAREST LLP
                              900 JACKSON STREET, SUITE 500
15                            DALLAS, TX 75202
                          BY: DARREN NICHOLSON
16                            HANNAH CROWE

17
                              SANJIV N. SINGH, APLC
18                            1700 SOUTH EL CAMINO REAL, SUITE 503
                              SAN MATEO, CA 94402
19                        BY: SANJIV SINGH

20

21            APPEARANCES CONTINUED ON THE NEXT PAGE

22

23      OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER
```

1    APPEARANCES CONTINUED:

2    FOR THE DEFENDANT:      CONDON & FORSYTH LLP
                            7 TIMES SQUARE, 18TH FLOOR
3                           NEW YORK, NY 10036
                      BY:   **DAVID HARRINGTON**
4                           **WILLIAM DE WOLFF**

5                           CONDON FORSYTH
                            1901 AVENUE OF THE STARS, SUITE 850
6                           LA, CA 90067
                      BY:   **IVY NOWINSKI**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1         THESE PHYSICAL COPIES.

2              (OFF-THE-RECORD DISCUSSION.)

3                   THE COURT:  SO WE RECEIVED A LOT OF THINGS, AS FAR AS

4     WE KNOW WE HAVEN'T RECEIVED THOSE PARTICULAR THINGS.  BEFORE

5     YOU START PANICKING OR TRYING TO -- WE WILL GO AND LOOK AND SEE

6     WHAT IT IS THAT WE HAVE, BUT I WANT TO BE SURE I KNOW WHAT I'M

7     LOOKING FOR.  SO ON THE PLAINTIFF'S SIDE, I'M LOOKING FOR FOUR

8     DEPOSITION DESIGNATIONS.

9                   MS. CROWE:  YOUR HONOR, I ACTUALLY DON'T KNOW THAT WE

10    DID SUBMIT THIS, I THINK WHAT WE SUBMITTED IN PERSON, PER YOUR

11    STANDING ORDER, WAS THE JURY INSTRUCTIONS, THE DISPUTED JURY

12    INSTRUCTIONS, IT LOOKS LIKE YOU ALL ARE NODDING ALONG.

13                  MR. HARRINGTON:  I TEND TO AGREE WITH THAT.  I'M NOT

14    SURE WE ACTUALLY -- I'M NOT SURE WE UNDERSTOOD WE WERE SUPPOSED

15    TO GIVE COURTESY COPIES OF THOSE.

16                  THE COURT:  OKAY.  WE ARE ON THE RECORD SO JUST BE

17    SURE YOU DON'T SPEAK OVER EACH OTHER.  SO IT IS NOT IN THE

18    STANDING ORDER ALTHOUGH I'M GOING TO UPDATE IT AGAIN TO INCLUDE

19    THAT, BUT THE TRUTH IS THAT THEY COME UP IN MORE CASES, THEY

20    DON'T COME UP IN EVERY CASE, AND OFTEN TIMES BECAUSE COUNSEL IS

21    BEHIND, THEY ARE SOMETIMES NOT GETTING THEM TO ME UNTIL FURTHER

22    ALONG WHEN THEY ARE REALLY DECIDING WHICH OF THE WITNESSES THEY

23    WANT TO PUT ON.

24         SO I DO NEED ENOUGH TIME THOUGH TO BE ABLE TO TURN THEM

25    AROUND FOR YOU, AND PARTICULARLY RIGHT NOW ON THE PLAINTIFF'S
```

1      SIDE OF THINGS BECAUSE IF YOU ARE GOING TO CALL THEM IN THE

2      FIRST DAY OR TWO AND YOU WANT TO BE ABLE TO USE THOSE VIDEOS,

3      NOT ONLY DO I NEED TO REVIEW THEM BUT I HAVE TO GET IT BACK TO

4      YOU AND THEN YOU HAVE TO HAVE YOUR I.T. PEOPLE DO WHAT THEY DO

5      WITH THEM.

6             SO HOW SOON BEFORE I GET THOSE?

7             MS. CROWE:  TO BE CLEAR, YOUR HONOR, WE FILED

8      EVERYTHING ON THE 13TH, SO YOU DO HAVE EVERYTHING FROM BOTH

9      SIDES.  IF YOU WOULD LIKE A HARD COPY NOW --

10            MR. NICHOLSON:  HOW ABOUT TOMORROW MORNING?  WOULD

11     THAT WORK, YOUR HONOR?  WE WILL FIND A PRINTER AND WE WILL --

12     EVERYTHING HAS BEEN FILED, BUT I UNDERSTAND YOUR HONOR WANTS A

13     HARD COPY AND SO WE WILL --

14            THE COURT:  I DO BECAUSE I'M SORT OF OLD SCHOOL WITH

15     THEM AND I ACTUALLY MARK THEM UP AS I GO THROUGH.

16            MR. HARRINGTON:  I DON'T THINK WE WERE AWARE THAT

17     THOSE NEEDED TO BE COURTESY COPIES AS WELL, MOTIONS IN LIMINE

18     AND ALL THESE THINGS, BUT I DON'T THINK WE KNEW THAT THAT WAS

19     TO BE DONE.

20            MR. NICHOLSON:  APOLOGIES, YOUR HONOR.  HOW MANY

21     COPIES WOULD YOUR HONOR LIKE?

22            THE COURT:  JUST ONE.

23            MR. NICHOLSON:  JUST ONE?  OKAY.

24            THE COURT:  AND IT DOESN'T SOUND LIKE IT'S SO MUCH.

25            THE OTHER IS THAT IF YOU ONLY FILE THEM BUT I DON'T HAVE

1    THEM, NOT ONLY DO WE NEED TO PRINT THEM ON OUR SIDE, BUT OFTEN

2    TIMES COUNSEL COLOR CODES THEM IN TERMS OF WHAT YOU WANT AND

3    WHAT THE OTHER SIDE WANTS, SO I NEED TO BE ABLE TO SEE THAT.

4    TOMORROW BY NOON IS FINE.

5         MR. NICHOLSON:  AND YOUR HONOR, GOING FORWARD FOR ANY

6    OTHER FILINGS, DO YOU WANT JUST COURTESY COPIES, AS A MATTER OF

7    COURSE, SENT TO CHAMBERS?

8         THE COURT:  YES.  IT'S NOT PAPER FOR THE SAKE OF

9    PAPER.  I MEAN, I WILL SAY I DO A LOT NOW ELECTRONICALLY BUT

10   WHEN IT REALLY COMES TO THINGS LIKE JURY INSTRUCTIONS AND

11   VERDICT FORMS THEN I'M MARKING THINGS UP AND I HAVE YOUR

12   VERSION AND THEIR VERSION AND OTHER THINGS I'M LOOKING AT ALL

13   AT THE SAME TIME AND IT'S JUST EASIER TO DO IT THAT WAY NO

14   MATTER HOW MANY SCREENS I SEEM TO HAVE.

15       SO ALL RIGHT.  SO THE DEPOSITION DESIGNATIONS FOR

16   PLAINTIFF, I'M GOING TO HAVE THEM TOMORROW, AND THEN DO WE HAVE

17   ANY FOR THE DEFENSE?

18         MR. HARRINGTON:  WE HAVE THREE WITNESSES WHICH WE

19   HAVE DONE DESIGNATIONS FOR, ONE OF THEM, QUITE HONESTLY, IS FOR

20   THE PLAINTIFF HERSELF WHICH WE DID OUT OF AN ABUNDANCE OF

21   CAUTION IF FOR SOME REASON SHE WAS NOT AVAILABLE FOR TRIAL.

22   PROBABLY YOU CAN PUT THAT AT THE BACK OF THE LINE, WE WILL TAKE

23   CARE OF THAT IN CROSS-EXAMINATION.  I DON'T EXPECT THAT BUT WE

24   DID IT BECAUSE IT WAS MORE SUBSTANTIAL.

25         THEN WE HAVE TWO OTHERS, MS. GULLEKSON AND MS. DUNAWAY.

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

**STANDING ORDER FOR CIVIL JURY TRIALS BEFORE
DISTRICT JUDGE NOËL WISE**

**A.    <u>Meeting and Disclosure Prior to Pretrial Conference</u>**

At least 21 calendar days before the final pretrial conference, lead trial counsel must meet and confer with respect to:

1.    Settlement of the case;

2.    Preparation of the joint pretrial statement and related filings;

3.    Preparation and exchange of pretrial materials to be served and lodged pursuant to Federal Rule of Civil Procedure 26(a)(3);

4.    Clarifying and narrowing the contested issues for trial to achieve a just, speedy, and efficient resolution of the case; and

5.    The total number of hours the parties will need to try the case.

**B.    <u>Joint Pretrial Statement</u>**

Unless otherwise ordered, the parties must file and serve a joint pretrial statement no later than 14 calendar days before the pretrial conference.  The statement must contain the following information:

1.    <u>Substance of the Action</u>.  A brief description of the parties, the substance of claims and defenses that remain to be decided, and the operative pleadings.

2.    <u>Relief Requested</u>.  A detailed statement of all requested relief, including an itemization of all elements of damages claimed.

3.    <u>Undisputed Facts</u>.  A plain and concise statement of all relevant facts to which the parties will stipulate for incorporation into the trial record without supporting testimony or exhibits.  The parties must exercise good faith in stipulating to facts that are not reasonably disputable.  In addition to including the statement of undisputed facts in the joint pretrial statement, the parties must provide a separate document titled "Statement of Undisputed Facts" that the Court will provide to the jury.

4.    <u>Disputed Factual Issues</u>.  A plain and concise list of the issues of fact that are contested and remain to be litigated at trial.

5.    <u>Agreed Statement</u>.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

6.    <u>Stipulations</u>.  A statement of proposed stipulations or agreements that will expedite the presentation of evidence.

7.    <u>Witnesses to be Called</u>.  A list of all witnesses, in alphabetical order, likely to be

1

called at trial other than solely for impeachment or rebuttal, and a brief statement following each name describing the substance of the testimony to be given. No party will be permitted, without leave of court, to call any witness in its case-in-chief who is not disclosed in its pretrial statement.

8. <u>Exhibits, Schedules, and Summaries</u>. A list of all documents or other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal, and a brief statement following each that describes: (1) its substance or purpose; (2) the identity of the sponsoring witness; and (3) whether the parties have stipulated to its admissibility and, if they have not, the objection to its admission, the grounds for the objection, and the position of the offering party.

9. <u>Disputed Legal Issues</u>. A concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

10. <u>Pending Motions or Matters</u>. A statement of any motions or other matters that must be resolved prior to trial.

11. <u>Bifurcation or Separate Trial of Issues</u>. A statement of whether either party requests bifurcation or a separate trial of specific issues and why.

12. <u>Use of Discovery Responses</u>. Citations to all evidence that a party might introduce at trial, other than that to be used solely for impeachment or rebuttal, that was obtained from deposition testimony, interrogatory responses, or responses to requests for admission. Counsel must state any objections to the use of these materials and must certify that they have conferred regarding such objections. Counsel must separately file a document containing each disputed discovery response or deposition testimony excerpt, and as to each must state the objection to its admission, the grounds for the objection, and the position of the offering party.

13. <u>Trial Time in Hours</u>. The parties must provide the total number of hours needed for the trial. Except for voir dire, ALL time should be accounted for, including but not limited to opening statements, closing arguments, cross-examination, sidebars, objections, and argument outside the presence of the jury.

Sidebar conferences are discouraged. Parties must alert the Court in advance of any issues that require discussion or resolution outside the presence of the jury so the Court's conference with counsel can be held before the jury enters the courtroom or after the jury leaves for the day.

Unless the parties stipulate otherwise, or by Court order, the total number of hours will be equally divided between plaintiffs and defendants, regardless of the number of parties. If there are multiple plaintiffs or defendants, those parties shall prearrange how they will divide their time. If plaintiffs or defendants do not use all their hours, the other side will not get additional hours, nor will their hours be reduced.

The parties will be required to keep track of their time each day, account for all available hours the jury is available (irrespective of whether the parties elect to use all of those hours), and report the stipulated division of time to the Court each day.

The Court assesses hardships in part on the trial's expected length (e.g., a potential juror will not be excused for a pre-paid vacation or medical appointment that is scheduled beyond the trial estimate). Accordingly, the Court will enforce the trial hours.

14. <u>Jury Questionnaire</u>. Jury Services has a standard jury questionnaire for civil cases. Generally, it is the Court's practice to use that questionnaire, modified if necessary to fit the needs of the case.

The parties must explain whether they are seeking any modifications to the standard jury questionnaire, and if so, they must provide those suggested changes in a jointly-prepared exhibit to their joint pretrial statement. Jury Services has limited ability to add questions to the standard questionnaire. Parties should propose no more than ten total additional questions to the form.

If parties believe that a case warrants a unique jury questionnaire, meaning the standard form cannot be suitable modified, the parties must explain why and provide their proposed jury questionnaire in an exhibit to their join pretrial statement.

15. <u>Settlement Discussion</u>. A brief summary of the status of settlement negotiations, without indicating specific dollar amounts, and an indication of whether further negotiations are likely to be productive and what, if anything, would facilitate settlement.

16. <u>Amendments</u>. A statement of requested proposed amendments to pleadings, including dismissals of parties' claims, or defenses.

17. <u>Miscellaneous</u>. Any other matters that will facilitate the just, speedy, and efficient resolution of the action.

## C.     **Binding Effect of the Joint Pretrial Statement**

The joint pretrial statement described above must include the following language directly above the signature lines:

> *The parties have made the foregoing admissions and set forth the remaining issues of fact and law to be litigated at trial. This Joint Pretrial Statement supplements the parties' pleadings and, along with the Court's orders, governs the course of trial of this case.*

## D.     **Pretrial Conference Attendance**

**Pretrial conferences are held in person. Lead counsel who will try the case, or the party if self-represented, must attend the pretrial conference and be prepared to address all aspects of trial**; this includes the substance of all documents, arguments, and issues set forth in this standing order.

## E.     **Trial Exhibits**

1. <u>Exchange of Exhibits</u>. At least 21 calendar days before the final pretrial conference, the parties must exchange copies of all exhibits, summaries, charts, schedules,

diagrams, and other similar documentary materials to be used in their case-in-chief, together with a complete list of all such proposed exhibits. Voluminous exhibits must be reduced by elimination of irrelevant portions or through summaries.

2.  <u>Objections to Exhibits</u>. Following the exchange, the parties must immediately meet and confer about the exhibits and any potential objections, and must make a good faith effort to stipulate to exhibits' admissibility. If the parties cannot reach a complete stipulation, they must make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection. The Court may inquire about the basis for any or all a party's objections to another party's exhibits and/or conduct a pretrial conference to rule on such objections, to ensure that the jury's time is not wasted during trial.

3.  <u>Pre-Marking</u>. Each exhibit must be clearly pre-marked in the lower-right-hand corner with the exhibit number in a prominent, bold typeface.

    The parties must mark their exhibits using non-overlapping ranges of numbers, not letters, leaving enough unused numbers that additional exhibits can be marked during trial. For example, the parties might agree that the plaintiff will use numbers 001–199 and the defendant will use numbers 300–499. A single exhibit should be marked only once. If plaintiff has marked an exhibit, then the defendant should not re-mark it. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits. All exhibits shall be marked and referred to as "Trial Exhibit No. ___," not as "Plaintiff's Exhibit" or "Defendant's Exhibit."

    Exhibits shall be three-hole punched, and contained in clearly labeled three-ring binders, with exhibits separated by numbered tabs that correspond to the exhibit number. The quality, condition, and labeling of the binders should make it easy for the Court to transport and review the binders' contents. The spine of each binder should not be wider than three inches.

4.  <u>Delivery</u>. Unless otherwise ordered, no later than 14 calendar days before the pretrial conference, the parties must deliver to the Clerk's Office, with the notation "Attention Courtroom Deputy Judge Wise," two sets of all pre-marked exhibits, with one set tagged. Sample tags may be obtained from the Courtroom Deputy and are attached to this standing order as Exhibit A. Admitted exhibits from these binders will be given to the jury during deliberations.

    All exhibits that have not been provided as required are subject to exclusion in the reasonable exercise of the Court's discretion.

5.  <u>Coordination regarding Admitted Exhibits</u>. At the end of each trial day, parties must consult with each other and with the Courtroom Deputy to confirm which exhibits are in evidence, and any limitations to those exhibits.

    Before the case goes to the jury, parties must confer with the Courtroom Deputy to confirm that all exhibits going to the jury room are in evidence and in good order.

    Following trial, the parties shall coordinate with the Courtroom Deputy

regarding electronic filing of all admitted exhibits, which shall be the official
court record.

**F.     Motions in Limine (MIL)**

**Parties are limited to THREE MILs, per side.**  If a party wants leave to file additional MILs,
then no later than 14 calendar days before the pretrial conference that party must file a motion
explaining why the additional MILs are necessary, and must attach the proposed additional
MILs.  Any objection to the motion to exceed the three MILs limit must be filed at least 7 days
prior to the conference.  The Court will not consider reply briefs absent a prior order on a
showing of good cause.

Before a party files an MIL, that party must first seek, from the opposing party, a stipulation to
the relief requested in the motion.  The Court will not entertain boilerplate, overbroad, or
nonspecific motions that restate the rules of evidence.

All MILs, and any corresponding oppositions, must be contained in one document, limited to 25
total pages per side, and must be filed and served, with two courtesy copies delivered to the
Court, no later than 14 calendar days before the pretrial conference.  The courtesy copies must be
in a clearly labeled, single, three-ring binder, with each MIL in a separate tab, immediately
followed by the separately tabbed opposition.  The Court will not consider reply briefs absent
prior order on a showing of good cause.  The Court will generally hear MILs at the pretrial
conference.

The following in MILs shall NOT be filed but shall be deemed ORDERED unless the parties
stipulate otherwise or take exception in a motion:

     i.    No Party will be permitted to introduce evidence of settlement discussions
or mediation; insurance; other claims/suits/actions against a Party; or the
financial condition of any Party except in the punitive damages phase of a
case, if applicable.

    ii.    Absent a stipulation on the record, or Court order, all non-party witnesses
(including experts) are to be excluded from the courtroom and are directed
to be admonished by Counsel not to listen to the livestream courtroom
proceedings, review any reports of the trial, or discuss the evidence
presented until the conclusion of their testimony.

**G.     Jury Materials**

1.  Party Submissions.  N o later than 14 calendar days before the pretrial conference,
the parties must jointly file and serve the following documents, described further
below, with two courtesy copies delivered to the Court, and Word versions emailed
to nwpo@cand.uscourts.gov: (a) list of participants; (b) agreed upon voir dire
questions; (c) proposed jury instructions; and (d) a proposed jury verdict form.

2.  List of Participants.  The parties must provide a single list, in alphabetical order,
of all people the parties will present to jurors during the trial.  This includes all
fact and expert witnesses who may be called at trial (other than solely for
impeachment or rebuttal), counsel, and any individuals providing legal or

technical support in the courtroom. The Court provides this list to potential jurors along with the jury questionnaire to determine whether the potential jurors know anyone who is involved with the presentation of the parties' case.

3. <u>Jury Instructions</u>. Ordinarily, the Court will use the standard preliminary and closing jury instructions contained in the Model Jury Instructions of the Ninth Circuit or the California Civil Jury Instructions (CACI), and the Court will give the preliminary jury instructions prior to opening statements.

The parties must submit a set of agreed-upon case-specific instructions using the Ninth Circuit Model Jury Instructions or CACI whenever possible. Proposed deviations from the model instructions, no matter how minor, must be clearly identified by red-lined copy and supported by authority.

Each instruction must be single-sided, and labeled on the top of each page, in bold, with a number and title of the instruction (e.g., **CACI 100 – Preliminary Admonishments**), with each new instruction starting on a new page.

All jury instructions must be tailored to fit the case, with parentheticals removed, no law firm or party information noted in the headers or footers, ordered in logical sequence with a table of contents, and in suitable final form for the Court to provide to the jury.

The Court discourages the unnecessary submission of special instructions or modification of model instructions. Special instructions, if any, must be complete, accurate, balanced, clear, and non-argumentative.

The courtesy copies of the jury instructions must be contained in a clearly labeled, single, three-ring binder, with three tabs. The first tab must contain all agreed upon instructions. The second tab must contain jury instructions that all parties agree should be given but disagree about how that instruction should be tailored to the case. In that tab each side should provide their version of the proposed instruction for each instruction in dispute, and shall, on the same page below the instruction provide a concise argument and authority as to why their version of the instruction is required or preferred. The third tab is for instructions that one party asserts should be included, and another party disagrees. In that tab the party proposing the instruction should provide the instruction, followed by a concise argument by each party, including relevant authority, as to why the instruction should or should not be given to the jury.

4. <u>Verdict Form</u>. The courtesy copies of the agreed upon verdict form must be contained in a clearly labeled, single, three-ring binder. If the parties are unable to reach agreement after diligently meeting and conferring, each party must provide their version of the verdict form, followed by a concise argument, including any relevant authority, as to why their version of the verdict form should be given to the jury.

## H.    <u>Depositions</u>

1. <u>For Impeachment or Refreshing Recollection</u>. On the first day of trial counsel must

6

submit to the Court the original sealed deposition (as well as at least one copy) of each deposition transcript that will be used for impeachment or refreshing recollection.

When a deposition is used for the first time, counsel must state the deponent's name, the date of the deposition, the name of the lawyer asking the question, and the page and lines that counsel will read, allowing a brief opportunity for any objection. Counsel will state "Question," read the question exactly as asked, state "Answer," and read the answer verbatim. Rather than reading a passage, counsel may present the video deposition, if that passage is queued to immediately play.

2.  <u>Deposition Testimony in Lieu of Live Testimony</u>.  If a witness will appear by deposition (not live), not later than 10 calendar days prior to the day the deposition testimony will be presented to the jury (either by reading or by video) counsel must submit to the Court a separate binder for each witness that includes:  the cover page of the deposition; the pages that include appearances by all participants and the witness being sworn; and, each page from which any testimony is proffered, including any counter-designations by opposing counsel.

    If a party opposes any deposition designation, the parties must submit a chart with: the page and line of the testimony at issue; a column in which counsel states the objection and a brief basis for the objection if necessary; a column in which the proffering party replies to the objection; and, a column that has a place for the Court to mark whether it overrules or sustains the objection, with room for the Court to provide clarification if needed.

    Deposition testimony may be read, consistent with the instructions above, or played by video.  If counsel presents the testimony by video, the video must be prepared in advance to only include the precise testimony as stipulated or as ordered by the Court.

## I.    <u>Trial Briefs</u>

Trial briefs are optional, but any party wishing to file a trial brief must do so at least 14 calendar days prior to the commencement of trial, with two courtesy copies delivered to the Court.

## J.    <u>Continuances and Settlements</u>

Once set by the Court, the parties should regard trial dates as firm.  Absent exigent circumstances or the parties reaching a complete settlement (not a settlement in principle) accompanied with a request for dismissal, or a stipulation with a date certain for the filing of dismissal, the Court generally will not grant trial continuances.  In accordance with Civil Local Rule 40-1, if the parties fail to proceed with a scheduled trial after a jury is empaneled, the Court may assess the costs of maintaining the jury against the parties or attorneys.

## K.    <u>Audiovisual Presentations</u>

For any audiovisual presentations, counsel should consult with the Courtroom Deputy to determine what equipment, if any, counsel will need to provide and maintain during the trial.  Counsel must meet and confer to discuss their respective equipment needs, and what can reasonably be shared. The United States Marshal requires an order to allow equipment into the courthouse.  Any request

for such an order should be by stipulation and filed no less than seven calendar days prior to the pretrial conference. Parties should be prepared to maintain equipment during the trial, including, if necessary, having an onsite technician present in the courtroom throughout the trial.

**L.    Voir Dire**

In accordance with Federal Rule of Civil Procedure 47(a), voir dire by counsel will not be permitted absent leave of court. Time permitting, it is generally the practice of the Court to provide leave to each side to conduct a brief voir dire.

The parties must provide for the Court's consideration: a list of any agreed upon voir dire questions; a separate list of requested voir dire questions on which counsel cannot agree; and, a list of questions, if any, the parties would prefer the Court ask the jurors.

**M.    Opportunities for Junior Lawyers**

The Court strongly encourages the parties to permit junior lawyers to examine witnesses and to have an important role at trial.

**N.    Witnesses at Trial**

Unless otherwise ordered, by the close of each trial day each party must notify all other parties of all witnesses that party intends to call on the following trial day and shall provide a list of all exhibits that will be used on direct and cross-examination (other than for impeachment of an adverse witness). If the parties have not stipulated to the admission of the exhibits that will be used for those witnesses, the exhibit list must include the outstanding objections. The Court will address those objections either after the jury has left for the day, or prior to the jury arriving the following day. Failure to comply with this order may, in the discretion of the Court, be grounds for exclusion of any witness or exhibit not properly disclosed.

There can only be one lawyer per witness per party for all purposes. If a junior lawyer will be responsible for a witness, the junior lawyer may briefly confer with a more senior lawyer during direct or cross examination, but absent leave of Court, only the junior lawyer will speak to the witness or the Court, including for objections.

Once the cross-examination of a witness has commenced, and until cross-examination of the witness has concluded, counsel offering the witness on direct examination must not: (a) consult or confer with the witness regarding the substance of the witness's testimony already given, or anticipated to be given, except for the purpose of conferring on whether to assert a privilege against testifying or on how to comply with a court order; or (b) suggest to the witness the manner in which any questions should be answered. Once cross-examination has concluded, counsel is permitted to confer with the witness before redirect examination begins.

Parties should always have their next witness ready and available in the Courthouse. If a party does not have a witness ready, that party's trial time will still be running for the day, or the party will have deemed to have rested.

Parties shall cooperate with each other to schedule and produce witnesses. Witnesses may be taken out of order if necessary. Parties should make every reasonable effort to avoid calling a witness twice (as an adverse witness and later as a party's own witness).

8

If a witness is testifying at the time of a recess or adjournment and has not been excused, the witness shall be seated back on the stand when court reconvenes.  If a new witness is to be called immediately following recess or adjournment, the witness should be seated in the front row, ready to take the stand and be sworn.

Immediately before each new witness takes the stand, counsel calling the witness, or conducting cross-examination, shall place on the witness stand a clearly marked copy of each exhibit that counsel expects to reference during direct examination or cross-examination respectively.

### O.    Objections

Counsel shall stand when making objections and briefly state the basis of the objection.  Counsel shall not make speaking objections.  Counsel shall not expand on the basis for the objection, or respond to the objection of another party, unless requested by the Court.

### P.    Post-Trial Retention of Exhibits

At the conclusion of the trial, each party must retain its exhibits throughout the appellate process. It is each party's responsibility to arrange with the Office of the Clerk of Court to file the record on appeal.

### Q.    Daily Transcripts and Real-Time Reporting

Any party who would like a daily transcript or real-time reporting must follow the procedures outlined on the Office of the Clerk of Court's website: https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.  Parties must submit requests for daily transcripts or real-time reporting no later than 14 calendar days before the first day of trial.  For any questions about transcripts, contact San Jose Court Reporter Supervisor Snooki Puli at (408) 535-5583 or Snooki_Puli@cand.uscourts.gov.

### R.    Interpreters

If any witness will require an interpreter at trial and there is no certified court interpreter available to translate in the appropriate language, counsel must notify Judge Wise's Courtroom Deputy at least 30 days before the commencement at trial at (408) 535-5332 or nwcrd@cand.uscourts.gov.

Dated:  September 2, 2025

_____
NOËL WISE
United States District Judge

9

# EXHIBIT A

| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |
| Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk | Case Number:<br><br>PLTF / DEFT EXHIBIT<br>NO._____<br><br>Date<br>Admitted:_____<br><br>By:_____<br><br>       Allie Warren, Deputy Clerk |