**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, individually and as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Case No.: 5:23-cv-05607-NW-SVK <br><br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT** <br><br> Date: April 22, 2026 <br> Time: 9:00 a.m. <br> Crtrm: 3 – 5th Floor <br> Judge: Hon. Nöel Wise |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 22, 2026, at 9:00 a.m. or as soon thereafter as this matter may be heard, in the Courtroom of the Honorable Nöel Wise, located at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, California 95113, Plaintiff Ana Maria Marcela Tavantzis, individually and as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019 will and hereby moves the Court to amend its judgment *nunc pro tunc* and award prejudgment interest on the jury's award of past damages. Plaintiff's Motion to Correct and Amend the Judgment is based upon this Notice and Plaintiff's Motion, all pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of the hearing.

## <u>CONCISE STATEMENT OF RELIEF SOUGHT</u>

Pursuant to the Court's inherent authority and Federal Rules of Civil Procedure 59(e) and 60(a), Plaintiff respectfully requests the Court correct and amend the December 22, 2026, Judgment. Dkt. 237. First, Plaintiff requests the Court correct the date of the Judgment *nunc pro tunc* to October 10, 2025, when judgment was ripe to be entered. Second, Plaintiff requests the Court amend the amount of the Judgment to reflect the prejudgment interest owed to Plaintiff.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

Dated: January 17, 2026                    Respectfully submitted,

                                           */s/ Darren P. Nicholson*
                                           Darren P. Nicholson (*pro hac vice*)
                                           dnicholson@burnscharest.com
                                           Hannah M. Crowe (*pro hac vice*)
                                           hcrowe@burnscharest.com
                                           Anna Katherine Benedict (*pro hac vice*)
                                           abenedict@burnscharest.com
                                           **BURNS CHAREST LLP**
                                           900 Jackson Street, Suite 500
                                           Dallas, TX 75202
                                           Telephone: (469) 904-4550

                                           Sanjiv N. Singh (State Bar No. 193525)
                                           ssingh@sanjivnsingh.com
                                           **SANJIV N. SINGH, APLC**
                                           1700 South El Camino Real, Suite 503
                                           San Mateo, CA 94402
                                           Telephone: (650) 389-2255

                                           *Attorneys for Plaintiff*

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................1

LEGAL STANDARD .........................................................................................1

ARGUMENT .......................................................................................................2

I.    The Date of the Judgment Should Be Corrected Nunc Pro Tunc to October 10, 2025. ........................................................................................2

II.   The Amount of the Judgment Should Be Amended to Reflect the Prejudgment Interest Owed to Plaintiff. .............................................5

    A.  An Award of Prejudgment Interest is Consistent with the Text and Purpose of the Montreal Convention. .........................................6

    B.  An Award of Prejudgment Interest is Wholly Warranted. ................7

    C.  The Court Should Award $207,485.89 in Prejudgment Interest. .....................9

      1.  Interest Calculation from November 8, 2021, to November 8, 2022. ........................................................................................9

      2.  Interest Calculation from November 8, 2022, to November 8, 2023. ......................................................................................10

      3.  Interest Calculation from November 8, 2023, to November 8, 2024. ......................................................................................10

      4.  Interest Calculation from November 8, 2024, to October 10, 2025. ......................................................................................10

    D. The Judgment Should Be Amended to Reflect a Total Award of $9,906,696.40. ..........................................................................10

III.  Post-Judgment Interest Starting October 10, 2025. ........................................11

CONCLUSION ..................................................................................................11

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

1

# TABLE OF AUTHORITIES

2

**Cases**

3
*Air Separation Inc. v. Underwriters at Lloyd's of London*,
4
   45 F.3d 288 (9th Cir. 1995)........................................................................5, 11
*Barnard v. Theobald*,
5
   721 F.3d 1069 (9th Cir. 2013).............................................................5, 6, 8, 11
6
*Bell v. Bell*,
   181 U.S. 175 (1901) ..............................................................................................3, 4
7
*Blankenship v. Liberty Life Assurance Co. of Boston*,
8
   486 F.3d 620 (9th Cir. 2007).......................................................................................9
9
*Cadlo v. Metalclad Insulation Corp.*,
   151 Cal. App. 4th 1311 (2007)...................................................................................4
10
*Carino v. Garland*,
11
   997 F.3d 1053 (9th Cir. 2021)....................................................................................3
12
*Harris v. Comm'r.*,
   340 U.S. 106 (1950) ....................................................................................1, 3, 4
13
*In re Air Crash at Lexington, Ky., Aug. 27, 2006*,
14
   2008 WL 1909007 (E.D. Ky. Apr. 25, 2008)........................................................6
*Kaiser Aluminum & Chemical Corp. v. Bonjorno*,
15
   494 U.S. 827 (1990) ..................................................................................................4
16
*Kaufmann v. Kijakazi*,
   32 F.4th 843 (9th Cir. 2022)......................................................................................2
17
*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*,
18
   725 F. Supp. 2d 916 (C.D. Cal. 2010).....................................................................11
19
*McDonald v. Maxwell*,
   274 U.S. 91 (1927) ...............................................................................................3, 4
20
*McDowell v. Calderon*,
21
   197 F.3d 1253 (9th Cir. 1999)....................................................................................2
22
*Miller v. Transamerican Press, Inc.*,
   709 F.2d 524 (9th Cir. 1983)......................................................................................2
23
*Minton v. Deloitte and Touche USA LLP Plan*,
   631 F. Supp. 2d 1213 (N.D. Cal. 2009).....................................................................9
24
*Mitchell v. Overman*,
25
   103 U.S. 62 (1880) ...............................................................................................1, 3, 4
26
*Mooney v. Roller Bearing Co. of Am. Inc.*,
   138 F.4th 1349 (9th Cir. 2025)...............................................................................5, 7
27
*Motorola, Inc. v. Fed. Exp. Corp.*,
28
   308 F.3d 995, 1006 (9th Cir. 2002).............................................................................6

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

*Murphy v. City of Elko*,
   976 F. Supp. 1359 (D. Nev. 1997) ..................................................................6, 8
*Narayanan v. British Airways*,
   747 F.3d 1125 (9th Cir. 2014).........................................................................6
*Nat'l Info. Servs., Inc. v. TRW, Inc.*,
   51 F.3d 1470 (9th Cir. 1995) .........................................................................11
*O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*,
   420 F. Supp. 2d 1070 (N.D. Cal. 2006).........................................................2
*Osterneck v. Ernst & Whinney*,
   489 U.S. 169 (1989) ......................................................................................2
*Phifer v. Icelandair*,
   652 F.3d 1222 (9th Cir. 2011).......................................................................6
*Quon Quon Poy v. Johnson*,
   273 U.S. 352 (1927) ..................................................................................3, 4
*Save Our Valley v. Sound Transit*,
   335 F.3d 932 (9th Cir. 2003) .........................................................................11
*Schneider v. Cnty. of San Diego*,
   285 F.3d 784 (9th Cir. 2002).....................................................................5, 7
*Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*,
   522 F.3d 776 (7th Cir. 2008).........................................................................7
*Stanley v. Univ. of Southern Cal.*,
   178 F.3d 1069 (9th Cir. 1999).......................................................................11
*Turner v. Burlington N. Santa Fe R.R. Co.*,
   338 F.3d 1058 (9th Cir. 2003).......................................................................2
*Turner v. Japan Lines, Ltd.*,
   702 F.2d 752 (9th Cir. 1983).........................................................................11
*Venable v. Meyers*,
   500 F.2d 1215 (9th Cir. 1974)...............................................................1, 3, 4
*Weil v. Markowitz*,
   829 F.2d 166 (D.C. Cir. 1987) ......................................................................2

**Statutes**
28 U.S.C. § 1920 ..............................................................................................5
28 U.S.C. § 1961 ..............................................................................................9
28 U.S.C. § 1961(b)..........................................................................................5

**Other Authorities**
IATA, *International Conference on Air Law, Montreal, 10 – 28 May 1999*,
   *Minutes*, 37 (1999) ......................................................................................7

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

*Table Data – Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis*, FED. RESERVE BANK OF ST. LOUIS, https://fred.stlouisfed.org/data/DGS1 .................................................................9

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## BACKGROUND

On September 17, 2025, a unanimous jury returned a verdict in favor of Plaintiffs Marcela Tavantzis and Jesus Placensia awarding them $9,629,829.55[1] in damages for the accident that occurred on American Airlines Flight 68 from Miami to Madrid on November 8, 2021. On September 19, 2025, Plaintiffs moved for entry of judgment and for prejudgment interest (Dkt. 209), which Defendant opposed (Dkt. 215), and which was fully submitted and ripe for decision on October 10, 2025. Dkt. 218.

On October 11, 2025, Plaintiff Jesus Plasencia tragically passed away. *See* Dkt. 222-1. As the sole beneficiary of Mr. Plasencia's estate, Plaintiff moved to substitute the Trustee as the proper party in place of Plaintiff Plasencia. Dkt. 221. Defendant advised it would oppose any substitution. Dkt. 223. At the request of the Court, Plaintiff withdrew without prejudice the pending motion for entry of judgment and for prejudgment interest (Dkt. 227) to allow the motion to substitute to be resolved and for the parties to mediate.

On December 18, 2025, the Court granted the motion to substitute the Trustee as the proper party in place of Plaintiff Plasencia (Dkt. 236), and on December 22, 2025, the Court *sua sponte* entered judgment for Plaintiff Tavantzis in the amount awarded by the jury, $9,629,829.55. Dkt. 237.

## LEGAL STANDARD

When a party dies after case submission but before the judgment, opinion, or decree issues, federal courts have the inherent authority to issue the judgment, opinion, or decree *nunc pro tunc* "as of the date all the issues were submitted to the district court." *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citing *Mitchell v. Overman*, 103 U.S. 62, 64–66 (1880); and *Harris v. Comm'r.*, 340 U.S. 106, 113 (1950)). The decision to amend the date "is predominately procedural, not substantive," and the Ninth Circuit

---

[1] The jury returned a combined verdict awarding $13,282,523.51 in favor of Plaintiffs but assigned to them 27.5% in partial responsibility. Dkt. 201. Accordingly, under Article 20 of the Montreal Convention, Defendant is entitled to a 27.5% reduction in the total award.

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

has "equated a request for an entry *nunc pro tunc* with a Rule 60(a) motion." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527–28 (9th Cir. 1983). "Entry *nunc pro tunc* thus must have a proper factual basis" and is ordinarily left to the discretion of the district court. *Weil v. Markowitz*, 829 F.2d 166, 175 (D.C. Cir. 1987).

A motion to amend a judgment to specify the appropriate amount of prejudgment interest emanates from Rule 59(e). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (concluding that a "postjudgment motion for discretionary prejudgment interest is a Rule 59(e) motion"); *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 420 F. Supp. 2d 1070, 1076 (N.D. Cal. 2006) (recognizing that district courts in the Ninth Circuit "have amended judgments to specify the amount of prejudgment interest pursuant to Rule 59(e)"). "There are four grounds upon which a Rule 59(e) motion may be granted:" (1) "the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) "the moving party presents newly discovered or previously unavailable evidence;" (3) the motion is necessary to prevent manifest injustice;" or (4) "there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks and emphasis omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)). As with motions to correct a judgment under Rule 60, "[d]istrict courts have 'considerable discretion' in deciding Rule 59(e) motions" to alter the amount the award to reflect prejudgment interest owed. *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (quoting *Turner*, 338 F.3d at 1063).

## ARGUMENT

## I.  The Date of the Judgment Should Be Corrected Nunc Pro Tunc to October 10, 2025.

The date of the judgment should be corrected *nunc pro tunc* to October 10, 2025, because that is the date Plaintiff's Motion for Entry of Judgment was fully submitted to the Court (Dkt. 218), which was before Mr. Plasencia's untimely passing on October 11, 2025. Dkt. 222-1. Federal jurisprudence has long held that in precisely these

circumstances—where a party dies after submission but before the entry of judgment—a district court may enter judgment "as of the date all the issues were submitted to the district court." *Venable*, 500 F.2d at 1216; *Carino v. Garland*, 997 F.3d 1053, 1058 (9th Cir. 2021) (recognizing district court's long-held "inherent power" to enter judgment *nunc pro tunc* "where necessary to correct a clear mistake and prevent injustice"). The Supreme Court first explained the rationale for the rule in *Mitchell:*

> (T)he rule established by the general concurrence of the American and English courts is, that where the delay in rendering a judgment or a decree arises from the act of the court, that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of any other cause not attributable to the laches of the parties, **the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up**. In such cases, upon the maxim *actus curiae neminem gravabit*,—which has been well said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice,—**it is the duty of the court to see that the parties shall not suffer by the delay**. A *nunc pro tunc* order should be granted or refused, as justice may require in view of the circumstances of the particular case.

103 U.S. at 64–65 (emphasis added); *see also Harris*, 340 U.S. at 113; *McDonald v. Maxwell*, 274 U.S. 91, 99 (1927); *Quon Quon Poy v. Johnson*, 273 U.S. 352, 359 (1927); *Bell v. Bell*, 181 U.S. 175, 179 (1901).

The undisputed facts and circumstances of this case fall squarely within the rule articulated in *Mitchell* and its progeny. The jury returned a unanimous verdict in favor of Plaintiffs Tavantzis and Plasencia on September 17, 2025. Dkt. 201. Plaintiffs promptly moved for entry of judgment and for prejudgment interest on September 19, 2025 (Dkt. 209), and the motion was fully submitted and ripe for decision on October 10, 2025 (Dkt. 218). Only after this final submission, on October 11, 2025, did Mr. Plasencia pass away Dkt. 222-1. Accordingly, to prevent a manifest injustice, the date of the judgment should

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

be corrected retrospectively "as of the date all the issues were submitted to the district court," which was October 10, 2025. *Venable*, 500 F.2d at 1216; *Mitchell*, 103 U.S. at 64–65; *Harris*, 340 U.S. at 113; *McDonald*, 274 U.S. at 99; *Quon Quon Poy*, 273 U.S. at 359; *Bell*, 181 U.S. at 179. And although federal law controls here, it bears repeating that even if state law applied (it does not), California law follows this equitable rule and likewise permits entry of judgment *nunc pro tunc* to a date preceding the death of a party. *See Cadlo v. Metalclad Insulation Corp.*, 151 Cal. App. 4th 1311, 1323 (2007)).

A manifest injustice would result should the Court not correct the date of the judgment from December 22 to October 10. First, American Airlines argues that Mr. Plasencia's death before the entry of judgment "extinguishes" his claims under both federal common law and California state law, preventing an entry of judgment. Dkt. 233 at 13–16. And American Airlines readily concedes this argument is based entirely on the date of the judgment and nothing else: "<u>If a final judgment had been entered prior to Plaintiff's death, American Airlines would not be making the arguments it asserts herein</u>." *Id.* at 14 (emphasis added). While these arguments are baseless and the Court has already noted American's failure to cite "a single case" to support its position (Dkt. 236 at 2), American has nevertheless advanced them and likely intends to advance them on appeal. Leaving the judgment dated December 22—three months after the jury's verdict and two-and-a-half months Plaintiff's motion for entry of judgment was submitted—serves no legitimate purpose and causes Plaintiff to "suffer by the delay" she did not cause. *See Mitchell*, 103 U.S. at 65.

Second, the manifest injustice and injury to Plaintiff is not hypothetical. By statute, Plaintiff is entitled to post-judgment interest on her award, which accrues "from the date of the entry of the judgment." 28 U.S.C. § 1961(a). The purpose of post-judgment interest is to "compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

Accordingly, post-judgment interest is "computed daily" and "compounded annually." 28 U.S.C. § 1961(b). At an interest rate of 3.64% per annum (*see* Section III *infra*), Plaintiff has a statutory right to $960.34 of interest per day on the jury's verdict of $9,629,829.55.[2] Thus, a 73-day delay in entry of judgment (from October 10 to December 22) amounts to a loss of $70,105.16 in statutory post-judgment interest on the verdict alone. Correcting the date of the judgment *nunc pro tunc* to October 10, 2025, puts Plaintiff in the position she would have been had judgment been entered upon final submission of the relevant pleadings and prevents American from benefitting from delay. For these reasons, pursuant to Rule 60(a) and this Court's inherent authority, the date of the Judgment (Dkt. 237) should be corrected *nunc pro tunc* to October 10, 2025.

## II. The Amount of the Judgment Should Be Amended to Reflect the Prejudgment Interest Owed to Plaintiff.

In addition to correcting the date of the judgment, the Court should also amend the amount of the judgment to reflect the prejudgment interest owed to Plaintiff. The "ultimate decision whether to award prejudgment interest lies 'within the court's sound discretion, to be answered by balancing the equities.'" *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (quoting *Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 289–90 (9th Cir. 1995)). Prejudgment interest "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002); *see also Mooney v. Roller Bearing Co. of Am. Inc.*, 138 F.4th 1349, 1352 (9th Cir. 2025) ("Prejudgment interest is designed to provide fair compensation to a prevailing party."). "Non-economic damages awarded for a plaintiff's pain and suffering are 'just as much an actual loss (for which prejudgment interest is in order)' as purely

---

[2] As set forth below, Plaintiff is also entitled to interest on any additional monies awarded, such as prejudgment interest and taxable costs under 28 U.S.C. § 1920.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

economic damages." *Barnard*, 721 F.3d at 1078 (cleaned up) (quoting *Murphy v. City of Elko*, 976 F. Supp. 1359, 1364 (D. Nev. 1997)). Accordingly, Plaintiff is entitled to an award of prejudgment interest on any monies awarded under the Montreal Convention and federal common law, subject to the sound discretion of the district court. *See Barnard*, 721 F.3d at 1078.

> **A.      An Award of Prejudgment Interest is Consistent with the Text and Purpose of the Montreal Convention.**

The Montreal Convention allows for an award of prejudgment interest under the Court's own laws. Article 22 of the Montreal Convention provides that, for plaintiffs bringing successful claims under Article 21, the awarding court shall "in accordance with its own law" award and assess "the court costs and . . . other expenses of the litigation incurred by the plaintiff, <u>including interest</u>." Montreal Convention art. 22(6) (emphasis added); *see also In re Air Crash at Lexington, Ky., Aug. 27, 2006*, 2008 WL 1909007, at *4 (E.D. Ky. Apr. 25, 2008) (assessing prejudgment interest was allowable under the Montreal Convention and relying on the Ninth Circuit's decision in *Motorola*); *Motorola, Inc. v. Fed. Ex. Corp.*, 308 F.3d 995, 1006, 1008 (9th Cir. 2002) (awarding prejudgment interest under the Warsaw Convention because of the need for speedy resolution of claims and finding that "[s]uch interest is consistent with the purposes of the Convention").

In opposition to Plaintiffs' original Motion for Entry of Judgment, American claimed that other circuits' cases disallowing prejudgment interest under the Warsaw Convention governed the application of the Montreal Convention. But courts only look to interpretations of the Warsaw Convention "where the equivalent provision in the Montreal Convention is substantively the same." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 n.2 (9th Cir. 2014) (citing *Phifer v. Icelandair*, 652 F.3d 1222, 1224 n.1 (9th Cir. 2011)). Critically, Article 22(6) is unique to the Montreal Convention, and the Warsaw Convention has no equivalent. Further, Article 22(6) appears to have passed without debate in the Minutes of the Montreal Convention. *See generally* IATA,

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

*International Conference on Air Law, Montreal, 10 – 28 May 1999, Minutes*, 37 (1999).[3] The text of Article 22(6), unique to the Montreal Convention, allows for a passenger to recover fees, costs, <u>and interest</u>, which is consistent with the Montreal Convention delegates' "[i]ncreased sensitivity towards the legitimate interests of the air transport user" and "common desire to advance the rights of passengers." *Id.* at 37, 44.

The Montreal Convention's goal of increasing the rights and recourses for passengers contrasts with the Warsaw Convention's goal of fixed liability limits and limited options for passengers. *See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 789 (7th Cir. 2008) (opining that "making aggrieved airline customers whole" was not a primary purpose of the Warsaw Convention). In the preamble to the Montreal Convention, the states parties recognized "the importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution[.]" Preamble to the Montreal Convention. Article 22(6)'s allowance for an award of prejudgment interest and costs "in accordance with [the awarding court's] own law" aligns with the Montreal Convention's purpose to ensure "equitable compensation based on the principle of restitution." *Id.*

**B.    An Award of Prejudgment Interest is Wholly Warranted.**

An award of prejudgment interest on all past damages awarded by the jury is warranted and aligns with the goals of both the Montreal Convention and federal jurisprudence. Prejudgment interest "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Schneider*, 285 F.3d at 789; *see also Mooney v. Roller Bearing Co. of Am. Inc.*, 138 F.4th 1349, 1352 (9th Cir. 2025) ("Prejudgment interest is designed to provide fair compensation to a prevailing party."). "Non-economic damages awarded for a plaintiff's

---

[3]https://www.iata.org/contentassets/fb1137ff561a4819a2d38f3db7308758/mc99-full-text.pdf.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

pain and suffering are 'just as much an actual loss (for which prejudgment interest is in order)' as purely economic damages." *Barnard*, 721 F.3d at 1078 (cleaned up) (quoting *Murphy v. City of Elko*, 976 F. Supp. 1359, 1364 (D. Nev. 1997)).

At a minimum, the prejudgment interest award should be for the full amount of past economic and non-economic damages awarded by the jury. It has now been over four years since the time that Plaintiff's claims accrued on November 8, 2021. In those four years, Plaintiffs Tavantzis and Plasencia faced not only enormous medical expenses but immense pain, suffering, and loss of consortium on the part of Plaintiff Tavantzis. Recognizing these monumental financial expenses and physical and emotional harms suffered by Plaintiffs, the jury awarded Plaintiffs $699,861.51 in medical expenses and $1,200,000 for pain, suffering, and loss of consortium. In exercising its discretion to award prejudgment interest and balancing the equities, the Court should be mindful of the fact that this four-year delay was caused by American Airlines' own conduct. On August 4, 2022, less than a year after Flight 68, Plaintiffs first notified American of their immediate and significant economic burden in providing around-the-clock care for Plaintiff Plasencia. Singh Decl. at 2–3. Under the false pretense of "settlement talks," American made repeated requests for detailed financial information, which Plaintiff provided on two separate occasions over the course of the next year. *Id.* at 2. Only after filing suit in 2023 did Plaintiffs learn that these requests were simply a ruse to delay the filing (and ultimate resolution) of Plaintiffs' case; American never reviewed the extensive materials it demanded from Plaintiffs until after Plaintiffs filed suit. *Id.* at 3; *see also* Shaffer Dep. at 10:17–11:11 (Apr. 2, 2024), Dkt. 58-3, Ex. 1 (American's Senior Claims Analyst Debra Shaffer confirming that she first reviewed Plaintiff's documentation in January 2024). Whatever the reason for American's requests for financial information, they caused a one-year delay in suit being filed. Singh Decl. at 3. Given the immense economic and non-economic damages Plaintiffs Tavantzis and Plasencia suffered during this time, awarding prejudgment interest on the past economic and non-economic

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

1    amounts awarded by the jury would serve to make Plaintiff whole.

2        **C.    The Court Should Award $207,485.89 in Prejudgment Interest.**

3        Ordinarily, prejudgment interest is calculated in the same manner as post-judgment

4    interest under 28 U.S.C. § 1961. *See Minton v. Deloitte and Touche USA LLP Plan*, 631

5    F. Supp. 2d 1213, 1220 (N.D. Cal. 2009) (recognizing that "the interest rate prescribed

6    for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of

7    pre-judgment interest" (quoting *Blankenship v. Liberty Life Assurance Co. of Boston*, 486

8    F.3d 620, 628 (9th Cir. 2007)). Under 28 U.S.C. § 1961, interest is calculated "at a rate

9    equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar

10   week preceding the date of the judgment" and shall be "computed daily to the date of

11   payment" and "shall be compounded annually." *Id.* § 1961(a)–(b).

12       Here, the jury awarded past damages of $1,899,861.51 in the following categories:

13   (1) $699,861.51 for past medical expenses; (2) $800,000 for the past mental anguish,

14   suffering, and emotional distress suffered by Plaintiff Plasencia; and (3) $400,000 for the

15   past loss of consortium suffered by Plaintiff Tavantzis. Dkt. 201. The jury also assigned

16   27.5% in comparative responsibility to Plaintiffs. *Id.* Because the October 3, 2025,

17   weekly average 1-year constant maturity Treasury yield was 3.64%,[4] Plaintiff should be

18   entitled to prejudgment interest on these past damages as follows:

19           **1.    Interest Calculation from November 8, 2021, to November 8,**

20               **2022.**

21       On November 8, 2021, with a principal of $1,899,861.51 at an interest rate of

22   3.64% per annum, $69,154.96 in interest accrues for 365 days resulting in a new principal

23   balance of $1,969,016.47 on November 8, 2022.

24   —————————————

25   [4] *Table Data – Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity,*
     *Quoted on an Investment Basis*, FED. RESERVE BANK OF ST. LOUIS,

26   https://fred.stlouisfed.org/data/DGS1. Were the Court to deny Plaintiffs request to amend

27   the dates of the judgment *nunc pro tunc*, the applicable interest rate for the December 22,
     2025 Judgment as entered is 3.51%. *Id.*

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK

**2.    Interest Calculation from November 8, 2022, to November 8, 2023.**

On November 8, 2022, with a principal of $1,969,016.47 at an interest rate of 3.64% per annum, $71,672.20 interest accrues for 365 days resulting in a new principal balance of $2,040,688.67 on November 8, 2023.

**3.    Interest Calculation from November 8, 2023, to November 8, 2024.**

On November 8, 2023, with a principal of $2,040,688.67 at an interest rate of 3.64% per annum, $74,281.07 interest accrues for 365 days resulting in a new principal balance of $2,114,969.74 on November 8, 2024.

**4.    Interest Calculation from November 8, 2024, to October 10, 2025.**

On November 8, 2024, with a principal of $2,114,969.74 at an interest rate of 3.64% per annum, $76,984.90 interest accrues for 336 days resulting in a new principal balance of $2,186,048.94 on October 10, 2025.

**D.    The Judgment Should Be Amended to Reflect a Total Award of $9,906,696.40.**

As set forth above, the total interest accrued from November 8, 2021, until October 10, 2025, on the $1,899,861.51 in past damages awarded to Plaintiff is $286,187.43. With the 27.5% reduction required by the verdict (Dkt. 201 at 2), this amounts to $207,485.89 in prejudgment interest owed on the past damages awarded by the jury.

Accordingly, pursuant to Rule 59(e), Plaintiff requests the amount of the $9,629,829.55 Judgment (Dkt. 237) be modified to include the accrued interest of $207,485.89 on past damages and the $69,380.96 in taxable costs set forth Plaintiff's pending Bill of Costs (Dkt. 238),[5] which equals **$9,906,696.40.**

---

[5] Pursuant to Local Rule 54-1, Plaintiff filed her bill of costs on January 5, 2026. Dkt. 238. Under Federal Rule of Procedure 54(d), Plaintiff is entitled to an award of costs as the prevailing party. "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley*

### III.    Post-Judgment Interest Starting October 10, 2025.

Plaintiff is also entitled to a mandatory assessment of post-judgment interest in accordance with 28 U.S.C. § 1961. *Barnard*, 721 F.3d at 1078; *see also Air Separation, Inc.*, 45 F.3d at 290 ("'The purpose of awarding interest to a party recovering a money judgment is to compensate the wronged person for being deprived of the monetary value of the loss.'" (cleaned up) (quoting *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 756 (9th Cir. 1983))). Post-judgment interest applies to the entire judgment, including principal, prejudgment interest, and costs. *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 924 (C.D. Cal. 2010).

Because the imposition of post-judgment interest is mandatory and operates by force of law, a district court need not specify an award of post-judgment interest when issuing a judgment. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995). Nevertheless, in light of this motion and out of an abundance of caution, Plaintiff respectfully requests the Court's corrected and amended judgment specify the award of post-judgment interest pursuant to 28 U.S.C. § 1961 at a rate of 3.64% per annum.

### CONCLUSION

For the reasons set forth above and for any that may appear to the Court, Plaintiff respectfully requests the Court correct the date of the judgment *nunc pro tunc* to October 10, 2025 and amend the amount owed to Plaintiff to appropriately reflect an award of prejudgment interest in accordance with the text and purpose of the Montreal Convention. Doing so would prevent a manifest injustice and ensure just compensation for Plaintiff.

---

*v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003) (citing *Stanley v. Univ. of Southern Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471–72 (9th Cir. 1995)).

Dated: January 16, 2026                    Respectfully submitted,

*/s/ Darren P. Nicholson*
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
**SANJIV N. SINGH, APLC**
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

*Attorneys for Plaintiff*

---

12

## **CERFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

David J. Harrington (*pro hac vice*)
Email: dharrington@condonlaw.com
William deWolff (*pro hac vice*)
Email: wdewolff@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

*/s/ Darren P. Nicholson*
Darren P. Nicholson

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CORRECT AND AMEND
THE JUDGMENT
CASE NO.: 5:23-cv-05607-NW-SVK