**SANJIV N. SINGH, APLC**
Sanjiv N. Singh (State Bar No. 193525)
ssingh@sanjivnsingh.com
1700 South El Camino Real, Suite 503
San Mateo, CA 94402
Telephone: (650) 389-2255

**BURNS CHAREST LLP**
Darren P. Nicholson (*pro hac vice*)
dnicholson@burnscharest.com
Hannah M. Crowe (*pro hac vice*)
hcrowe@burnscharest.com
Anna Katherine Benedict (*pro hac vice*)
abenedict@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, individually and as Trustee of the Plasencia Tavantzis Trust Dated November 19, 2019,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.: 5:23-cv-05607-NW-SVK<br><br>**DECLARATION OF SANJIV N. SINGH IN SUPPORT OF PLAINTIFF'S MOTION TO CORRECT AND AMEND THE JUDGMENT** |

1. I am counsel of record for Plaintiff Marcela Tavantzis. I make this declaration in support of Plaintiff's Motion to Correct and Amend the Judgment.

2. On March 6, 2022, I provided Defendant American Airlines, Inc. ("American") with written notice of Plaintiffs' claims for bodily injury, along with a draft complaint and request for early mediation based on Plaintiffs' unique circumstances and enormous financial burdens they faced in providing for Plaintiff Plasencia's necessary medical care.

3. On or about March 11, 2022, Mr. Kelly Kolb of Buchanan Ingersoll & Rooney PC contacted me on behalf of American, stating: "AA has asked us to look into the circumstances of this claim. If you will give me a week or two to run the traps on my end, I should know enough to have an intelligent conversation."

4. On August 4, 2022, at American's request, I provided documentation of Plaintiffs' injuries and medical records.

5. On September 5, 2022, again at American's request, I provided information regarding Plaintiffs' cost of care for Plaintiff Plasencia.

6. On December 18, 2022, I provided additional, extensive documentation regarding Plaintiffs' caregiving costs and medical expenses.

7. Through numerous conversations, emails, and exchanges during the pre-suit period, American's representatives repeatedly indicated their interest in resolving this matter and made numerous requests for additional documentation and information, ostensibly to facilitate early settlement discussions.

8. By early 2023, after much delay, American's counsel indicated they were consulting with medical experts and counsel in Madrid to obtain flight records and medical documentation from Spain, representing that this information would facilitate their assessment of the claim for settlement. I cooperated fully with these requests, believing they were made in good faith. I would never have made such records available pre-trial for any other reason.

9. Indeed, between May 2022 and May 2023, American's counsel engaged in multiple communications with me regarding settlement potential, including detailed discussions about the medical standard of care for transient ischemic attack (TIA) patients. In good faith, I provided medical causation analysis, medical literature, and even offered to dialogue directly with their "experts."

10. Throughout this entire period, American repeatedly requested detailed financial information about Plaintiffs' ongoing care costs and economic damages, including monthly categorized expense reports and bank statements. These requests were presented as necessary for American's internal assessment of settlement value, and I provided this confidential financial information believing it would facilitate meaningful settlement discussions.

11. American's conduct throughout the pre-suit period—particularly making repeated requests for information ostensibly to facilitate settlement while never actually reviewing the provided materials—constitutes bad faith claims handling that unnecessarily prolonged Plaintiffs' financial hardship and delayed their access to justice.

12. American's Senior Claims Analyst Debra Shaffer testified in her deposition that American never reviewed the information provided by Plaintiffs until January 2024—three months after Plaintiffs filed suit and almost two years after Plaintiffs first provided American documentation of Plaintiffs' injuries, medical records, and medical and caregiving expenses (all at American's request).

13. If I had known that American had not reviewed the extensive information I provided on behalf of Plaintiffs and did not intend to review it, I would have initiated the lawsuit against American rather than continue to provide even more documentation and information. These requests manifested in over a year-long delay from August 4, 2022, when I first provided American with documentation of Plaintiffs' economic burdens, to October 31, 2023, when Plaintiffs filed suit.

1  I declare under penalty of perjury that the foregoing statements are true.

3  Dated: January 16, 2026         */s/ Sanjiv N. Singh*
4                                                   Sanjiv N. Singh

**CERFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 1050
Los Angeles, California 90067-6036
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

David J. Harrington (*pro hac vice*)
Email: dharrington@condonlaw.com
William deWolff (*pro hac vice*)
Email: wdewolff@condonlaw.com
CONDON & FORSYTH LLP
7 Times Square, 18th Floor
New York, New York 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Defendant
AMERICAN AIRLINES, INC.

/s/ *Darren P. Nicholson*
Darren P. Nicholson