UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA MARCELA TAVANTZIS, as an individual, and as Legal Guardian of JESUS PLASENCIA, an incapacitated person,<br><br>Plaintiff,<br><br>vs<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 5:23-cv-05607-NW-SVK<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO CORRECT AND AMEND THE JUDGMENT [ECF NO. 241]** |

Plaintiff Marcela Tavantzis ("Plaintiff") has filed a Motion to Amend and Correct the Judgment in this matter. By way of her Motion, Plaintiff seeks to amend the Judgment in this matter, entered December 22, 2025, *nunc pro tunc*, to October 10, 2025. Plaintiff also seeks an award of prejudgment interest on all past economic and non-economic damages awarded by the jury in this personal injury action.

On September 17, 2025, the jury reached a verdict totaling $9,629,829.55, after a 27.5% reduction for the negligence of Plaintiff and Mr. Plasencia. *See* Trial Transcript, Vol. 7, September 17, 2025, p. 1476.

On September 17, 2025, at the close of trial, the Court asked Plaintiff to submit a proposed judgment, and asked how long it would take for Plaintiff to prepare the judgment.

1  Plaintiff stated that a proposed judgment would be filed the following day. The Court
2  specifically ordered Plaintiff to file a "relatively straightforward" judgment that was "consistent
3  with the number that has been stipulated here in court." *Id.* at 1476-1477.

4  Two days later, on September 19, 2025, instead of submitting a proposed judgment that
5  was consistent with the jury verdict, Plaintiff filed a Motion for Entry of Final Judgment,
6  including a request for prejudgment interest on the entire amount of the jury verdict totaling
7  $1,432,272.22. ECF No. 209. This is the first time Plaintiff asserted a claim for prejudgment
8  interest in this action. Plaintiff sought prejudgment interest on the entire personal injury damage
9  award, both economic and non-economic, past and future. *Id.* at ¶ 29; ECF No. 209.

10  On October 3, 2025, American Airlines submitted its Opposition to Plaintiff's Motion for
11  Entry of Final Judgment. ECF No. 215.

12  On October 9, 2025, the Court set Plaintiff's Motion for Entry of Judgment for hearing
13  on November 19, 2025, at 9:00 a.m. ECF No. 217.

14  On October 10, 2025, Plaintiff submitted her Reply in support of Plaintiff's Motion for
15  Entry of Judgment. ECF No. 218.

16  On October 11, 2025, according to his official death certificate, Mr. Plasencia died of
17  cardiac arrest, myocardial infarction, and atherosclerotic coronary disease. ECF No. 222-1
18  (Death Certificate). Mr. Plasencia died just two days after the Court set the Motion for Entry of
19  Final Judgment, a contested motion, for oral argument.

20  On November 17, 2025, five weeks after Mr. Plasencia's death, and two days before the
21  Motion for Entry of Final Judgment was scheduled to be heard, with counsel for all parties
22  scheduled to travel from around the country to attend in-person, Plaintiff alerted the Court of
23  Plaintiff's death and filed a Notice of Death and Motion to Substitute. ECF No. 221.

24  On December 1, 2025, Plaintiff filed an Amended Motion to Substitute, having
25  withdrawn her original Motion to Substitute. ECF Nos. 231, 232.

26  On December 22, 2025, the Court granted Plaintiff's Amended Motion to Substitute, and
27  entered judgment in the amount of the jury verdict. The Court's judgment was not entered *nunc*
28  *pro tunc*, although Plaintiff requested the Court to do so in her briefing on the Amended Motion

to Substitute.  ECF 234, 10:7-14; ECF No. 237.

A *nunc pro tunc* order involves the entry of "a judgment or a decree as of a date anterior to that on which it was in fact rendered." *Mitchell v. Overman*, 103 U.S. 62, 64-65 (1880).  In *Mitchell*, the Supreme Court held that *nunc pro tunc* relief may be used to remedy delays resulting from the judicial process that are not attributable to the delay of the parties.  *Id.*  The Ninth Circuit has held that the power "to amend *nunc pro tunc* is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice." *United States v. Sumner*, 226 F.3d 1005, 1009–10 (9th Cir. 2000), *citing Martin v. Henley*, 452 F.2d 295, 299 (9th Cir.1971). "It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose." *Id.*, *citing Kusay v. United States*, 62 F.3d 192, 193 (7th Cir.1995).  As Plaintiff has articulated no delay on the part of the Court that would warrant the amendment of the judgment *nunc pro tunc*, Plaintiff's request for entry of judgment *nunc pro tunc* to October 10, 2025, the day before the death of Jesus Plasencia, is denied.

Plaintiffs' request for prejudgment interest is also denied.

**IT IS SO ORDERED.**

DATED: _____    _____
                            Honorable Noël Wise
                            United States District Court Judge