# PLAINTIFFS'
# MOTION TO CORRECT AND AMEND THE JUDGMENT

*ANA MARIA MARCELA TAVANTZIS et al. v. AMERICAN AIRLINES, INC.*

CASE NO.: 5:23-cv-05607-NW-SVK

April 22, 2026

## TWO REQUESTS

Correct date of Judgment *nunc pro tunc*

October 10, 2025

Award Pre-Judgment Interest on Past Damages

## NUNC PRO TUNC

- Part of the inherent power of a federal court to make, amend, enter, and alter judgments.

- When a party dies after case submission but before the judgment, opinion, or decree issues, federal courts have the inherent authority to issue the judgment, opinion, or decree *nunc pro tunc* "as of the date all the issues were submitted to the district court." ***Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citing *Mitchell v. Overman*, 103 U.S. 62, 64–66 (1880); and *Harris v. Comm'r.*, 340 U.S. 106, 113 (1950)).**

- This is the paradigm case for amending the date of the judgment to close of briefing on October 10, 2025.

# PREJUDGMENT INTEREST

- For these reasons, Motorola shall receive prejudgment interest running from the date of the cargo loss to the date of the entry of this judgment. The rate of prejudgment interest is set by the 52–week U.S. Treasury Bill rate prevailing on the day of the cargo loss  and is compounded annually. *See Western Pacific Fisheries Inc. v. SS PRESIDENT GRANT*, 730 F.2d 1280, 1288–89 (9th Cir. 1985); 28 U.S.C. 1961(b). ***Motorola, Inc. v. Fed. Exp. Corp., No. C 99 03659 WHA, 2000 WL 1677963, at \*1–2 (N.D. Cal. Nov. 3, 2000), aff'd, 308 F.3d 995 (9th Cir. 2002).***

- Prejudgment interest is widely recognized by federal courts as a means to restore to a plaintiff the actual value of damages where there has been a delay between the time of injury and the date of judgment.  ***Motorola, Inc. v. Fed. Exp. Corp., 308 F.3d 995, 1005, FN 9 (9th Cir. 2002) (affirming prejudgment interest under Warsaw Convention).***

# PREJUDGMENT INTEREST

- **Generally available for all past damages, liquidated and unliquidated.**

- *Herrera v. City of Ontario*, **2017 WL 11628154, at \*3 (C.D. Cal. June 28, 2017):** awarding prejudgment interest on past damages awarded for NIED and wrongful death claims

- *Miller v. Schmitz*, **2014 WL 68883, at \*2 (E.D. Cal. Jan. 8, 2014):** awarding prejudgment interest on 1983 jury verdict (minus legal expenses and a previously agreed-to offset)

- *Stein v. Depke*, **2025 WL 2062696, at \*11 (D. Ariz. July 23, 2025):** awarding prejudgment interest in 1983 case; "Prejudgment interest is available for unliquidated, noneconomic damages (e.g., pain and suffering) as much as for 'purely economic' damages." (quoting *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013)).

- *White v. Oxarc, Inc.*, **2022 WL 17668781, at \*20 (D. Idaho Dec. 13, 2022):** court awarded prejudgment interest on non-economic damages award from date of verdict through date of entry of the final appealable judgment

# PREJUDGMENT INTEREST CALCULATION

| Damages Type | Award | Accrued Interest | Comparative Fault Adjustment (72.5%) on Accrued Interest |
|---|---|---|---|
| Past Medical Expenses | $699,861.51 | $105,424.30 | $76,432.62 |
| Past Mental Anguish | $800,000.00 | $120,508.76 | $87,368.85 |
| Loss of Consortium | $400,000.00 | $60,254.38 | $43,684.42 |
| **TOTAL** | **$1,899,861.51** | **$286,187.43** | **$207,485.89** |

| Damages Type | Award | Comparative Fault Adjustment (72.5%) on Award | Accrued Interest |
|---|---|---|---|
| Past Medical Expenses | $699,861.51 | $507,399.59 | $76,432.62 |
| Past Mental Anguish | $800,000.00 | $580,000.00 | $87,368.85 |
| Loss of Consortium | $400,000.00 | $290,000.00 | $43,684.42 |
| **TOTAL** | **$1,899,861.51** | **$1,377,399.59** | **$207,485.89** |